UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE MIDLAND NATIONAL LIFE ) | No. MDL 07-1825 CAS (MANx) |
| INSURANCE CO. ANNUITY SALES ) | |
| PRACTICES LITIGATION ) | |
| ) | |
| _____ ) | |
| ) | |
| THIS DOCUMENT RELATED TO: ) | |
| ) | |
| ALL ACTIONS ) | |

TRANSCRIPT OF PROCEEDINGS

THE HONORABLE CHRISTINA A. SNYDER

U.S. DISTRICT JUDGE PRESIDING

LOS ANGELES, CALIFORNIA

OCTOBER 17, 2008

TELEPHONIC STATUS CONFERENCE

BRIDGET R. MONTERO CSR 10020, CRR
United States Courthouse
312 North Spring Street, Room 435
Los Angeles, California 90012
(213)894-0134
bridgetmontero@yahoo.com
Internal File No. 08098

```
 1   APPEARANCES OF COUNSEL: (All counsel appearing
 2   telephonically.)
 3
 4   For the Plaintiffs:
 5
 6   Coughlin Stoia Geller Rudman & Robbins LLP
     BY:  JOHN J. STOIA, JR.
 7   655 West Broadway, Suite 1900
     San Diego, CA 92101
 8
 9   Bonnett Fairbourn Friedman & Balint
     BY:  ANDREW S. FRIEDMAN
10   BY:  KIMBERLY C. PAGE
     Phoenix, AZ 85012
11
12   For the Defendants:
13
14   Reed Smith LLP
     BY:  ROBERT D. PHILLIPS, JR.
15   355 South Grand Avenue, Suite 2900
     Los Angeles, CA 90071
16
17   Reed Smith LLP
     BY:  WILLIAM H. HIGGINS
18   BY:  TERENCE N. HAWLEY
     BY:  LINDA B. OLIVER
19   1999 Harrison Street, Suite 2400
     Oakland, CA 94612
20
21                          - - - - -
22
23
24
25
```

```
 1                FRIDAY, OCTOBER 17, 2008; 1:35 P.M.
 2                          - - - - -
 3
 4            THE CLERK:  Counsel, calling Calendar Item 2, MDL
 5   07-1825, Midland National Life Insurance Company Annuity
 6   Sales Practices Litigation, and Calendar Item No. 3, Case
 7   No. CV 05-6837, Vida F. Negrete; et cetera v. Fidelity and
 8   Guaranty Life Insurance Company.
 9            Counsel, please state your appearances.
10            MR. STOIA:  Good morning, Your Honor -- or, I
11   guess, good afternoon, Your Honor.  John Stoia, counsel on
12   behalf of plaintiffs.
13            MR. FRIEDMAN:  Hi, Your Honor.  Andy Friedman on
14   behalf of plaintiffs, as well.
15            MS. PAGE:  Kimberly Page on behalf of plaintiffs.
16            MR. PHILLIPS:  Good afternoon.  Bo Phillips on
17   behalf of the defendants.
18            THE COURT:  Good afternoon, everybody.
19            Okay.  I've read the joint status reports
20   submitted by both sides, and to be completely honest, I'm
21   not fully sure that I understand the position of either side
22   or the goal of either side other than the fact that I do
23   understand that the defendants do not feel there's a need
24   for a hearing on November 13.
25            So I guess let me begin with you, Mr. Stoia and
```

```
 1  Mr. Friedman, are you proposing that in addressing these
 2  areas, the Court can first conclude the open issues on the
 3  summary judgment motion that still remain?
 4          MR. STOIA:  Your Honor, John Stoia on behalf of
 5  the plaintiffs.
 6          Yes, I'm proposing -- after our last hearing with
 7  the Court, you asked that we meet and confer with the
 8  defendants on what open issues we wanted to address, and so
 9  we identified in our conference statement those four issues
10  that we believe could be addressed at the next hearing
11  including dealing with Dr. Bodie's report, which would maybe
12  put off ever having to deal with Dr. Bodie's Report at some
13  future time.  Defendants, on the other hand, wanted to put
14  Dr. Bodie's report first and foremost, put off the
15  November 13th hearing, and then, as we put in our papers,
16  sequence a number of other hearings.
17          MR. PHILLIPS:  Let me clarify, John, because
18  apparently Judge Snyder is confused on this as well.  We did
19  not propose to put off the November 13th hearing, so I just
20  want to make that clear.
21          THE COURT:  Okay.  Well, that then simplifies a
22  few things.
23          What do you anticipate we would do at the
24  November 13 hearing, Mr. Phillips?
25          MR. PHILLIPS:  Well, it depends on how the Court
```

```
 1   rules on our desire to go ahead and move the Bodie report
 2   into evidence.  If -- it's our preference to have a sequence
 3   where the Court first decides how it's going to handle the
 4   Bodie report, either admit it in its current form, admit it
 5   in some supplemented form, or rule on the plaintiffs'
 6   objections.
 7             After that has been done, we think that we can go
 8   forward with the question of whether any of Mr. McCann's
 9   evidence should be admitted in the summary judgment
10   proceedings, and then after that we ought to have rulings on
11   the summary judgment.
12             And we're prepared to move that along as quickly
13   as we can do that, affording both sides appropriate due
14   process, but we'd be glad to have a hearing on some of those
15   issues as early as the 13th.  We just think that the
16   threshold issue here is, is the Bodie report in its current
