1                     UNITED STATES OF AMERICA

2                 CENTRAL DISTRICT OF CALIFORNIA

3        THE HONORABLE CRISTINA A. SNYDER, JUDGE PRESIDING

4

5  MIDLAND NATIONAL LIFE INS. CO., )
    ANNUITY SALES PRACTICES        )
6  LITIGATION; THE ESTATE OF JOHN  )
    G. MIGLIACCIO, ET AL.; MARY H.  )
7  BENDZAK, ET AL.,             )   MDL-07-1825-CAS(MANx)
                          )   CV-06-1007-CAS(MANx)
8             Plaintiffs,   )   CV-07-3631-CAS(MANx)
                          )
9           vs.           )
                          )   TELEPHONIC STATUS
10  MIDLAND NATIONAL LIFE INS. CO., )      CONFERENCE
                          )
11          Defendant.   )
    _____)

12

13         REPORTER'S TRANSCRIPT OF PROCEEDINGS

14            Thursday, June 18, 2009

15

16

17  APPEARANCES:

18  See Next Page

19

20

21

22

23

24  Reported By:
    WALTER R. LEDGE, CCR #B-1875
25  PANEL U.S. COURT REPORTER

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFFS:      ANDREW FRIEDMAN, ESQ.

 3                            JOHN STOIA, JR., ESQ.
                              THEODORE PINTAR, ESQ.
 4                            KIMBERLY PAGE,
                                Attorney at Law
 5

 6

 7   FOR THE DEFENDANT:       ROBERT PHILLIPS, JR., ESQ.
                              WILLIAM HIGGINS, ESQ.
 8                            TERRENCE HAWLEY, ESQ.
                              THOMAS EVANS, ESQ.
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Walter R. Ledge, Court Reporter

```
 1       LOS ANGELES, CALIF; THURSDAY, JUNE 18, 2009; 12:38 P.M.

 2                           --oOo--

 3            THE CLERK:  Counsel, calling calendar item number

 4    4, Case No. MDL-07-1825-CAS(MANx).

 5            Counsel, please state your appearances.

 6            MR. PINTAR:  Good morning, Your Honor; Ted Pintar

 7    on behalf of plaintiff.

 8            THE COURT:  Good morning, Mr. Pintar.

 9            MR. PHILLIPS:  Your Honor, good afternoon.  This

10    is Bob Phillips on behalf of Midland.  I have with me my

11    colleagues Bill Higgins, Terrence Hawley, and Tom Evans.  I

12    will be speaking for Midland.

13            THE COURT:  Very well.  This is the status

14    conference regarding the DAUBERT hearing, but I just

15    received the e-mail from defense counsel regarding

16    plaintiff's proposed supplantation of the record by

17    Dr. McCann, which I glanced at.  I apologize, I'm in the

18    middle of a patent trial, and I really have not had a lot of

19    time to read it, although, Mr. Pintar, I did try to read it

20    this morning.

21            MR. PINTAR:  Your Honor, I'm happy to address

22    that.  I think Mr. Phillips had some issue with it, but let

23    me just explain the basis behind it.

24            The supplemental declaration, which, by way of

25    explanation, we are filing the supplemental declaration
```

 1    itself as we speak.  Mr. McCann testified yesterday, so

 2    we were unable to include it with the motion.

 3              But it's simply limited to responding to

 4    Dr. Bodie's report and opinion.  And we believe that some

 5    supplementation is necessary for a complete and accurate

 6    record at the DAUBERT hearing.  And this supplementation

 7    simply provides Midland and their counsel notice of what

 8    Dr. McCann seems to intend to testify about at the

 9    hearing.

10              We believe that far more efficient than

11    offering supplemental opinions or testimony on the fly at

12    the hearing -- and it was our understanding that the

13    Court had anticipated that Dr. McCann would respond to

14    Dr. Bodie's opinion.  And that's why we filed it.

15              We're somewhat at a loss to understand why

16    Midland and their counsel are surprised at this; but

17    nevertheless, willing to address whatever issue they want

18    to raise.  But that's where -- or at least the purpose

19    for filing it.

