UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MDL No. CV-07-1825-CAS(MANx)<br><br>Honorable Christina A. Snyder<br><br>[PROPOSED] FINDINGS AND ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, DIRECTING ISSUANCE OF NOTICE TO THE CLASS, AND SETTING OF FAIRNESS HEARING |

The motion of Plaintiffs Mary P. Munoz, Robert D. Kaiser, Nancy Bendzak, as attorney-in-fact for Mary Bendzak, and Mary Bendzak, individually and on behalf of the Class as defined in the Settlement Agreement (collectively "Plaintiffs"), for preliminary approval of the proposed class action Settlement reached with Defendant Midland Life Insurance Company ("Midland") came on for hearing before this Court on October 25, 2010. Robert D. Phillips, Jr. appeared as attorney for Midland, and Andrew S. Friedman appeared as attorney for Plaintiffs. After considering the Settlement Agreement, the moving papers, arguments of counsel and all other matters presented to the Court, the Court finds that:

1. Plaintiffs filed a Consolidated Class Action Complaint in this MDL proceeding on June 4, 2007, alleging civil RICO, elder abuse, unlawful, deceptive and unfair business practices, unfair, deceptive and misleading advertising, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraud, fraudulent misrepresentation, negligent misrepresentation, fraudulent inducement, civil conspiracy, unjust enrichment, and imposition of constructive trust.

2. Midland expressly denies any and all wrongdoing alleged in the pleadings and Plaintiffs' other filings, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged against it in the Action. Midland contends that Plaintiffs' allegations do not state a cause of action and are not sustainable as a matter of law. In addition, Midland contends that Plaintiffs would be unable to prove the elements of the causes of action at trial, and that this would be fatal to both individual and class claims. In this regard, Midland contends that it would be inappropriate to certify a litigation class in this matter, in part due to the manageability and superiority problems inherent in presenting the case in a trial involving thousands of individualized sales.

3. The proposed Settlement resulted from numerous arm's-length mediation sessions and was concluded only after Plaintiffs and Midland conducted their own

investigations and evaluations of the factual and legal issues raised by Plaintiffs' claims, as well as Midland's defenses.

4. Plaintiffs and Class Counsel have agreed to settle the Action after considering such factors as (a) the benefits to Plaintiffs and the Class provided by the Settlement Agreement; (b) the risks and uncertainty of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (c) the desirability of consummating the Settlement Agreement in order to provide relief to Plaintiffs and the Class. Midland considers it desirable for this Action to be settled and dismissed because this proposed Settlement will finally put Plaintiffs' claims and the underlying matters to rest. Midland is also entering into this Settlement Agreement to avoid the expense, burden, inconvenience, and inherent risk of litigation and the concomitant disruption of its business operations.

5. The Parties have entered into a Settlement Agreement previously filed with this Court.

6. The Court has reviewed the Settlement Agreement (and all the attachments thereto) and determined the proposed Settlement to be fair, reasonable, adequate and within the range of possible approval. The proposed Settlement does not improperly grant preferential treatment to the Class Representatives or any segment of the Class. The proposed Settlement is sufficient to warrant sending notice to the Class. The procedures for establishing and administering the benefits provided by the proposed Settlement and for notice of the proposed Settlement, exclusion from the proposed Settlement, and objections to the proposed Settlement are fair, reasonable, and in the best interests of the Class.

7. Based on Plaintiffs' motion, the Memorandum of Points and Authorities, the Settlement Agreement, and all supporting exhibits and attachments, the Court preliminarily certifies the Class, as defined in Section II.A.18. of the Settlement Agreement, pursuant to Rule 23(a) and 23(b)(3) for settlement purposes. The Court hereby finds for settlement purposes that:

1  (a) the numerosity requirement of Rule 23(a)(1) is satisfied because the proposed settlement Class comprised of more than 55,000 Owners of over 75,000 Midland Annuities satisfies the requirement that a class be sufficiently numerous such that joinder of all members is impractical;

(b) the commonality requirement of Rule 23(a)(2) is satisfied because the Midland products owned by the various Class Members have some similar elements;

(c) the typicality requirement of Rule 23(a)(3) is satisfied because the products provided to Plaintiffs were similar to those provided to members of the Class;

(d) the adequacy requirement of Rule 23(a)(4) is satisfied because (i) Class Counsel are qualified and competent to prosecute the Action vigorously, (ii) Plaintiffs' interests are not antagonistic to the interests of the Class, and (iii) Class Counsel and Plaintiffs have fairly and adequately protected the interests of the Class; and

(e) common questions "'predominate over any questions affecting only individual members'" and "class resolution [is] 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997).

