FILED
CLERK, U.S. DISTRICT COURT
JAN 1 4 2011
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION ) ) ) ) ) ) ) ) This Document Relates To: ) ) ALL ACTIONS. ) ) | MDL No. CV-07-1825-CAS (MANx) <br><br> Hon. Christina A. Synder <br><br> OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT |

## OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT

COMES NOW Objector, Kathleen McWhorter, by and through her undersigned counsel of record, and hereby files these Objections to the Notice of Class Action and Proposed Settlement of In Re Midland National Life Insurance Co. Annuity Sales Practices Litigation. In support thereof, she states as follows:

## PROOF OF MEMBERSHIP IN CLASS

Objector, Kathleen McWhorter, whose address is 11114 NW 38th Lane in Gainesville, Florida 32606, phone number 352-376-7650, Social Security number xxx-xx-6760, and Annuity number 8500113926, received the published "NOTICE OF PROPOSED CLASS ACTION SETTLEMENT." Her signature is evidenced in her attached affidavit which is made a part of this objection. Kathleen McWhorter is a member of the Settlement Class who is a "deferred annuity holders ("Annuities") that was issued by Midland National Life Insurance Co. ("Midland") to a person age 65 or older at the time of purchase or a trust with an Annuitant age 65 or older at the time of purchase, who incurred steep surrender penalties, unfair interest adjustments, and excessive commissions and other costs at any time between January 25, 2001 and June 30, 2007, that were accrued and compounded on a daily basis." Accordingly, pursuant to the Class Notice itself, Kathleen McWhorter is a class member of the

Surrender Charge Reduction Benefits subclass.

## NOTICE OF INTENT TO APPEAR

Objector, Kathleen McWhorter (hereinafter "Objectors") hereby gives notice that she intends to appear, by undersigned counsel, at the Fairness Hearing presently scheduled in this matter on February 28, 2011 at 11:00 a.m., before the Honorable Christina A. Snyder, District Judge, in the United States District Court for the Central District of California, Western Division, to cross-examine witnesses, and, to present legal argument, including her objections to the settlement.

## OBJECTIONS

The Proposed Class Action Settlement is inadequate, unfair and unreasonable for the following reasons:

1.　The proposed Settlement fails to meet the legal prerequisites of fairness, adequacy or reasonableness to the members of the class as mandated by law. It is to the alleged failures, insufficiencies, and unreasonable provisions of the proposed Settlement that these Objections are directed.

2.　The Claim Form is confusing and does not contain guidelines for

determining qualification for any benefit described in the Notice. The Claim Form is unclear as to whether both sections III.C.1 and III.C.2 must be completed, and unclear as to the consequence of selecting to complete one section in lieu of the other. According to the Settlement, if III.C.1 affirmatively applies to a class member, completing sections III.C.2 through III.C.4 is unnecessary, because the class member would qualify for Upper Tier Benefits. The issue here is that the information requested in section III.C.2 is of a very personal nature. Without an attorney or other trained professional advising them, absent class members probably would not understand that they would not need to complete section III.C.2 if they completed Section III.C.1 to claim benefits. Both the language and structure of the claim form does not clarify for absent class members that it is unnecessary to complete both sections. Thinking that they have to disclose such highly personal information, when in fact, they do not, could easily dissuade absent class members from participating in the claim process, thus defeating the purpose of the proposed settlement.

3. The claim deadline should be extended to provide absent class members more time make their claim for benefits, especially given the ambiguous and unclear language of the claim form. Without the information contained in the Notice, absent class members are not only unable to make a timely claim, they are also unable to

make informed decisions pertaining to remaining in the class or opting out.

4. Neither the Notice, nor the Settlement, disclose the value of the class settlement which is necessary for class members to make an informed decision whether to participate or opt out.

5. The Notice and the Settlement fail to inform class members of the size of the class or the anticipated average claim size.

