# EXHIBIT C

REDACTED

Clerk of the Court of the Honorable Christina A. Snyder
Courtroom 5 (2nd Floor)
312 N. Spring Street
Los Angeles, CA 90012

REC'D DEC 18 2010

Re: Midland National Life Insurance Co. Annuity Sales Practice Litigation

Honorable Justice Christina A. Snyder,

My wife, Noreen L. Ward, and I both purchased Midland National Life
Insurance Co. annuities on the same day in 2003. She has received and
returned her Claim Form for Surrender Charge Reduction Benefits.

I would like to object to the fact that due to the fact that I was only 63
years old at the time of the purchase, I have been excluded from these
legal remedies. The agent came to our home and sold 2 policies to
Noreen and one to me on the same day. Neither of us had any
explanation of the surrender charges' duration, percentage, or any
investment options explained to us. It wasn't until I met with a different
agent several years after this purchase, that these policy provisions were
explained to me.

I do not feel that I should be excluded from the class based on the
arbitrary age limit of 65 at the time of purchase. The agent who sold
these policies to both my wife and I omitted to explain the pertinent
provisions of the policy and did not give us the opportunity to understand
what we were buying.

Sincerely,

David S. Ward                          Midland National Policy ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮
Hanover Park, IL 60133
Telephone Number: ▮▮▮▮▮▮▮▮▮
Social Security Number: ▮▮▮▮▮▮▮

cc: Andrew S. Friedman, Theodore J. Pintar, Robert D. Phillips, Jr.

CARUL STREAM IL 601

15 DEC 2010 541-6

USA44

Mr. Theodore Pintar
Robbins Geller Rudman + Dowd LP
655 West Broadway, Suite 1900
San Diego, CA 92101

Valley Estate Planners, Ltd.

Gilberts, IL 60136-0012

92101+54498

███████████████

Fairview Park, Ohio 44126

December 11, 2010

Clerk of the Court of the Honorable Christina A. Snyder
Courtroom 5 (2nd floor)
312 N. Spring Street
Los Angeles, CA  90012

RE: Objection to the settlement between the sides of Midland National
Life Insurance Co. Annuity Practices Litigation,
MDL no. 0711825 (CAS)

Your Honor,
I am not a lawyer, nor am I familiar with court protocol; therefore I beg
your indulgence.

I am in the Settlement Class of the above settlement, and have filed a
Claim Form for Surrender Charge Reduction Benefits, having suffered a
steep surrender penalty of $41,118.32 on December 26, 2002, when I
fully surrendered an annuity to Midland.

The Settlement states that the opposing counsel created the Settlement in
the best interest of the Settlement Class.

I object to the Settlement in that the Settlement does not serve the best
interests of all of the Settlement Class, but only select members of the
Class who filed Claim Forms, and in doing so pleased the Settlement
Administrator with their answers to the first four questions on the Claim
Form.

I object to the first four questions asked of the claimant on the Claim
Form.  They have no relevance to the alleged misdeeds of the defendant,

nor to the purpose of the Settlement, which is purported to be in the best interests of All members of the Settlement Class.

Such questions create eligibility criteria and in doing so discriminate against many of the Claimants unfairly.

The eligibility criteria are foreign to the issues in the Settlement, and does not serve the interests of ALL the Class Members.

Question No. 1 asks the claimant if he or she was misled when purchasing the annuity. The answer must obviously be NO. No one would buy an annuity if he was aware of being misled. But if he was, in fact misled, the company would have gone to great lengths to insure that he or she was unaware of it. So, the question is inane, and the answer is of no consequence. Possibly the question was included to maneuver the claimant into absolving the defendant, and thereby lessening the validity of the claim.

Question No. 2 asks the claimant what he or she did with the proceeds from the surrendered annuity. The claimant's use of the money has no relevancy to the alleged misdeeds of the defendant, nor to the question of whether the claimant suffered exorbitant surrender charges.

