BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN (*Pro Hac Vice*)
afriedman@bffb.com
KIMBERLY C. PAGE
kpage@bffb.com
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602/274-1100
602/274-1199 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR (131372)
tedp@rgrdlaw.com
STEVEN M. JODLOWSKI (239074)
sjodlowski@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

HAGENS BERMAN SOBOL
   SHAPIRO LLP
STEVE W. BERMAN
(Pro Hac Vice)
steve@hbsslaw.com
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone:  206/623-7292
206/623-0594 (fax)

*Interim Co-Lead Counsel*

[additional counsel appear on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| IN RE MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. CV-07-1825-CAS(MANx)<br><br>JOINT DECLARATION OF ANDREW S. FRIEDMAN AND THEODORE J. PINTAR IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

Andrew S. Friedman and Theodore J. Pintar hereby declare:

1. I, Andrew S. Friedman, am a shareholder in the law firm of Bonnett, Fairbourn, Friedman & Balint, PC ("Bonnett Fairbourn"), and I, Theodore J. Pintar, am a partner of the law firm of Robbins Geller Rudman & Dowd LLP[1] ("Robbins Geller"). Together, we served as Interim Co-Lead Counsel for Plaintiffs in the above-captioned litigation. We have personal knowledge of the matters set forth herein, based on our active participation in all material aspects of the prosecution and settlement of this litigation. If called upon, we could and would competently testify that the following facts are true and correct based on our personal involvement in this litigation. We submit this Joint Declaration in support Plaintiffs' Notice and Motion for Final Approval of Class Action Settlement.

2. The proposed Settlement Agreement does not contain the statement that "The lump sum payment of the surrender value could take anywhere between 12-18 months after the Class Member elects the surrender."

3. On December 23, 2010, Mr. Rothstein sent Plaintiffs' and Defendant's counsel a letter asking, among other things, about the 12-18 month payment delay. A true and correct copy of this correspondence is attached as Exhibit A. On January 12, 2011, Mr. Phillips, counsel for Midland, responded to Mr. Rothstein. A true and correct copy of this correspondence is attached hereto as Exhibit B.

---

[1] Robbins Geller was formerly Coughlin Stoia Geller Rudman & Robbins LLP.

- 1 -

4. Completing the entire Claim Form allows the Settlement Administrator to consider Class Members for upper tier benefits under section III.C.2 or lower tier benefits under sections III.C.3 and III.C.4.  In addition, if a Class Member had a question about the Claim Form, they could have called the Settlement Administrator or Class Counsel.

5. The Claim Form in the present case is similar to the Active Annuity Claim Form used in the settlement approved by this Court in *Negrete v. Fidelity and Guaranty Ins. Co.*  None of the 77,000 Class Members in *Negrete* objected to the Claim Form used in connection with the settlement of that action.

6. Following its filing on December 30, 2010, Plaintiffs' fee and expense motion and supporting memorandum were publicly accessible on the website maintained by the Settlement Administrator.

7. The Settlement Administrator is still in the process of reviewing the Claim Forms received to determine each Class Member's election and qualification for the various forms of relief.

8. The relief provided under the proposed Settlement compares favorably to the value and relief provided under the Settlement Agreement approved in *Negrete v. Fidelity and Guaranty Life Ins. Co.* – a case raising similar allegations and involving approximately the same size class as the present case.   The proposed Settlement, here, has been valued at $79.5 million, which is over $25 million more than the F&G Settlement which was valued at around $52 million.

9. Ms. McWhorter appears to be related by marriage to her counsel, Mr. Rothstein. *See* Marriage Record of Paul Rothstein and Susan Colvin McWhorter (true and correct copy attached as Exhibit C hereto).

10. Ms. McWhorter has objected to at least six proposed class action settlements since 1999 – often represented by Mr. Rothstein, Mr. Tomlinson, or N. Albert Bacharach. *See* Civil Name Search Results for Kathleen McWhorter (true and correct copy attached hereto as Exhibit D); Preliminary and Amended Objections to Proposed Class Action Settlement and Notice of Intent to Appear by William McWhorter, Kathleen McWhorter, and Susan Colvin filed in *GlaxcoSmithKline* litigation (true and correct copy attached hereto as Exhibit E); William and Kathleen McWhorter and Caufield and Associates, Inc.'s Objections to Class Action Settlement filed in *In re MCI Non-Subscriber Telephone Rates Litig.* (true and correct copy attached hereto as Exhibit F).

11. In 2009, the court in the *In re GlaxcoSmithKline* litigation dismissed McWhorter's objection to the proposed settlement. *See* Opinion and Order dated September 4, 2009 at 4 (true and correct copy attached hereto as Exhibit G).

12. The court in *In re Currency Conversion Fee Antitrust Litigation* similarly rejected McWhorter's objection, concluding that the objectors did little to aid the court. *See* Memorandum & Order dated October 22, 2001 at 40 (true and correct copy attached hereto as Exhibit H).

