# EXHIBIT A

# Paul S. Rothstein
ATTORNEY AT LAW

626 N.E. First Street
Gainesville, Florida 32601

(352) 376-7650
Fax: (352) 374-7133

151 S.E. Eighth Street
Ocala, Florida 34471
(352) 351-8582

Lake City, Florida
(904) 752-5755

December 23, 2010

**VIA EMAIL ATTACHMENT**
Andrew S. Friedman, Esq.
Email: afriedman@bffb.com
    And
Theodore J. Pintar, Esq.
Email: tedp@rgrdlaw.com

      RE:    *Midland National Life Insurance Co Annuity Sales Practices Litigation*
              *CASE #: 2:07-ml-01825-CAS -MAN*

Dear Mr. Friedman,

     I represent Ms. Kathleen McWhorter, in the above referenced case. In preparing a submission for my client, an associate of mine, Kyla Alexander, called the Administrator at 1800-387-5388 and spoke with Amanda, Agent ID 4112. In their conversation, Mrs. Alexander confirmed with Amanda the following statements:

1) If a Class Member had not annuitized or otherwise surrendered their annuity by October 25, 2010, the date of the Preliminary Approval Order; the Class Member was to submit a claims form. At the same time the Class Member should submit a statement under penalty of perjury stating one or more of several factors, which would determine if the Class Member qualified for the Upper or Lower Tier for Surrender Charge Reduction Benefits.

2) If the Class Member is determined by the Administrator to qualify for Surrender Charge Reduction Benefits, the Class Member could elect to surrender their annuity at some time after being notified of their compliance with the claims process.

3) Class Members who qualify for Surrender Charge Reduction Benefits could elect to surrender their annuity at any time in the future. There is no time limitation as

        to when the Class Member may elect to surrender their annuity and receive the Surrender Charge Reduction Benefits. Therefore, the Class Member may immediately elect the surrender or choose to surrender at some undetermined time in the future and they would receive the same Surrender Charge Reduction Benefits.

4)    At the time the Class Member elects to surrender their annuity and take advantage of the Surrender Charge Reduction Benefits, the surrender value will be paid to the Class Member in one lump sum payment. The lump sum payment of the surrender value could take anywhere between 12-18 months after the Class Member elects the surrender.

5)    The surrender value is likely to be less than a simple subtraction of the reduced Surrender Charge from the Accumulated Value. In order to calculate the effect of the Surrender Charge Reduction Benefits on the Surrender Value, according to the Class Member's policy, it is necessary to also subtract an "applicable Premium Tax" and an "interest adjustment." The interest adjustment is described in the Class Member's policy. However the Premium Tax is not described, and when asked, Amanda was unable to provide what the Premium tax was or where it was derived from. Amanda placed Mrs. Alexander on hold to look up the Premium Tax. Amanda then advised that because that term was not defined in the settlement she did not have an answer, and that was a question for Midland.

    At this time I am requesting detailed information about how to calculate the impact of the Surrender Charge Reduction Benefit as it relates to the Accumulated value and the Surrender Value, including but not limited to figuring the "applicable Premium Tax." Please send the requested information within seven (7) days of the date of this correspondence.

                                                              Sincerely,

                                                              Paul S. Rothstein

cc via email attachment:
    Robert D. Phillips, Jr., Esq.
    Albert Bacharach, Jr., Esq.
    Hilton Tomlinson, Esq.