17   form going to be admitted into evidence in these two cases
18   on the summary judgment record.  If not, is it going to be
19   admitted in a supplemented or modified form.  And if it's
20   not going to be admitted, what is the basis for excluding
21   it.
22             THE COURT:  Yep.
23             MR. PHILLIPS:  Once we know whether the Bodie
24   report in its current form or a different form is in
25   evidence, then I think we move to the issue that brought us
```

```
 1   to Dr. Bodie, which is, is the McCann testimony admissible
 2   under a Daubert standard or under any other standard, and
 3   then once we know whether McCann is in play on summary
 4   judgment, then I think with little or no additional
 5   briefing, we can be before Your Honor to argue these issues.
 6             But it seems to me that there's a very obvious and
 7   logical sequence here.  First, what do we do with the Bodie
 8   report.  Second, we determine what impact, if any, the Bodie
 9   report has on our motions to exclude McCann, and is McCann
10   in play in the summary judgment proceedings or is he
11   excluded.  Once we know that, we have remaining argument on
12   summary judgment and the Court rules.
13             THE COURT:  Okay.  You know, I really think
14   there's not -- there are differences in your positions.  I
15   think, certainly -- I think both sides agree that we have to
16   address the plaintiffs' objections to the Bodie report as
17   part of the first step here.  That seems to be common to
18   both sides.
19             I think what the plaintiffs are saying is,
20   however, that there are certain issues that are still open
21   on summary judgment that don't depend on the Bodie report or
22   upon -- on the Bodie report because they arise assuming that
23   the McCann testimony comes in, and that's, of course, again,
24   the causation question.
25             Am I right, Mr. Stoia and Mr. Friedman?
```

```
 1              MR. STOIA:  Your Honor, John Stoia.
 2              Yes, Your Honor, you're right, in part.  And our
 3  purposes are maybe twofold.  You know, we had made a
 4  proposal on how to deal with the Bodie objections, that we
 5  would file a submission next week and put it on the
 6  timetable.  The defendants never responded to that.
 7              And I think our purpose would be twofold.  One, we
 8  may never have to get to the Bodie report, Your Honor, in
 9  that after argument on the larger issues, which we've
10  identified our C&C statement, the Bodie report may be
11  irrelevant.  It may be that after argument, that the Court
12  doesn't need any additional information; we don't have to go
13  through the time and expense of dealing with the Bodie
14  report or any type of supplementation.
15              So what we would suggest, Your Honor, is that at
16  the November 13th hearing, that we address two broad topics.
17  One, the issues that are included in our C&C statement, and,
18  two, our objections to Dr. Bodie.
19              I would suggest that in terms of timing and in
20  sequencing it be done in that order; that if after argument
21  on the kind of the broad topics that we have laid out the
22  Court determined that you do not need any more information
23  about Dr. Bodie or you want to refine the issues, then we
24  can go to the Bodie report itself and deal with our
25  objections.
```

```
 1                  We proposed a very tight schedule, Your Honor, for
 2       filing our objections to Dr. Bodie's report on the basis
 3       that we would have the hearing on November 13th, so we
 4       propose that we would file that by the 22nd, which is next
 5       Wednesday, defendants respond their opp. on the 31st, and
 6       then we would have our reply seven days prior to the
 7       hearing.
 8                  THE COURT:  Well, here's at least the first thing
 9       that I think that is probably correct, because I think
10       you're all assuming, as usual, that I have a good deal more
11       time than I do.  But be that as it may, I realize these
12       issues are important.
13                  It seems to me that we ought to receive objections
14       to the Bodie report and the defendants' response before I
15       accept that the Bodie report should be received in evidence.
16       That seems to be one track, because I think there are going
17       to be objections to the Bodie report and they're going to
18       have to be resolved as a condition of my determination of
19       whether the Bodie report is received into evidence or not.
20       So that's step one.
21                  And then the second step, I guess, is that we
22       still have the loose ends from the summary judgment.
23                  What I think I would like to do is to propose
24       that, first and foremost, we deal with the Bodie report.
25       And I am not talking about a full *Daubert* hearing or
```