20              THE COURT:  Okay.

21              Mr. Phillips.

22              MR. PHILLIPS:  If I may respond.  Our first

23    objection is that this came out of the blue.  There was no

24    meet-and-confer at all; no indication that it would be

25    forthcoming, and we still haven't seen the actual

1    declaration.  And there are certain things in this motion

2    such as a suggestion of some sort of a statement from the

3    experts on the issue of how the current financial crisis

4    impacts opinions that I think we could probably work out.

5         And I'm not in a position at this point to make

6    any specific objections to portions or all of the McCann

7    declarations since I haven't seen it.

8         If Dr. McCann is simply responding to

9    Professor Bodie as to why he thinks Bodie is wrong and

10   why his original methodology is correct, we may not have

11   a problem with that.  Obviously, we will have a problem

12   with the new methodology that essentially says I accept

13   Dr. Bodie's criticisms, and here is my second attempt.

14        And it may be a mix of the two, but we just

15   don't know yet.  And what we would like to propose is

16   that we have an opportunity to review the McCann

17   declaration and then provide the Court with a thoughtful

18   response early next week and that we get together,

19   reconvene this conference next week, certainly no later

20   than next Friday, and then see what we disagree about and

21   what we can agree on.

22        But I do think that there are certain elements

23   in here where we can reach agreement.  And we certainly

24   agree that to the extent that opinions are going to be

25   offered at the hearing that there should be as little

1  surprise as possible, both among the parties and for the

2  Court.

3         So it would be our suggestion -- I know a

4  little bit about the scheduling problems that Mr. Stoia

5  and Mr. Friedman may have next week, but my thought is,

6  subject to the Courts agreement, that we reconvene -- and

7  perhaps in person -- to try to sort through these things

8  after we've had an opportunity to agree upon those issues

9  where we can reach common ground.

10         THE COURT:  Look, here's my feeling:  I think that

11  is a good suggestion.  I believe that to the extent

12  Dr. McCann is going to supplement the declaration to respond

13  to Bodie, think that's appropriate.

14         I also think that we would all be better off if

15  we were to see his declaration because we can only now

16  look at the brief.

17         I'm not particularly troubled by what

18  Mr. Pintar says will be in the declaration.  And I think

19  it is good to have that supplementation in advance of the

20  DAUBERT hearing so that everyone can think about it and

21  we can be more efficient.

22         But I am -- what I don't want to do is end up

23  in a situation where we have to go back and do yet more

24  discovery, although I could understand that this might

25  require some limited further deposition testimony from

Walter R. Ledge, Court Reporter

```
 1   Dr. McCann.  But plainly, I do want this DAUBERT hearing
 2   to proceed as scheduled.  What I don't want to do is end
 3   up in a situation where we are have a new opinion as
 4   opposed to a further opinion to explain why McCann thinks
 5   Bodie's incorrect.  What I gather he is saying is that
 6   Bodie has suggested that McCann's model is not complete
 7   and Bodie wants to demonstrate that even if -- and I'm
 8   not seeing it, Mr. Pintar -- even if he were to address
 9   what Bodie says is the deficiency and failure to take
10   into account the age or whatever of the plaintiff, that
11   somehow the test proposed is inadequate.
12           Now, that's the one that's going to be, in my
13   mind, somewhat controversial because it could open up a
14   new opinion.  But then again, it may be perfectly fair
15   game --
16           MR. PINTAR:  Your Honor, let me be very clear and
17   explain McCann's supplemental opinion addresses; and that is
18   really the only issue raised by Dr. Bodie, which is whether
19   the value of the annuities ancillary features that would
20   include, for instance, the death benefit, the right to
21   annuitize and penalty-free withdrawals would entirely make a
22   damages for purposes of summary judgment.  And while we've
23   gotten quite adrift from the initial issue, that was the
24   issue at the heart of this in response to Midland's summary
25   judgment motion.
```

1          And so what Dr. McCann has done is, pursuant to

2     Dr. Bodie's opinion and deposition testimony has valued

3     these three features and that valuation is in his

4     supplemental declaration.  And it should be no surprise,

5     I think, to anyone, that valuing those ancillary features

6     does not, in fact, negate damages.  But that's it.  And

7     it is a very discrete opinion.  You know, I think that's

8     all of six, seven pages long.  So that is it.