8. The Court has reviewed the notice provisions of Section VI. of the Settlement Agreement, and the Class Notice Package, including the Class Notice and the Claim Form attached to the Settlement Agreement as Exhibits B and C. The Court has determined that mailing the Class Notice Package to the last known addresses of the Class Members:

(a) constitutes the best practicable notice under the circumstances;

(b) is reasonably calculated to apprise Class Members of the pendency of the Action and of their right to object to or exclude themselves from the proposed Settlement;

(c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and

(d) meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments.

Accordingly, it is hereby ORDERED AND DECREED AS FOLLOWS:

1. The Motion for Preliminary Approval is GRANTED. The Court preliminarily approves the proposed Settlement. All defined terms in the foregoing findings and this Order shall have the same meanings as in the Settlement Agreement.

2. The Class, as defined in Section II.A.18. of the Settlement Agreement, is preliminarily certified for settlement purposes only.

3. The Court appoints the law firms of (a) Bonnett, Fairbourn, Friedman & Balint, P.C.; (b) Robbins, Geller, Rudman & Dowd, LLP; (c) Barrack Rodos & Bacine; (d) Finkelstein & Krinsk; (e) Waters & Kraus LLP; (f) James Hoyer Newcomer & Smiljanich, P.A.; and (g) Hagens Berman Sobol Shapiro LLP as Class Counsel. For settlement purposes only, the Court appoints Mary P. Munoz, Robert D. Kaiser, Nancy Bendzak, as attorney-in-fact for Mary Bendzak, and Mary Bendzak as the Class Representatives.

4. A hearing (the "Fairness Hearing") will be held on February 28, 2011 at 11:00 a.m. (a date not less than 126 days after entry of the Order) before the undersigned in the United States District Court for the Central District of California, Western Division, to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

5. The Court approves the proposed Class Notice Package and the plan for giving notice.

6. Midland and Class Counsel are authorized to:

(a) establish the means necessary to administer the proposed Settlement, in accordance with the terms of the Settlement Agreement; and

      (b)   retain an Administrator to help administer the proposed Settlement, including the notice provisions.

7.   The Court appoints Garden City Group, Inc. as the initial Administrator to implement the terms of the Settlement Agreement.

8.   The Administrator shall mail the Class Notice Package to each Class Member by first-class mail, postage prepaid, to his or her last known address no later than November 22, 2010 (28 days after entry of this Order), as described in the Settlement Agreement.

9.   The Administrator shall file proof of the mailing of the Class Notice Packages at or before the Fairness Hearing.

10.   Class Counsel shall file their petition for approval of Class Counsel's fees and expenses no later than December 31, 2010 (59 days prior to the Fairness Hearing).

11.   Midland is prohibited from communicating with Class Members about the Action or the Settlement, but Midland is not precluded from:

      (a)   speaking to Class Members in the ordinary course of Midland's business, provided that if Class Members contact Midland regarding the Action or the Settlement, Midland shall direct such Class Members to contact Class Counsel; or

      (b)   communicating with agents and employees of Midland or communicating with its auditors, rating agencies, insurance commissioners, regulators or similar reporting organizations or governmental entities regarding the impact and/or administration of the Settlement.

12.   Each Class Member who wishes to exclude himself or herself from the Class must submit an appropriate, timely written request for exclusion, postmarked no later than January 14, 2011 (53 days after mailing of the Class Notice Package) to the Administrator, in care of the address provided in the Class Notice.

13.   Any Class Member who does not submit a timely, written request for exclusion from the Class shall be bound by all proceedings, orders, and judgments in

1  the Action, even if such Class Member has previously initiated or subsequently
2  initiates individual litigation or other proceedings against Midland relating to
3  Annuities issued during the Class Period.