6. The Notice and the Settlement provide no estimation of the damages borne by the Class, and offer no correlation between the purported settlement benefits and possible damages borne by the Class. Without information concerning the damages borne by the Class, class members are unable to make an informed decision regarding the adequacy of the proposed settlement and whether to remain in the class or opt-out. Additionally, because there is no information related to the estimation of damages borne by the Class, there is insufficient information to assess the reasonableness of class counsel's request for attorney fees.

7. In the case of Objector, Kathleen McWhorter, and presumably the Class as a whole; absent class members receive only an inadequate percentage of their actual damages. They should be made whole based on the Defendant's predatory practices against a protected class, i.e. senior citizens.

8.  The surrender value is likely to be less than a simple subtraction of the reduced Surrender Charge from the Accumulated Value. In order to calculate the effect of the Surrender Charge Reduction Benefits on the Surrender Value, according to the Class Member's policy, it is necessary to also subtract an "applicable Premium Tax" and an "interest adjustment." The interest adjustment is described in the Class Member's policy. The Premium Tax is not described in the policy, the Settlement, or the Notice. When asked, the Claims Administrator was unable to provide what the Premium Tax was or from where it was derived. The exact benefit to a class member as a dollar amount cannot be calculated until a Premium Tax can defined and given either a formula or precise value. Until these calculations are done for absent class members, the proposed settlement should be rejected.

10.  Certain unreasonable limitations are placed on the absent class member at the time the absent class member elects to surrender his/her annuity and take advantage of the Surrender Charge Reduction Benefits. The proposed settlement agreement provides:

> "the surrender value will be paid to the Class Member in one lump sum payment. The lump sum payment of the surrender value could take anywhere between 12-18 months after the Class Member elects the surrender. Also, if a claimant chooses to surrender their Annuities, they may not use any portion of the proceeds of the surrendered Annuities or their Surrender Charge Reduction Benefits to purchase a new deferred

annuity product. If Midland is asked or directed to send the proceeds of any Annuity to another insurance company in connection with the acquisition of another annuity product, Midland will deduct any Surrender Charge specified in the Midland Annuity, without regard to any Surrender Charge Reduction Benefits."

This issuance of a full Surrender Charge should be eliminated and the proposed settlement rejected until such full charge is removed. The purpose of the Settlement Agreement is to give the Annuitant a refund for material misrepresentations made before signing a contract for the Annuity. Absent class members should not be assessed any surrender charge under the referenced circumstances.

11. Objector claims that the provision allowing the "lump sum payment" to be made "anywhere between 12-18 months after the Class Member elects the surrender," makes the proposed settlement unfair, inadequate and unreasonable. Defendant's counsel interprets the proposed settlement differently, as referenced in correspondence attached and made part of this objection. However, Objector respectfully disagrees given the specific language in the proposed settlement referenced above.

12. In light of all of the above deficiencies, requested attorney's fees are unreasonable and excessive and should be denied.[1]

---

[1] In looking at the attorney fee issue, the PSLRA may be instructive relating to payment of fees. Although this is not a PSLRA case, the analysis of these provisions may be helpful.

13. All other timely filed objections not inconsistent with these objections are adopted and incorporated.

**RELIEF SOUGHT BY OBJECTORS**

WHEREFORE, OBJECTOR, KATHLEEN McWHORTER respectfully request that this Court provide the following relief:

A. That upon proper hearing, that the Court shall sustain these Objections;

B. That the Court shall then enter such Orders as are necessary and just to

---

According to the PSLRA, attorney fees shall not be paid until absent class members have been paid. 15 U.S.C.A. § 77Z-1 §6. Here, the attorney fee is distributed during the pendency of post judgment proceedings, notwithstanding that the class only has a future hope to be paid. The class funds will be paid to a Cash Settlement Account during the pendency of post judgment proceedings, but not distributed to class members themselves. No fees should be distributed until absent class members can pocket their proceeds.

Moreover, Judge Young of the District of Massachusetts adopted as the rule of the First Circuit that attorneys' fees in class actions must be based upon the amount of benefits actually claimed by members of the class. *In re TJX Cos. Retail Security Breach Litig.*, 584 F. Supp. 2d 395 (D. Mass, 2008). In that case, Judge Young announced that, in settlements that do not result in the creation of a non-reversionary cash fund, and which provide that the defendant will pay claims on an as-made basis, the award of attorneys' fees to class counsel must be based on the amount of benefits actually claimed by the class.