Question No. 3 and No. 4 asks the claimant what his CURRENT annual income and net worth are. This too, is extraneous to the issue of misdeeds and inflated surrender charges.

I object to the inclusion of these questions in the Claim Form, a part of the Settlement, because they introduce irrelevant factors into evaluating the eligibility of the claim for "BENEFITS"

Page 2 of 5

I think that only three factors are required to qualify the claimant for "Benefits"

    1. Is the claimant a CLASS MEMBER?

    2. Did the claimant pay exorbitant Surrender Charges for early, partial or complete surrender of an annuity?

    3. How much was the Surrender Charge suffered by the claimant?

Considerations other than these are prejudicial against certain Class Members, whose answers to those questions might displease the settlement Administrator. Such questions and answers are not germane to the defendant's misdeeds and the cost suffered by the claimant.

I think such extraneous information required on the Claim Form is totally unfair and prejudicial against the interest of many claimants. I believe the court should invalidate the offending questions on the Claim Form before it approves the Settlement. Additionally I propose that the Settlement Administrator disregard questions 1 through 4 on claims already submitted and not evaluate the financial actions and conditions of the claimant in it deliberations.

Interestingly, Class Members who do not file a Claim Form, need not answer such irrelevant questions in order to receive "BENEFITS" under the Settlement.

B. I object also that "The Surrender Charge Reduction Benefit for Qualifying Owners is a refund of either 40% or 75% of surrender charges paid." These uneven "BENEFITS" are to be paid "determined by the Administrator, based on information provided in the Claim Form." So, the flawed Claim Form is further compromised by making possible uneven "BENEFITS' dependent on the worthiness evaluation of the Claimant.     Page 3 OF 5

Additionally, I find the word "BENEFITS" inappropriate in the context
of excessive surrender charges.  In satisfaction of claims, the defendant
is not gratuitously bestowing "BENEFITS" upon worthy supplicants.
Instead, in meeting claims, the defendant is paying restitution to
claimants who the defendant overcharged.  I suggest that the word
"RESTITUTION" replace the word "BENEFITS" in Settlement
terminology, so that means testing not be a factor in the deliberations of
the Settlement Administrator.

As I have said, I am not a lawyer, and I do not know of the legal
parameters of discrimination against certain Class Members of a Class
Action suit.

But I do know Fair from Unfair.

I hope that the submission of this objection will not further compromise
the validity of my claim.

I have acted in full compliance with the Settlement directives in
submitting a Claim Form, and in submitting this objection to the
Settlement.

Thank You for your consideration of my objection,

Yours very truly,

Eugene M. Di Salvo

Fairview Park, OH 44126

Page 4 of 5

Phone: ███████████
SS# ██████████████

Annuity ██████████████ fully surrendered after paying $41,118.32
surrender charge.
Annuity ██████████████ Active
Annuity ██████████████ Active

Cc:
Class Counsel Andrew S. Friedman
Class Counsel Theodore J. Pintar
Defendant Counsel Robert D. Phillips Jr.

Page 5  OF  5

January 3, 2011

Clerk of the Court
Honorable Christina A. Snyder Courtroom 5 (2nd Floor)
312 N. Spring Street
Los Angeles, California 90012

Andrew S. Riedman Bonnett, Fairbourn, Friedman & Blaint PC
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012

Theodore J. Pintar Robbins, Geller Rudman & Dowd LLP
655 West Boradway, Suite 1900
San Diego, CA 92101

Defendant's Counsel
Robert D. Phillips, JR.
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071

RE: Joseph and Joy Reo ███████████████████
████████████████████
Tonawanda, NY 14150
████████████

Contracts: ████████-Joy, Joseph ████████████████

We would like to file an objection to the settlement. We feel that the surrender charges should be totally removed (not just a small percentage reduced if we want to remove ourselves from Midland National) due to the severity of what Midland products have NOT provided for us for so long. The funds performed poorly and for older seniors the surrender periods are unfairly extended. With such steep surrender penalties and excessive commissions we want to no longer be obligated to stay with them. We are in our 80's and feel we can invest this money with income to provide for the rest of our lifetime with a more reputable firm with much less expenses and wish to do so with NO surrender charges or penalties as we've already have experienced such losses for all the years we've trusted our investment with Midland.