13. McWhorter's objections have also been dismissed on the grounds that she was not even a member of the class. *See* Memorandum and Order in *In re MCI Non-Subscriber Telephone Rates Litig.* Dated April 19, 2001 at 2 (true and correct copy

- 3 -

attached hereto as Exhibit I); Order (1) Granting Final Approval of Class Settlement; (2) Approving Plan of Allocation; (3) Awarding Attorneys' Fees and Costs; and (4) Addressing Objections of William and Kathleen McWhorter entered in *In re Rambus, Inc. Securities Litig.* dated May 14, 2008 at 3 (true and correct copy attached hereto as Exhibit J)

14. Mr. Tomlinson has objected to class action settlements more than 50 times and Mr. Bacharach has objected to more than 100 class action settlements. *See* Excerpts from hearing transcript in *In re Allstate Insurance Co.,* 02-MD-1457, dated July 18, 2005 at 164-66 (true and correct copy attached hereto as Exhibit K).

15. Mr. Tomlinson and Mr. Rothstein have filed objections to at least 14 class action settlements negotiated by the Robbins Geller firm, one of Plaintiffs' counsel here. In the many of these cases, the objections were overruled or voluntarily withdrawn.

16. In connection with their objections filed in *In re GlaxcoSmithKline*, Mr. Rothstein, along with Mr. Bacharach, was sued under RICO and accused on extortionate behavior. *See* "Plaintiffs in $63 million Paxil case claim 'objectors' violated RICO in new class action," The Madison – St. Clair Record dated June 9, 2007 last accessed at http://www.madisononrecord.com/printer/article.asp?c=106484 on January 27, 2011 (true and correct copy attached hereto as Exhibit L). The case was dismissed without prejudice. *See* "Matoesian dismisses suit against Paxil objectors" dated September 7, 2007 (true and correct copy attached hereto as Exhibit M).

17. The relief in the proposed Settlement Agreement is tailored to address Class Members' financial needs and the alleged harm imposed by the challenged

- 4 -

conduct. The Claim Review Process is designed to address those Class Members who were or will be adversely affected by the surrender charges where a Class Member was misled or has financial hardship necessitating surrender. The annuitization bonus and enhanced annuity payments are designed to address Plaintiffs' allegations regarding the annuities' hidden costs and illiquidity.

18. Midland informed the various state insurance departments – which are responsible for monitoring the financial health of insurance companies – of the terms of the Settlement Agreement, and none of these regulators has raised an issue or even inquired into Midland's solvency in light of the relief provided under the proposed Settlement.

19. Based on the Settlement Administrator's records, Mr. Berry has filed a claim for benefits.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 3rd day of February, 2011 at Phoenix, Arizona.

/s/Andrew S. Friedman
Andrew S. Friedman

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 3rd day of February, 2011 at San Diego, California.

/s/Theodore J. Pintar
Theodore J. Pintar

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

The foregoing will be mailed via US mail and sent via email to:

Paul S. Rothstein, Esq.
626 N. E. 1st St.
Gainesville, FL 32608
psr@rothsteinforjustice.com

Frank H. Tomlinson, Esq.
15 North 21st St., Suite 302
Birmingham, AL 35203
htomlinson@bellsouth.net

N. Albert Bacharach, Jr., Esq.
115 Northeast 6th Ave.
Gainesville, FL 32601-3416
N.A.Bacharach@att.net

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 4, 2011.

/s/Kimberly C. Page

## SERVICE LIST

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stephen R Basser**
  sbasser@barrack.com
- **Steve W Berman**
  steve@hbsslaw.com,heatherw@hbsslaw.com
- **Elaine T Byszewski**
  elaine@hbsslaw.com,JenniferB@hbsslaw.com,sharons@hbsslaw.com
- **Ingrid M Evans**
  ievans@evanslaw.com
- **Thomas A Evans**
  tevans@reedsmith.com
- **Elizabeth A Fegan**
  beth@hbsslaw.com,Chi_Filings@hbsslaw.com
- **Andrew S Friedman**
  afriedman@bffb.com,rcreech@bffb.com,ngerminaro@bffb.com
- **Terence N Hawley**
  thawley@reedsmith.com
- **William Hayden Higgins**
  whiggins@reedsmith.com,dkelley@reedsmith.com
- **Rachel L Jensen**
  rjensen@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Steven M Jodlowski**
  sjodlowski@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Daniel J Kurowski**
  dank@hbsslaw.com,chi_filings@hbsslaw.com
- **Timothy Mahoney**
  timm@hbsslaw.com,chi_filings@hbsslaw.com
- **Linda B Oliver**
  loliver@reedsmith.com,swurth@reedsmith.com
- **Kimberly C Page**
  kpage@bffb.com
- **Robert D Phillips , Jr**
  rphillips@reedsmith.com
- **Henry Pietrkowski**
  hpietrkowski@reedsmith.com

| | |
|---|---|
| 1 | **Theodore J Pintar**<br>tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com |
| 2 | **James A Rolfes**<br>jrolfes@reedsmith.com |
| 3 | |
| 4 | **Tamara M Rowles**<br>trowles@reedsmith.com,aswenson@reedsmith.com |
| 5 | **Amir Shlesinger**<br>ashlesinger@reedsmith.com |
| 6 | **John J Stoia , Jr**<br>johns@rgrdlaw.com,e_file_sd@rgrdlaw.com |
| 7 | |
| 8 | **Phong L Tran**<br>ptran@rgrdlaw.com |
| 9 | **Samuel M Ward**<br>sward@barrack.com,lxlamb@barrack.com |

- 8 -