1  anything like that.  I'm just talking about the plaintiffs'
2  objections and the defendants' response to the Bodie report,
3  step one, and then I think I ought to go back to the
4  unresolved issues on the summary judgment motion.
5          MR. FRIEDMAN:  Your Honor, this is Andy Friedman.
6  Can I just add a couple of points here, because I think
7  they're critical to sequencing?
8          One of the bases -- one of the issues that you
9  will have to address is whether under 706 the Bodie report
10 is sufficiently helpful for the Court's purposes given the
11 706 standards, which really have never been briefed before
12 because of the way this came about.
13         THE COURT:  Right.
14         MR. FRIEDMAN:  In order for Your Honor to decide
15 whether the Bodie report is to be admitted as necessary
16 under 706, that's intertwined with the arguments on the
17 motion to strike.  Because if after receiving our arguments
18 you determine that Dr. Bodie's report is not helpful and,
19 therefore, should not be admitted under 706, that ends the
20 inquiry.  And those are so interrelated that it only makes
21 sense, in our judgment, to have those two issues heard at
22 the same time.
23         And the further reason this becomes critical is
24 that if Your Honor decides that, notwithstanding our
25 objections, you are going to accept Dr. Bodie's report under

```
 1   706, then that triggers procedures that give the party the
 2   right to cross-examine Dr. Bodie.
 3            THE COURT:  Right.
 4            MR. FRIEDMAN:  If you decide initially, with the
 5   benefit of the arguments on the motion to strike, that you
 6   do not intend to rely upon Dr. Bodie under 706, then all
 7   that becomes unnecessary.
 8            And that's why we think it's absolutely critical
 9   that on the 13th, when we have half a day set aside, that in
10   determining what to do with Dr. Bodie, as a threshold issue,
11   you have to be able to understand and hear the issues raised
12   by the motion to strike because they're so interrelated with
13   the question of whether, under the circumstances,
14   Dr. Bodie's report is helpful or necessary.
15            MR. PHILLIPS:  Your Honor, if I may respond
16   briefly.  This is Bo Phillips.
17            THE COURT:  Yes.
18            MR. PHILLIPS:  I think that that kind of procedure
19   is going to unnecessarily clutter the entire process.  We
20   have a very basic threshold issue of whether this report,
21   either in its current form or in some other form, is going
22   to be admitted into evidence.  That drives the outcome of
23   everything that follows; motions to exclude and motions for
24   summary judgment.
25            The Court has already indicated in its tentative
```

```
 1   order that the 706 opinion independent expert was necessary
 2   to resolve these issues.  I don't believe -- I certainly
 3   respect the plaintiffs' ability to interpose all objections
 4   they deem appropriate, but I think we're already past the
 5   question of whether this 706 process is meaningful.
 6            I do think we need to deal with the basic
 7   evidentiary issues under 706, and once we know what the
 8   Court is going to do with the Bodie report or whether it
 9   needs to be supplemented or whether there's any discovery,
10   only then can we properly frame our arguments and create an
11   orderly record with respect to the motions to strike and the
12   summary judgment motions.
13            We're prepared to move as quickly as possible on
14   this, Your Honor, but I think in terms of efficiency now and
15   in terms of clarity of the record, the first thing we need
16   to do is determine whether this Bodie report or some other
17   Bodie report is going to come into evidence, and then we
18   know what's in evidence and what's to be considered on the
19   other pending motions.
20            THE COURT:  Well, I have to say, Mr. Friedman, I
21   think that's correct.
22            MR. FRIEDMAN:  But, Your Honor, the problem is
23   that, in deciding whether the Bodie report comes into
24   evidence, you need to know -- and intertwined with that are
25   the issues relating to his report and to the motion to
```