9          There's no new methodology introduced.  All he

10    did was take Dr. Bodie's suggestion, implement it, and

11    determine whether in fact that would alter or negate

12    damages, which is, I think, the ultimate issue now.

13         And no expert has, at least up to this point,

14    has done that.  So that would have been the opinion, and

15    that's what he in sense testified about at the hearing.

16         THE COURT:  Okay.  Well, I think we just need to

17    see the declaration.  And hopefully, you can meet-and-confer

18    and we won't have a problem.  If we do have a problem, then

19    obviously we'll need to speak next week.

20         MR. PHILLIPS:  Your Honor, subject to correction

21    or updating from Mr. Friedman and Mr. Stoia and Mr. Pintar,

22    I believe that Friday is probably our best day next week.  I

23    had no idea -- I hadn't spoken with Miss Jeang about the

24    court schedule.  But at least the Midland team would be

25    available at any time next Friday.


                    Walter R. Ledge, Court Reporter

```
 1              MR. PINTAR:  That's fine with plaintiffs, Your
 2   Honor.  We're available Friday as well.
 3              THE COURT:  Here's the difficulty that I'm facing:
 4   I'm in this patent trial with lawyers from out of town.  We
 5   had hoped to finish this week, but that's not going to
 6   happen.  And I have to start another trial on Tuesday.  And
 7   I don't know what the problems are there.
 8              We have, over the noon hour, on Friday, changes
 9   of plea scheduled.  And I have a meeting that, if I had
10   to, I could probably try to change.  But I'm not just
11   sure if I can.
12              I would say this:  Let's put you in for one
13   o'clock --
14              We're going to doublecheck so we don't cause
15   undue problems.
16              (Pause.)
17              We have a twelve o'clock change of plea, a 12:30
18   meeting.  So if you all came at 1:00, wherever we are
19   trial-wise, and whoever is in trial, will just have to wait
20   until we accomplish whatever we need to do in your matter.
21              MR. PINTAR:  So we should plan to appear at one
22   o'clock on Friday?
23              THE COURT:  Right.  If that becomes a problem, let
24   us know.  But if that looks potentially workable for you,
25   then we'll be here.
```

```
 1              MR. PHILLIPS:  And Your Honor, I would also
 2  suggest -- I'm fairly certain Mr. Pintar would agree with
 3  this -- that we should be able to lodge with the Court on
 4  Thursday a short joint statement as to what agreements we've
 5  reached and where he may still have some differences, and
 6  maybe guide the Court a little bit with something that you
 7  can read in five minutes?
 8              THE COURT:  That would be helpful.
 9              Mr. Pintar, you are going to get the
10  declaration on file today or tomorrow?
11              MR. PINTAR:  Today, Your Honor.  It should be
12  filed -- it's in the process of being filed as we speak.
13  Obviously, we're in San Diego and we have provided it to our
14  process server in Los Angeles and they're filing it today.
15  But I will circulate both -- courtesy copies to both
16  defendants and to the Court so there is no delay in getting
17  it.
18              THE COURT:  Terrific.
19              Then, hopefully, you'll be able to resolve
20  this.  But if not, we'll see you next Friday at one
21  o'clock.
22              MR. PHILLIPS:  Thank you very much, Your Honor.
23              THE COURT:  Thank you, everybody.
24              (The proceeding concluded at 12:53 P.M.)
25              (Reporter's certificate follows on next page.)
```

Walter R. Ledge, Court Reporter

1                              --oOo--

2    I hereby certify that pursuant to Section 753, Title 28,

3    United States Code, the foregoing is a true and correct

4    transcript of the stenographically reported proceedings held

5    in the above-entitled matter and that the transcript page

6    format is in conformance with the regulations of the

7    Judicial Conference of the United States.

8

9    Date:  June 27, 2009: _____

10                              Walter R. Ledge
                                U.S. Panel Court Reporter
11                              Certified Court Reporter B-1875
                                (909) 673-7678
12                              3244 Pony Drive
                                Ontario, CA 91761-5064
13                              wledge@msn.com

14

15

16

17

18

19

20

21

22

23

24

25

                     Walter R. Ledge, Court Reporter