4      14.    Each Class Member who wishes to object to the fairness, reasonableness,
5  or adequacy of the Settlement Agreement, the proposed Settlement, or to the award of
6  attorneys' fees and expenses, shall serve on Bonnett, Fairbourn, Friedman & Balint,
7  P.C., Robbins, Geller, Rudman & Dowd, LLP, and Midland Counsel, and file with the
8  Court, no later than January 14, 2011 (53 days after mailing of the Class Notice
9  Package), a statement of the objection, as well as the specific reasons, if any, for each
10 objection, including any legal support the Class Member wishes to bring to the
11 Court's attention and any evidence the Class Member wishes to introduce in support
12 of his or her objection, or be forever barred from separately objecting.

13     15.    Any attorney hired by a Class Member at the Class Member's expense
14 for the purpose of objecting to the Settlement Agreement, the proposed Settlement, or
15 the award of attorneys' fees and expenses, shall file with the Clerk of the Court and
16 deliver to Bonnett, Fairbourn, Friedman & Balint, P.C., Robbins, Geller, Rudman &
17 Dowd, LLP, and Midland Counsel a notice of appearance no later than January 14,
18 2011 (53 days after mailing of the Class Notice Package).

19     16.    Any Class Member who files and serves a written objection and who
20 intends to make an appearance at the Fairness Hearing, either in person or through
21 personal counsel hired at the Class Member's expense (who has filed a timely notice
22 to appear), shall deliver to Bonnett, Fairbourn, Friedman & Balint, P.C., Robbins,
23 Geller, Rudman & Dowd, LLP, and Midland Counsel, and file with the Court no later
24 than January 14, 2011 (53 days after mailing of the Class Notice Package) a notice of
25 intention to appear at the Fairness Hearing.

26     17.    The Administrator shall rent one or more post-office boxes to be used for
27 receiving requests for exclusion from the Class and any other communications, and
28

1  provided that no one other than the Court or the Clerk of the Court and the
2  Administrator shall have access to these post-office boxes.

3      18.    Midland Counsel and Class Counsel shall promptly furnish each other
4  with copies of any and all objections or written requests for exclusion that might come
5  into their possession that are not otherwise provided by the Administrator.

6      19.    All proceedings in the Action are stayed until further order of the Court,
7  except as may be necessary to implement the proposed Settlement or to comply with
8  the terms of the Settlement Agreement. Further, pending the Court's final
9  determination of whether the proposed Settlement will be approved, each and every
10 Class Member who has not excluded himself or herself from the Settlement, the Class
11 Member's representatives, and/or all persons in active concert or participation with
12 such Class Members are barred and enjoined from filing, commencing, prosecuting,
13 maintaining, intervening in, participating in, conducting, or continuing, as class
14 members or otherwise, any action, including without limitation a class action
15 (including by seeking to amend a pending complaint to include class allegations or by
16 seeking class certification in a pending action in any jurisdiction), in any federal court,
17 any state court, or any other tribunal or forum of any kind, and from receiving any
18 benefits from any lawsuit, administrative or regulatory proceeding or order in any
19 jurisdiction, arising out of, based on, or relating to the claims, causes of actions, facts,
20 and/or circumstances alleged in the Action and/or the Released Claims.

21     20.    This Order shall become null and void, and shall be without prejudice to
22 the rights of the Parties, all of whom shall be restored to their respective positions
23 existing immediately before this Court entered this Order, if: (a) the proposed
24 Settlement is not finally approved by the Court, or does not become final, pursuant to
25 the terms of the Settlement Agreement; or (b) the Settlement is terminated in
26 accordance with the terms of the Settlement Agreement or does not become effective
27 as required by the terms of the Settlement Agreement for any other reason. In such
28 event, the Settlement and Settlement Agreement shall become null and void and be of

no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

21. In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered as, received as, used as, or deemed to be evidence in the Action, any other action, or in any other proceeding, except in a proceeding to enforce the Settlement Agreement. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements, or proceedings shall be offered as, used as, or deemed to be evidence or an admission or concession by any person of, any matter, including but not limited to any liability or wrongdoing on the part of Midland or as evidence of the appropriateness of certification of any class.

22. The Court reserves the right to continue the Fairness Hearing without further written notice to the Class, but will notify counsel for the Parties and any objectors or their counsel who have timely filed a notice of intention to appear in these proceedings. Unless the Court specifically orders otherwise, any such continuance shall not be interpreted to expand or change any deadlines contained in this Order or the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _October 25, 2010_____   *Christina A. Snyder*

                THE HON. CHRISTINA A. SNYDER
                UNITED STATES DISTRICT JUDGE