Simply awarding fees by reference to the valuation of the settlement presented by counsel requires a court to ignore two interrelated realities about class litigation. First, only a fraction of any given class is likely to claim the benefits provided for in a settlement. In any given case, class member nonparticipation may be attributed to a variety of factors: an ineffective notice program that fails to make class members aware of their rights, unappealing benefits that do not provide sufficient incentive for class members to invest the effort to submit a claim, or a claims process that is confusing, time-consuming, or requires class members to submit documentation or information they are unlikely to have in order to obtain relief. The facts remains, however, that in a reversionary common fund or a claims-made settlement, the defendant is likely to bear only a fraction of the liability to which it agrees.

adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed Settlement Agreement;

C. That the Court shall withdraw its conditional approval of the proposed Settlement Agreement and enter its Order requiring further proceedings including further hearing on class certification;

D. That the Court shall enter the appropriate Orders necessary to place this litigation in a posture for vigorous and good-faith prosecution on issues of class certification and on the merits of the Class' claims.

Dated this 13th day of January, 2011.

Respectfully submitted,

Paul S. Rothstein, Esq.
FL Bar No.: 310123
626 N.E. 1st St.
Gainesville, FL 32608
Phone: (352) 376-7650
Fax: (352) 374-7133
psr@rothsteinforjustice.com

Frank H. Tomlinson, Esq.
ASB No. 7042-T66F
15 North 21st Street, Suite 302
Birmingham, AL 35203
205-326-6626 - Tel
205-612-8085 - Cell
205-328-2889 - Fax

htomlinson@bellsouth.net

N. Albert Bacharach, Jr., Esq.
Florida Bar No.: 209783
**N. ALBERT BACHARACH, JR., P.A.**
115 Northeast 6th Avenue
Gainesville, FL 32601-3416
(352)378-9859
FAX (352)338-1858
N.A.Bacharach@att.net
Attorneys for Objectors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT has been furnished via ( x ) U.S. Mail ( x) Facsimile (  ) Email or (  ) Hand-delivery to: Clerk of the Court of Honorable Christina A. Snyder, Courtroom 5, 312 N. Spring Street, Los Angeles, California 90012, Andrew S. Friedman, Bonnet Fairbourn Friedman & Balint, P.C., 2901 N. Central Avenue, Suite 1000, Phoenix, AZ 85012, Fax: (602) 274-1199; Theordore J. Pintar, Robbins Geller Rudman & Dowd L.L.P, 655 West Broadway, Suite 1900, San Diego, CA 92101, Fax: (619) 231-7423; and Robert D. Phillips, Jr., Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071, Fax: (213) 457-8080; this 13th day of January, 2011.

_____
PAUL S. ROTHSTEIN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

IN RE MIDLAND NATIONAL LIFE
INSURANCE   CO. ANNUITY SALES
PRACTICES LITIGATION

MDL NO. 07-1825 CAS (MANx)
Honorable Christina A. Snyder

_____/

### AFFIDAVIT OF KATHLEEN MCWHORTER

STATE OF FLORIDA
COUNTY OF ALACHUA

BEFORE ME, the undersigned authority, personally appeared KATHLEEN MCWHORTER, who, being by me first duly sworn, deposes and says that:

1. My name is Kathleen S. McWhorter.
2. I am over the age of eighteen years, of sound mind, and am otherwise sui juris.
3. I own an Annuity through Midland National Life Insurance Company, Annuity Division, Annuity Number 8500113926.
4. I submit this Affidavit in support of my timely filed Claim Form requesting Surrender Charge Reduction Benefits and in support of my objections and other pleadings in regards to the above-styled case.
5. A Misrepresentation was made concerning the applicable Surrender Charge for the Annuity.
6. The Misrepresentation was made at the time of sale of the Annuity.
7. I would not have purchased the Annuity but for the Misrepresentation.
8. The statements contained in this two page affidavit are true and correct and of personal knowledge.