Your consideration and response in this matter will be greatly appreciated.

Sincerely,

*Joseph L. Reo*          *Joy F. Reo*

Joseph P. Reo          Joy F. Reo          **RECEIVED**

JAN 1 8

R.___ ___ ___



US POSTAGE
neopost
045.JB3065060
$0.440
01/06/2011
Mailed From 14150

Andrew S. Riedman Bonnett, Fairbourn,
Friedman & Blaint PC
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012

85012#3700 C026

Joseph & Joy Reo
Tonawanda, NY (4150-6336

FILED
CLERK, U.S. DISTRICT COURT

JAN 1 4 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| In re MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION | MDL No. CV-07-1825-CAS (MANx) |
| | Hon. Christina A. Synder |
| This Document Relates To: | OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT |
| ALL ACTIONS. | |

MDL NO. 07-1825 CAS (MANx)                    -1-

OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT

## OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT

COMES NOW Objector, Kathleen McWhorter, by and through her undersigned counsel of record, and hereby files these Objections to the Notice of Class Action and Proposed Settlement of In Re Midland National Life Insurance Co. Annuity Sales Practices Litigation. In support thereof, she states as follows:

## PROOF OF MEMBERSHIP IN CLASS

Objector, Kathleen McWhorter, whose address is ███████████ in Gainesville, Florida 32606, phone number ████████, Social Security number ██████, and Annuity number ████████, received the published "NOTICE OF PROPOSED CLASS ACTION SETTLEMENT." Her signature is evidenced in her attached affidavit which is made a part of this objection.  Kathleen McWhorter is a member of the Settlement Class who is a "deferred annuity holders ("Annuities") that was issued by Midland National Life Insurance Co. ("Midland") to a person age 65 or older at the time of purchase or a trust with an Annuitant age 65 or older at the time of purchase, who incurred steep surrender penalties, unfair interest adjustments, and excessive commissions and other costs at any time between January 25, 2001 and June 30, 2007, that were accrued and compounded on a daily basis."  Accordingly, pursuant to the Class Notice itself, Kathleen McWhorter is a class member of the

MDL NO. 07-1825 CAS (MANx)                    -2-
OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT

Surrender Charge Reduction Benefits subclass.

## NOTICE OF INTENT TO APPEAR

Objector, Kathleen McWhorter (hereinafter "Objectors") hereby gives notice that she intends to appear, by undersigned counsel, at the Fairness Hearing presently scheduled in this matter on February 28, 2011 at 11:00 a.m., before the Honorable Christina A. Snyder, District Judge, in the United States District Court for the Central District of California, Western Division, to cross-examine witnesses, and, to present legal argument, including her objections to the settlement.

## OBJECTIONS

The Proposed Class Action Settlement is inadequate, unfair and unreasonable for the following reasons:

1.      The proposed Settlement fails to meet the legal prerequisites of fairness, adequacy or reasonableness to the members of the class as mandated by law.  It is to the alleged failures, insufficiencies, and unreasonable provisions of the proposed Settlement that these Objections are directed.

2.      The Claim Form is confusing and does not contain guidelines for

MDL NO. 07-1825 CAS (MANx)                -3-

OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT

determining qualification for any benefit described in the Notice.  The Claim Form

is unclear as to whether both sections III.C.1 and III.C.2 must be completed, and

unclear as to the consequence of selecting to complete one section in lieu of the other.