1   strike.  And if -- the only way you can ever reach the issue
2   and determine the issue, you're going to have to grapple
3   with some of these very same issues that are going to be
4   raised.
5            And, you know, I don't want to go back and repeat
6   history, because I thought this was resolved at the last
7   status conference, but -- I have to say this for the
8   record -- we've never had the opportunity from the
9   plaintiffs' side to address the 706 standards because of the
10  way the -- Dr. Bodie was appointed as a result of the
11  tentative order, and we've never had a chance to argue to
12  Your Honor the issues relating to the motion to strike in
13  order to explain some very fundamental issues.
14           The reason this is so critically important is that
15  your decision about whether to rely upon Bodie at all is
16  going to determine the future course of the proceedings.
17           THE COURT:  No, I understand the issue here,
18  Mr. Friedman, so -- and I am not saying that what -- I'm
19  going to do something devoid of Rule 706.  I mean, we've got
20  several questions here.  First of all, is the Bodie report
21  compliant with Rule 706, and, secondly, should it come in
22  because is it helpful on the issues that are now before the
23  Court.
24           And I'm sure you have 15 other things that you
25  would raise, Mr. Friedman, that I haven't thought about,

1  but, I mean, however we do it, we're going to have to
2  address the Bodie report first and foremost before we can
3  move on to other things.
4             MR. FRIEDMAN:  I completely agree with that, Your
5  Honor, but here's the rub.  In reaching the right result on
6  that issue, we think it's critical that you hear argument on
7  the issues that Bodie was impaneled to address, because in
8  deciding whether the report is ultimately helpful you need
9  to be conversant with, and we need to be able to address for
10 Your Honor, hopefully to your satisfaction, that based on
11 all of the other submissions in the record and based upon
12 arguments of counsel the report doesn't satisfy Rule 706 and
13 ultimately it's neither unnecessary nor helpful -- my point
14 is, you can't divorce the arguments concerning the motion to
15 strike from the issue of whether Dr. Bodie's report should
16 be admitted.
17            And when we have half a day blocked out for it on
18 a calendar that is crowded, it seems to me it would make a
19 lot of sense to let us argue it in context and let you hear
20 what we have to say with respect to the motion to strike
21 before you make a determination on Dr. Bodie's report,
22 because the issues are so intertwined.  That's my only
23 point.
24            THE COURT:  Okay.  I think at some level you and I
25 are saying the same thing, and I realize that everyone has

```
 1   perhaps his or her own agenda here, but it does seem to me
 2   that we probably do have to go back and revisit the motion
 3   to strike, Mr. Phillips, in the context of the admissibility
 4   of the Bodie report.
 5           MR. PHILLIPS:  Your Honor, if it simply is a
 6   matter of framing the issue to understand what the context
 7   is for admitting Bodie or not admitting Bodie, I don't have
 8   a problem with that.  I'm not seeking to foreclose those
 9   kinds of arguments by Mr. Friedman at this first hearing.
10   But what I am saying is that I don't think the Court should
11   get into ruling on the motions to strike before it
12   determines the admissibility and usefulness of the Bodie
13   report.
14           We already have a record of what Your Honor has
15   said --
16           MR. FRIEDMAN:  But -- but --
17           MR. PHILLIPS:  Hang on.  Let me finish, Andy.
18           THE COURT:  Let him finish.
19           MR. PHILLIPS:  -- where Your Honor has indicated
20   that in order to resolve the motions to strike and the
21   motions for summary judgment, you needed guidance from the
22   706 expert.
23           So I don't have a problem giving all of the
24   context that's appropriate, and I don't have a problem
25   spending as much of that afternoon in court as the Court
```

```
 1   deems appropriate, but I do think it's critical, as we make
 2   this very important record, that we take it in the correct,
 3   logical form.  And whatever the Court needs to rule on the
 4   admissibility and usefulness of Bodie, that's fine.  I have
 5   no problem with all of that being in play in terms of
 6   context for these threshold rulings, but I don't think the
 7   Court should have us come in and try to argue the outcome of
 8   the motions to strike before we know whether Bodie is in or
 9   out.
10           MR. FRIEDMAN:  Let me just say this:  It sounds
11   like we're not that far apart.
12           THE COURT:  I agree.
13           MR. FRIEDMAN:  I intend to convince Your Honor on
14   November 3rd -- 13th, rather, that there is no problem with
15   respect to causation in the context of Dr. McCann's opinion,
16   and that opinion satisfies *Daubert*, and that each of the
17   objections the defendants raised are easily dispensed with.
18   If at the end of that Your Honor concludes that you still
19   need the opinions of Dr. Bodie, then you can make that
20   decision.
21           My only point is, it's critical that I get the
22   opportunity to address those issues so that you can decide
23   ultimately whether you need Dr. Bodie's report.  If -- the
24   order of your decisions is Your Honor's providence.  What I
25   want is an opportunity to argue the merits of the motion to
```