FURTHER AFFIANT SAYETH NOT.

_____
Affiant

The foregoing instrument was acknowledged before me this 7th day of January, 20 11, by Kathleen Mc Whorter, who is personally known to me OR who has produced _____ as identification and who did take an oath.

_____
Jennifer Deachin
Print Name

NOTARY PUBLIC
State of Florida at Large
MY COMMISSION EXPIRES:

JENNIFER DAWN DEACHIN
MY COMMISSION # DD876155
EXPIRES March 31, 2013
(407) 398-0153   FloridaNotaryService.com

SCANNED
BY:
DATE: 1/7/11

# Paul S. Rothstein
ATTORNEY AT LAW

626 N.E. First Street
Gainesville, Florida 32601

(352) 376-7650
Fax: (352) 374-7133

151 S.E. Eighth Street
Ocala, Florida 34471
(352) 351-8582

Lake City, Florida
(904) 752-5755

December 23, 2010

**VIA EMAIL ATTACHMENT**
Andrew S. Friedman, Esq.
Email: afriedman@bffb.com
    And
Theodore J. Pintar, Esq.
Email: tedp@rgrdlaw.com

RE:   *Midland National Life Insurance Co Annuity Sales Practices Litigation*
       CASE #: 2:07-ml-01825-CAS -MAN

Dear Mr. Friedman,

I represent Ms. Kathleen McWhorter, in the above referenced case. In preparing a submission for my client, an associate of mine, Kyla Alexander, called the Administrator at 1800-387-5388 and spoke with Amanda, Agent ID 4112. In their conversation, Mrs. Alexander confirmed with Amanda the following statements:

1) If a Class Member had not annuitized or otherwise surrendered their annuity by October 25, 2010, the date of the Preliminary Approval Order; the Class Member was to submit a claims form. At the same time the Class Member should submit a statement under penalty of perjury stating one or more of several factors, which would determine if the Class Member qualified for the Upper or Lower Tier for Surrender Charge Reduction Benefits.

2) If the Class Member is determined by the Administrator to qualify for Surrender Charge Reduction Benefits, the Class Member could elect to surrender their annuity at some time after being notified of their compliance with the claims process.

3) Class Members who qualify for Surrender Charge Reduction Benefits could elect to surrender their annuity at any time in the future. There is no time limitation as

to when the Class Member may elect to surrender their annuity and receive the Surrender Charge Reduction Benefits. Therefore, the Class Member may immediately elect the surrender or choose to surrender at some undetermined time in the future and they would receive the same Surrender Charge Reduction Benefits.

4) At the time the Class Member elects to surrender their annuity and take advantage of the Surrender Charge Reduction Benefits, the surrender value will be paid to the Class Member in one lump sum payment. The lump sum payment of the surrender value could take anywhere between 12-18 months after the Class Member elects the surrender.

5) The surrender value is likely to be less than a simple subtraction of the reduced Surrender Charge from the Accumulated Value. In order to calculate the effect of the Surrender Charge Reduction Benefits on the Surrender Value, according to the Class Member's policy, it is necessary to also subtract an "applicable Premium Tax" and an "interest adjustment." The interest adjustment is described in the Class Member's policy. However the Premium Tax is not described, and when asked, Amanda was unable to provide what the Premium tax was or where it was derived from. Amanda placed Mrs. Alexander on hold to look up the Premium Tax. Amanda then advised that because that term was not defined in the settlement she did not have an answer, and that was a question for Midland.

At this time I am requesting detailed information about how to calculate the impact of the Surrender Charge Reduction Benefit as it relates to the Accumulated value and the Surrender Value, including but not limited to figuring the "applicable Premium Tax." Please send the requested information within seven (7) days of the date of this correspondence.

Sincerely,

Paul S. Rothstein

cc via email attachment:
Robert D. Phillips, Jr., Esq.
Albert Bacharach, Jr., Esq.
Hilton Tomlinson, Esq.