According to the Settlement, if III.C.1 affirmatively applies to a class member,

completing sections III.C.2 through III.C.4 is unnecessary, because the class member

would qualify for Upper Tier Benefits.  The issue here is that the information

requested in section III.C.2 is of a very personal nature.  Without an attorney or other

trained professional advising them, absent class members probably would not

understand that they would not need to complete section III.C.2 if they completed

Section III.C.1 to claim benefits.  Both the language and structure of the claim form

does not clarify for absent class members that it is unnecessary to complete both

sections.  Thinking that they have to disclose such highly personal information, when

in fact, they do not,  could easily dissuade absent class members from participating

in the claim process, thus defeating the purpose of the proposed settlement.

      3.      The claim deadline should be extended to provide absent class members

more time make their claim for benefits, especially given the ambiguous and unclear

language of the claim form.  Without the information contained in the Notice, absent

class members are not only unable to make a timely claim, they are also unable to

make informed decisions pertaining to remaining in the class or opting out.

4.     Neither the Notice, nor the Settlement, disclose the value of the class settlement which is necessary for class members to make an informed decision whether to participate or opt out.

5.     The Notice and the Settlement fail to inform class members of the size of the class or the anticipated average claim size.

6.     The Notice and the Settlement provide no estimation of the damages borne by the Class, and offer no correlation between the purported settlement benefits and possible damages borne by the Class. Without information concerning the damages borne by the Class, class members are unable to make an informed decision regarding the adequacy of the proposed settlement and whether to remain in the class or opt-out. Additionally, because there is no information related to the estimation of damages borne by the Class, there is insufficient information to assess the reasonableness of class counsel's request for attorney fees.

7.     In the case of Objector, Kathleen McWhorter, and presumably the Class as a whole; absent class members receive only an inadequate percentage of their actual damages. They should be made whole based on the Defendant's predatory practices against a protected class, i.e. senior citizens.

MDL NO. 07-1825 CAS (MANx)                    -5-
OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT

8.      The surrender value is likely to be less than a simple subtraction of the reduced Surrender Charge from the Accumulated Value.  In order to calculate the effect of the Surrender Charge Reduction Benefits on the Surrender Value, according to the Class Member's policy, it is necessary to also subtract an "applicable Premium Tax" and an "interest adjustment."  The interest adjustment is described in the Class Member's policy.  The Premium Tax is not described in the policy, the Settlement, or the Notice.  When asked, the Claims Administrator was unable to provide what the Premium Tax was or from where it was derived.  The exact benefit to a class member as a  dollar amount cannot be calculated until a Premium Tax can defined and given either a formula or precise value.  Until these calculations are done for absent class members, the proposed settlement should be rejected.

10.      Certain unreasonable limitations are placed on the absent class member at the time the absent class member elects to surrender his/her annuity and take advantage of the Surrender Charge Reduction Benefits.  The proposed settlement agreement provides:

> "the surrender value will be paid to the Class Member in one lump sum payment.  The lump sum payment of the surrender value could take anywhere between 12-18 months after the Class Member elects the surrender. Also, if a claimant chooses to surrender their Annuities, they may not use any portion of the proceeds of the surrendered Annuities or their Surrender Charge Reduction Benefits to purchase a new deferred

MDL NO. 07-1825 CAS (MANx)                    -6-
OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT

annuity product. If Midland is asked or directed to send the proceeds of any Annuity to another insurance company in connection with the acquisition of another annuity product, Midland will deduct any Surrender Charge specified in the Midland Annuity, without regard to any Surrender Charge Reduction Benefits."

This issuance of a full Surrender Charge should be eliminated and the proposed settlement rejected until such full charge is removed. The purpose of the Settlement Agreement is to give the Annuitant a refund for material misrepresentations made before signing a contract for the Annuity. Absent class members should not be assessed any surrender charge under the referenced circumstances.