 1   strike, because I'm convinced I will convince you that not
 2   only is Dr. Bodie's report inadmissible for various reasons
 3   but is absolutely unnecessary.  If you decide that, you can
 4   then move on with the motion to strike.  If you decide to
 5   accept Bodie, then we can determine what needs to be done.
 6             THE COURT:  Okay.  Mr. Phillips, I think with that
 7   clarification, Mr. Friedman's proposal makes sense because
 8   there is a context, and he has not had an opportunity ever
 9   to demonstrate why Bodie was unnecessary in the first place,
10   although I concluded he was necessary.  And, certainly, the
11   horse is out of the barn; I admit that.  And -- but I think
12   Mr. Friedman ought to have an opportunity to make his
13   arguments, because they really are necessary -- I have to
14   make those necessary conclusions, even though I think I've
15   already made them, to provide a basis for having Bodie
16   render some report.
17             So I think what we ought to do is have the
18   briefing schedule proposed.  I think you ought to all come
19   in and argue the 706 and argue your objections to Bodie, but
20   understand that I will not at that time rule on the motion
21   to strike, but I will certainly have the motion to strike in
22   mind so that it informs whatever decision I make regarding
23   Bodie.
24             MR. PHILLIPS:  That's fine, Your Honor.  You know,
25   I do think that there have been other opportunities to --

```
 1  that we've had to brief these issues, but at the same time I
 2  do not want to foreclose Mr. Friedman from making the record
 3  that he deems appropriate.  I do think the procedure that
 4  you've outlined lets us first deal with the Bodie issues and
 5  still allows for the creation of whatever full record
 6  Mr. Friedman deems appropriate.
 7            THE COURT:  Okay.  So then what we're going to do
 8  is on October 22, plaintiff will make its submissions
 9  objecting to Dr. Bodie's submission; October 31st,
10  defendants will respond; November 7, plaintiffs will reply.
11            I rather expect, because I know how we do this
12  case, that the defendants will want a surreply, so let's
13  talk about page limits because -- can plaintiffs do their
14  objection in 25 pages?
15            MR. FRIEDMAN:  Yes, Your Honor.
16            THE COURT:  Defendants, can you?
17            MR. PHILLIPS:  Our response, yes.
18            THE COURT:  Okay.  And then the reply, can you do
19  the reply in ten?
20            MR. STOIA:  Yes, Your Honor.
21            MR. PHILLIPS:  Can we have a five-page surreply?
22            THE COURT:  Naturally.  It wouldn't be otherwise
23  in this case.
24            Can you get that in on -- if we're doing this on
25  the 13th, can you get it in on the 10th?
```

```
 1                MR. PHILLIPS:  Yes.
 2                THE COURT:  I'm sorry if it interferes with the
 3   weekend, but perhaps that's the way to go.
 4                MR. PHILLIPS:  We're used to that.
 5                THE COURT:  All right.  Let's do that, and we'll
 6   all proceed from there and see you all here on the 13th.
 7                MR. STOIA:  Your Honor -- two other matters, Your
 8   Honor.
 9                THE COURT:  Yes.
10                MR. STOIA:  One is the issue of the Bodie report.
11   We'd request that the Bodie report and any of the
12   submissions related to that report remain under seal until
13   after that November 13th hearing, until we can discuss it
14   further with the Court.  It's come to our attention that
15   collateral litigation -- that the Bodie report is being,
16   obviously, used -- I mean, not itself but discussion of
17   it -- and we don't want anything responding to the Bodie
18   report to be used in other proceedings at this point.
19                THE COURT:  I understand.
20                Mr. Phillips, I think we just ought to keep the
21   whole thing under wraps for now.  I understand that the
22   Bodie report is of great interest to many, many other
23   defendants in parallel litigation, but we'd better decide if
24   it's admissible in this case and not first before it goes
25   out on the broad wire.
```

```
 1              MR. PHILLIPS:  Understood, Your Honor.
 2              THE COURT:  Okay.  Let's do that.  And we'll see
 3   you on the 13th.
 4              MR. FRIEDMAN:  Thank you, Your Honor.
 5              MR. PHILLIPS:  Thank you, Your Honor.
 6              MR. STOIA:  Thank you.
 7              (Proceedings concluded at 1:52 p.m.)
 8
 9
10
11
12                    C E R T I F I C A T E
13
14         I hereby certify that the foregoing is a true and
15   correct transcript from the stenographic record of the
16   proceedings in the foregoing matter.
17
18   _____
     Bridget R. Montero                    Date:  October 21, 2008
19   Official Court Reporter
     CSR No. 10020
20
21
22
23
24
25
```