11.     Objector claims that the provision allowing the "lump sum payment" to be made "anywhere between 12-18 months after the Class Member elects the surrender," makes the proposed settlement unfair, inadequate and unreasonable. Defendant's counsel interprets the proposed settlement differently, as referenced in correspondence attached and made part of this objection.  However, Objector respectfully disagrees given the specific language in the proposed settlement referenced above.

12.     In light of all of the above deficiencies, requested attorney's fees are unreasonable and excessive and should be denied.[1]

---

[1] In looking at the attorney fee issue, the PSLRA may be instructive relating to payment of fees. Although this is not a PSLRA case, the analysis of these provisions may be helpful.

MDL NO. 07-1825 CAS (MANx)                    -7-
OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT

13.     All other timely filed objections not inconsistent with these objections

are adopted and incorporated.

## **RELIEF SOUGHT BY OBJECTORS**

WHEREFORE, OBJECTOR, KATHLEEN McWHORTER respectfully request

that this Court provide the following relief:

A.     That upon proper hearing, that the Court shall sustain these Objections;

B.     That the Court shall then enter such Orders as are necessary and just to

---

According to the PSLRA, attorney fees shall not be paid until absent class members have been
paid. 15 U.S.C.A. § 77Z-1 §6.  Here, the attorney fee is distributed during the pendency of post
judgment proceedings, notwithstanding that the class only has a future hope to be paid.  The class
funds will be paid to a Cash Settlement Account during the pendency of post judgment
proceedings, but not distributed to class members themselves.  No fees should be distributed
until absent class members can pocket their proceeds.

Moreover, Judge Young of the District of Massachusetts adopted as the rule of the First
Circuit that attorneys' fees in class actions must be based upon the amount of benefits actually
claimed by members of the class. *In re TJX Cos. Retail Security Breach Litig.*, 584 F. Supp. 2d
395 (D. Mass, 2008).  In that case, Judge Young announced that, in settlements that do not result
in the creation of a non-reversionary cash fund, and which provide that the defendant will pay
claims on an as-made basis, the award of attorneys' fees to class counsel must be based on the
amount of benefits actually claimed by the class.

Simply awarding fees by reference to the valuation of the settlement presented by counsel
requires a court  to ignore two interrelated realities about class litigation.  First, only a fraction of
any given class is likely to claim the benefits provided for in a settlement.  In any given case,
class member nonparticipation may be attributed to a variety of factors: an ineffective notice
program that fails to make class members aware of their rights, unappealing benefits that do not
provide sufficient incentive for class members to invest the effort to submit a claim, or a claims
process that is confusing, time-consuming, or requires class members to submit documentation or
information they are unlikely to have in order to obtain relief.  The facts remains, however, that
in a reversionary common fund or a claims-made settlement, the defendant is likely to bear only a
fraction of the liability to which it agrees.

MDL NO. 07-1825 CAS (MANx)                    -8-
OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT

adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed Settlement Agreement;

      C.    That the Court shall withdraw its conditional approval of the proposed Settlement Agreement and enter its Order requiring further proceedings including further hearing on class certification;

      D.    That the Court shall enter the appropriate Orders necessary to place this litigation in a posture for vigorous and good-faith prosecution on issues of class certification and on the merits of the Class' claims.

Dated this 13th day of January, 2011.

Respectfully submitted,

Paul S. Rothstein, Esq.
FL Bar No.: 310123
626 N.E. 1st St.
Gainesville, FL 32608
Phone: (352) 376-7650
Fax: (352) 374-7133
psr@rothsteinforjustice.com

Frank H. Tomlinson, Esq.
ASB No. 7042-T66F
15 North 21st Street, Suite 302
Birmingham, AL 35203
205-326-6626 - Tel
205-612-8085 - Cell
205-328-2889 - Fax

MDL NO. 07-1825 CAS (MANx)      -9-
OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT
9

htomlinson@bellsouth.net

N. Albert Bacharach, Jr., Esq.
Florida Bar No.: 209783
**N. ALBERT BACHARACH, JR., P.A.**
115 Northeast 6th Avenue
Gainesville, FL 32601-3416
(352)378-9859
FAX (352)338-1858
N.A.Bacharach@att.net
Attorneys for Objectors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT has been furnished via ( x ) U.S. Mail ( x ) Facsimile ( ) Email or ( ) Hand-delivery to: Clerk of the Court of Honorable Christina A. Snyder, Courtroom 5, 312 N. Spring Street, Los Angeles, California 90012, Andrew S. Friedman, Bonnet Fairbourn Friedman & Balint, P.C., 2901 N. Central Avenue, Suite 1000, Phoenix, AZ 85012, Fax: (602) 274-1199; Theordore J. Pintar, Robbins Geller Rudman & Dowd L.L.P, 655 West Broadway, Suite 1900, San Diego, CA 92101, Fax: (619) 231-7423; and Robert D. Phillips, Jr., Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071, Fax: (213) 457-8080; this 13th day of January, 2011.

PAUL S. ROTHSTEIN

MDL NO. 07-1825 CAS (MANx)                    -11-

OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT

11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

IN RE MIDLAND NATIONAL LIFE
INSURANCE    CO. ANNUITY SALES
PRACTICES LITIGATION

_____/

MDL NO. 07-1825 CAS (MANx)
Honorable Christina A. Snyder

### AFFIDAVIT OF KATHLEEN MCWHORTER

STATE OF FLORIDA
COUNTY OF ALACHUA

      BEFORE ME, the undersigned authority, personally appeared KATHLEEN MCWHORTER, who, being by me first duly sworn, deposes and says that:

1.     My name is Kathleen S. McWhorter.

2.     I am over the age of eighteen years, of sound mind, and am otherwise sui juris.

3.     I own an Annuity through Midland National Life Insurance Company, Annuity Division, Annuity Number ███████.

4.     I submit this Affidavit in support of my timely filed Claim Form requesting Surrender Charge Reduction Benefits and in support of my objections and other pleadings in regards to the above-styled case.

5.     A Misrepresentation was made concerning the applicable Surrender Charge for the Annuity.

6.     The Misrepresentation was made at the time of sale of the Annuity.

7.     I would not have purchased the Annuity but for the Misrepresentation.

8.     The statements contained in this two page affidavit are true and correct and of personal knowledge

FURTHER AFFIANT SAYETH NOT.

                               _Kathleen McWhorter_
                               Affiant

The foregoing instrument was acknowledged before me this 7th day of _January_, 20 _11_, by _Kathleen McWhorter_, who is (personally known to me) OR who has

produced _____ as identification and who did take an oath.

_Jennifer Deachin / _____
Print Name

NOTARY PUBLIC
State of Florida at Large
MY COMMISSION EXPIRES:

JENNIFER DAWN DEACHIN
MY COMMISSION # DD878165
EXPIRES March 31, 2013
(407) 398-0153    FloridaNotaryService.com



SCANNED
BY:
DATE: 1/7/11

# Paul S. Rothstein
### ATTORNEY AT LAW

626 N.E. First Street
Gainesville, Florida 32601

(352) 376-7650
Fax: (352) 374-7133

151 S.E. Eighth Street
Ocala, Florida 34471
(352) 351-8582

Lake City, Florida
(904) 752-5755

December 23, 2010

**VIA EMAIL ATTACHMENT**
Andrew S. Friedman, Esq.
Email: afriedman@bffb.com
And
Theodore J. Pintar, Esq.
Email: tedp@rgrdlaw.com

RE:   *Midland National Life Insurance Co Annuity Sales Practices Litigation*
*CASE #: 2:07-ml-01825-CAS -MAN*

Dear Mr. Friedman,

I represent Ms. Kathleen McWhorter, in the above referenced case. In preparing a submission for my client, an associate of mine, Kyla Alexander, called the Administrator at 1800-387-5388 and spoke with Amanda, Agent ID 4112. In their conversation, Mrs. Alexander confirmed with Amanda the following statements:

1)   If a Class Member had not annuitized or otherwise surrendered their annuity by October 25, 2010, the date of the Preliminary Approval Order; the Class Member was to submit a claims form. At the same time the Class Member should submit a statement under penalty of perjury stating one or more of several factors, which would determine if the Class Member qualified for the Upper or Lower Tier for Surrender Charge Reduction Benefits.

2)   If the Class Member is determined by the Administrator to qualify for Surrender Charge Reduction Benefits, the Class Member could elect to surrender their annuity at some time after being notified of their compliance with the claims process.

3)   Class Members who qualify for Surrender Charge Reduction Benefits could elect to surrender their annuity at any time in the future. There is no time limitation as

to when the Class Member may elect to surrender their annuity and receive the
Surrender Charge Reduction Benefits. Therefore, the Class Member may
immediately elect the surrender or choose to surrender at some undetermined time
in the future and they would receive the same Surrender Charge Reduction
Benefits.

4)     At the time the Class Member elects to surrender their annuity and take advantage
of the Surrender Charge Reduction Benefits, the surrender value will be paid to
the Class Member in one lump sum payment. The lump sum payment of the
surrender value could take anywhere between 12-18 months after the Class
Member elects the surrender.

5)     The surrender value is likely to be less than a simple subtraction of the reduced
Surrender Charge from the Accumulated Value. In order to calculate the effect of
the Surrender Charge Reduction Benefits on the Surrender Value, according to the
Class Member's policy, it is necessary to also subtract an "applicable Premium
Tax" and an "interest adjustment." The interest adjustment is described in the
Class Member's policy. However the Premium Tax is not described, and when
asked, Amanda was unable to provide what the Premium tax was or where it was
derived from. Amanda placed Mrs. Alexander on hold to look up the Premium
Tax. Amanda then advised that because that term was not defined in the
settlement she did not have an answer, and that was a question for Midland.

At this time I am requesting detailed information about how to calculate the impact of the
Surrender Charge Reduction Benefit as it relates to the Accumulated value and the Surrender
Value, including but not limited to figuring the "applicable Premium Tax." Please send the
requested information within seven (7) days of the date of this correspondence.

Sincerely,

Paul S. Rothstein

cc via email attachment:
        Robert D. Phillips, Jr., Esq.
        Albert Bacharach, Jr., Esq.
        Hilton Tomlinson, Esq.



COMPANY | Work Street
Work City, Work State Work ZIP

T Work Phone
F Work Fax Phone
Work Email

Work URL

January 13, 2011
Honorable Christina A. Snyder
Clerk of the Court of the Honorable Christina A. Snyder
Courtroom 5 (2ndFloor)
312 N. Spring Street
Los Angeles, CA 90012

I would like to object to the scope of the class action lawsuit Re: Midland Annurties. I would like to have my claim included in the lawsuit.

In April 2008 I was required to direct $111.838 .00 to my ex-wife Becky Berry from Midland Annuity ████████ as terms of my divorce. Midland assured me there was no surrender charge. In December,2009 Midland sent Becky Berry a check in the amount of $93754.57 with a surrender charge of $16,775.35. I believe this was not legal or a part of the annuity contract.

SS # ████████   Annuity ████████

Roger H. Berry        ████████████████ Fountain Hills Az  85268

RECEIVED

JAN 1 4 2011

REED SMITH LLP.

December 13, 2010

<u>**WE ARE OBJECTING TO THE PROPOSED SETTLEMENT BELOW.**</u>

Clerk of the Court of the Honorable Christina A. Snyder
Courtroom 5 (2nd Floor)
312 N. Spring St.
Los Angeles, CA 90012

REF: Midland National Life Insurance Co. Annuity Sales Practices Litigation
     MDL No. 07-1825 (CAS)

To whom it may concern:

In this financial environment, retired people worry about the solvency of companies that they have invested their life savings in. We worry about these companies disappearing and loosing our retirement savings.

The terms and conditions of Midland National Life Insurance Co. annuities although restrictive were spelled out in their information package when you sign up for their annuities. The plan was explained thoroughly by our Midland representative and what we didn't understand in the contract, we ASKED QUESTIONS which they answered or got the answers for us. Therefore, shame on investors who didn't ask questions or possibly who did not read and/or understand their contract information prior to signing.

This lawsuit looks like it is for the lawyers NOT the investors. The $13,970,000 is an ABSOLUTELY OUTRAGEOUS COST for lawyer fees in an out of court settlement and could threaten investors retirement savings! This could force the investor (like ourselves) to take severe penalties in an attempt to try to get our life savings out of Midland National Life Insurance Co. before you destroy Midland's solvency with your lawyer fees and cost.

Sincerely,

WILLIAM C. CADENHEAD

Hesperia, CA 92345

Cont.

DIANE M. CADENHEAD

Hesperia, CA 92345

Cont.

Cc Andrew S. Friedman, Bonnett, Fairbourn, Friedman & Balint, PC, 2901 N. Central Ave, Suite 1000,
                                                                      Phoenix, AZ 85012
     Theodore J. Pintar, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900
                                                                      San Diego, CA 92101
     Robert D. Phillips, Jr., Reed Smith LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90071

MELDON C. KIRK



OVERLAND PARK, KS 66209

January 1, 2011

Clerk of the Court of the Honorable Christina A. Snyder
Courtroom 5 (2nd Floor)
312 N. Spring Street
Los Angeles, CA 90012

In Re Midland National Life Insurance Co. Annuity Sales Practices Litigation,
MDL No. 07-1825 (CAS)

This letter is being filed objecting to the proposed settlement in the above case in specific regard to a Flexible Premium Deferred Annuity-Legacy Bonus 11 policy in the amount of $25,000.00 purchased on the life of my spouse, Carrie M. Kirk, ▮▮▮▮▮▮Annuity Number▮▮▮▮▮ issued on 3/25/2004.

Our objection is based on the following reasoning:

It is our opinion that every purchaser of one of these policies was a victim of what could be questionable sales practices that are the subject of this litigation.

Relief is being offered in the form of (1) an annuitization bonus if one elects to begin taking periodic payments, (2) a reduction or partial refund of the scheduled surrender charges if one elects or has already accepted cash surrender of the policy, or (3) a 2% increase in periodic payments if one has already annuitized the policy.

Without taking a position on the fairness of the relief proposed above, it is our position that what could be a large number of policy holders may not fall into any of those three categories.

No relief is being proposed for a policy holder who may be undecided at present as to whether they wish to annuitize or surrender the policy. Holding the policy indefinitely and eventually collecting the accumulation value as a death benefit is an option that a policy holder may decide on, or even find themselves in by unplanned circumstances.

It is our position that the planned settlement forces policy holders to make a decision they may not wish to make or be prepared to make, or else suffer the consequence of receiving no potential benefit from this case.

2

This also raises a question in our thinking as to whether the attorneys who represent the Settlement Class are giving adequate consideration to the possible differing situations of all members of the class.

We respectfully ask the Court to consider this issue, and to advise us as to the disposition of our objection.

Thank you for your attention to this matter.

Sincerely,

Meldon C. Kirk

CC:  Andrew S. Friedman
     Bonnett, Fairbourn, Friedman & Balint, P.C.
     2901 N. Central Avenue, Suite 1000
     Phoenix, AZ 85012

     Theodor J. Pintar
     Robbins Geller Rudman & Dowd, LLP
     655 West Broadway, Suite 1900
     San Diego, CA 92101

     Robert D. Phillips, Jr.
     Reed Smith LLP
     355 South Grand Ave., Suite 2900
     Los Angeles, Ca 90071