# EXHIBIT E

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Alma Simonet, Julie Goldenberg, individuals, and Universal Care, Inc., a California Corporation, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>SmithKline Beecham Corporation d/b/a GlaxoSmithKline, GlaxoSmithKline Puerto Rico, Inc. and SB Pharmco Puerto Rico Inc.<br><br>      Defendant. | Civil No. 06-1230 (GAG) |

### PRELIMINARY OBJECTIONS TO PROPOSED
### CLASS ACTION SETTLEMENT AND NOTICE OF INTENT TO APPEAR

      COMES NOW Objectors, William McWhorter, Kathleen McWhorter, and Suzanne Colvin, by and through their undersigned counsel, and hereby files these Preliminary Objections to the Notice of Class Action and Proposed Settlement of SmithKline Beecham Corporation d/b/a GlaxoSmithKline, GlaxoSmithKline Puerto Rico, Inc. and SB Pharmco Puerto Rico Inc., (hereinafter GSX) and in support thereof, state as follows:

### PROOF OF MEMBERSHIP IN CLASS

      Objectors, William and Kathleen McWhorter, whose address is 11114 NW 38th Lane in Gainesville, Florida 32606, referred to the undersigned counsel by a Florida attorney, Paul S. Rothsein, received the published "NOTICE OF PROPOSED CLASS ACTION SETTLEMENT". Pursuant to the class definition William and Kathleen McWhorter are class members.

Objector, Suzanne Colvin, whose address is 2716 NW 22nd Drive in Gainesville, Florida 32601, referred to the undersigned counsel by a Florida attorney, N. Albert Bacharach, Jr., received the published "NOTICE OF PROPOSED CLASS ACTION SETTLEMENT". Pursuant to the class definition Suzanne Colvin is a class member.

## NOTICE OF INTENT TO APPEAR

Objectors William McWhorter, Kathleen McWhorter and Suzanne Colvin, (hereinafter "Objectors") hereby give notice that they intend to appear, by undersigned counsel, at the Fairness Hearing presently scheduled in this matter on July 27, 2009 at 12 Noon, before the Honorable Gustavo A. Gelpi, District Judge, in the United States District Court for the District of Puerto Rico, to cross-examine witnesses, and, to present legal argument. Objectors do not intend to offer documents into evidence or to call witnesses.

## OBJECTIONS

1. **The Settlement Allocates 40% of the Settlement Fund to Unharmed Third Party Payors.**

   This is a case for manufacturing defects in oral pills. The harm was suffered solely by the end users, in this case, Mr. Allen. The Third Party Payors suffered no harm from the defectively manufactured pills, since the consumers paid no less for those pills, nor did they demand refunds from Third Party Payors or from the drug retailers after taking the defective pills. Therefore, there is no rational basis for allocating any portion of the settlement fund to Third Party Payors, let alone 40% of the total. 100% of the settlement fund should be paid to consumers, with no reversion.

2. **Consumer Subclass Members Were Not Adequately Represented.**

   The same Class Counsel that represented the Consumer Subclass in this case also

2

simultaneously represented the Third Party Payors, and, most critically, represented both Subclasses during negotiation of the settlement allocation. In order to be adequately represented, each Subclass must have its own independent, unconflicted counsel arguing solely for its interests, and not carving up a settlement fund by fiat in order to make the deal work so that Class Counsel may receive its fee.

> [W]e know of no authority that permits a court to approve a settlement without creating subclasses on the basis of consents by members of a unitary class, some of whom happen to be members of distinct subgroups. The class representatives may well have thought that the Settlement serves the aggregate interests of the entire class. But the adversity among subgroups requires that the members of each subgroup cannot be bound to a settlement except by consents given by those who understand that their role is to represent solely the members of their respective subgroups.

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 627 (1997) (quoting *In re Joint Eastern and Southern Dist. Asbestos Litig.*, 982 F.2d 721, 742-743 (2d Cir. 1992)).

**3. Attorneys' Fees Must Be Based On Amounts Actually Claimed by Class Members.**

Judge Young of the District of Massachusetts recently adopted as the rule of the First Circuit that attorneys' fees in class actions must be based upon the amount of benefits actually claimed by members of the class. *In re TJX Cos. Retail Security Breach Litig.*, 584 F. Supp. 2d 395 (D. Mass, 2008). In that case, Judge Young announced that, in settlements that do not result in the creation of a non-reversionary cash fund, and which provide that the defendant will pay claims on an as-made basis, the award of attorneys' fees to class counsel must be based on the amount of benefits actually claimed by the class.

Simply awarding fees by reference to the valuation of the settlement presented by counsel requires a court to ignore two interrelated realities about class litigation. First, only a fraction of

3

any given class is likely to claim the benefits provided for in a settlement… In any given case, class member nonparticipation may be attributed to a variety of factors: an ineffective notice program that fails to make class members aware of their rights, unappealing benefits that do not provide sufficient incentive for class members to invest the effort to submit a claim, or a claims process that is confusing, time-consuming, or requires class members to submit documentation or information they are unlikely to have in order to obtain relief. The facts remains, however, that in a reversionary common fund or a claims-made settlement, the defendant is likely to bear only a fraction of the liability to which it agrees.

Second, attorneys for each side bargain knowing that this is true. Thus, class counsel can – and likely often do – push defendants for higher payout caps or fund amounts in order to expand the basis for their fee petition without any real expectation that those additional funds will be claimed by the class…. Similarly, unscrupulous class counsel may agree to conditions on a settlement – such as a short timeframe in which to make claims or a burdensome claims procedure – in order to obtain additional concessions from the defendant that purportedly increase the value created by the litigation and that support an enhanced fee award. The defendant, meanwhile, may grant these concessions precisely because the conditions attached to them would make it unlikely that a significant number of class members would cash in.
Id. at 404-406 (internal citations omitted).

This case exhibits many of these features. In particular, the claims procedure specified in this settlement is among the most onerous possible. Class members are required to provide a notarized statement signed under the pains and penalties of perjury in order to recover the modest amount of $50. Few people will go to the trouble of seeking out a notary public and signing a statement under the pains of perjury for a mere $50.

4

Even for Tier Two class members, who can receive up to $150, the proof of payment requirement on top of the notarized statement requirement makes it highly unlikely that many people will go to the trouble of filing a claim for more than $50. The Class Period ended over four years ago, in March 2005. The requirement that Tier Two class members come up with prescriptions, receipts, cancelled checks or credit card statements from over four years ago is the epitome of what Judge Young described in TJX, supra. Class Counsel certainly did not have the best interests of their clients in mind when they agreed to the daunting and insurmountable barriers to making a claim in this case.

In any event, the deadline for filing claims in this case is August 10, 2009, just 14 days after the fairness hearing. As the District of Massachusetts held in similar circumstances, "[t]here seems to be no good reason to guess, when experience will shortly answer the crucial question." *Duhaime v. John Hancock Variable Life Ins. Co.*, 989 F. Supp. 375, 379 (D. Mass. 1997). Objector Sweeney urges this Court to delay awarding any attorneys' fees to Class Counsel until at least a sufficient period of time after the August 10, 2009 claims deadline to permit the parties to report back to this Court about how many claims have been filed, and the total value represented by those claims.

This Court should then award Class Counsel the requested percentage calculated against that figure.

**4. The Settlement Agreement is unfair and inadequate.**

The court should reject the proposed settlement and proposed award of attorney fees. Material and substantive changes to the proposed settlement should be required before the court provides its approval. The reversion clause allowing for undistributed funds to be returned to GSX should be removed. The $150 cap on Tier Two Consumer Claims should be eliminated and

5

the cap for Tier One claims should be raised. The court should re-notice the class. The Notice fails to provide absent class members critical information regarding the proposed settlement. Without this information, absent class members cannot make an informed decision whether to remain in the class or opt out.

The settlement agreement in para 17(C)(vi) mentions, albeit in a cursory fashion, the reversion. However, the documents that absent class members rely on for information to decide whether to stay in or opt out fail to reference the reversion. Neither the class notice nor the claim form address the reversion. This significant omission warrants a re-notice to the class. Moreover, any funds earmarked for reversion should be distributed either to the class pro rata or distributed *cy pres*.

The settlement agreement also provides undue burdens to absent class members. The claim process is too cumbersome and needs to be streamlined. Requiring absent class members to appear in person at a fairness hearing to stand behind their objections flies in the face of Rule 23 procedural and substantive due process requirements even if the hearing for the national class action settlement was taking place in one of the fifty states. Placing this travel burden on absent class members is unreasonable. Class counsel and Defendants should have made provisions available for objecting absent class members to appear by video conference in major cities throughout the United States.

The proposed award of attorney fees is unreasonable and excessive. Absent class members are not provided adequate information regarding the size of the class or the average claim size relative to the proposed cap on consumer claims. Without this critical information given to absent class members, it is premature for an award of attorney fees to be granted. Additionally this critical information is also necessary for absent class members to make an

6

informed choice whether to remain in or opt out of the class.

These objectors adopt and incorporate all other timely filed objections not inconsistent with these objections.

                                        Respectfully Submitted,

                                        /s/   Eugenio Ibarra Pereira
                                        Eugenio Ibarra Pereira
                                        50 Quisqueya Street
                                        San Juan, Puerto Rico 00917-1212
                                        Tel 787-753-0438
                                        Fax 787-767-5784
                                        Puerto Rican Bar No. 16497

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on July 17, 2009, mailed a true copy of the foregoing was mailed via first-class U.S. Mail, postage prepaid, to the following:

Brian R. Strange, Esq.
Strange & Carpenter
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025

Frederick G. Herold, Esq.
Dechert LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040

                                        /s/   Eugenio Ibarra Pereira
                                        Eugenio Ibarra Pereira

.

Case 2:07-cv-01825-CAS-AGR  Document 456-1  Filed 02/07/23  Page 9 of 8 Page ID
Case 3:06-cv-01230-GAG   Document 145   Filed 02/04/13   Page 1 of 8 Page ID
#:4920

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Alma Simonet, Julie Goldenberg, individuals, and Universal Care, Inc., a California Corporation, on behalf of themselves and all others similarly situated,

       Plaintiffs,

v.

SmithKline Beecham Corporation d/b/a GlaxoSmithKline, GlaxoSmithKline Puerto Rico, Inc. and SB Pharmco Puerto Rico Inc.

       Defendant.

Civil No. 06-1230 (GAG)

## AMENDED PRELIMINARY OBJECTIONS TO PROPOSED
## CLASS ACTION SETTLEMENT AND NOTICE OF INTENT TO APPEAR

COMES NOW Objectors, William McWhorter, Kathleen McWhorter, and Suzanne Colvin, by and through their undersigned counsel, and hereby files these Amended Preliminary Objections to the Notice of Class Action and Proposed Settlement of SmithKline Beecham Corporation d/b/a GlaxoSmithKline, GlaxoSmithKline Puerto Rico, Inc. and SB Pharmco Puerto Rico Inc., (hereinafter GSX) and in support thereof, state as follows:

### PROOF OF MEMBERSHIP IN CLASS

Objectors, William and Kathleen McWhorter, whose address is 11114 NW 38th Lane in Gainesville, Florida 32606, referred to the undersigned counsel by a Florida attorney, Paul S. Rothsein and an Alabama attorney F. Hilton Tomlinson, received the published "NOTICE OF PROPOSED CLASS ACTION SETTLEMENT". Pursuant to the class definition William and Kathleen McWhorter are class members.

Objector, Suzanne Colvin, whose address is 2716 NW 22nd Drive in Gainesville, Florida 32601, referred to the undersigned counsel by a Florida attorney, N. Albert Bacharach, Jr., received the published "NOTICE OF PROPOSED CLASS ACTION SETTLEMENT". Pursuant to the class definition Suzanne Colvin is a class member.

## NOTICE OF INTENT TO APPEAR

Objectors William McWhorter, Kathleen McWhorter and Suzanne Colvin, (hereinafter "The McWhorter Objectors") hereby give notice that they intend to appear, by undersigned counsel, at the Fairness Hearing presently scheduled in this matter on July 27, 2009 at 12 Noon, before the Honorable Gustavo A. Gelpi, District Judge, in the United States District Court for the District of Puerto Rico, to cross-examine witnesses, and, to present legal argument. The McWhorter Objectors do not intend to offer documents into evidence or to call witnesses.

## OBJECTIONS

The McWhorter Objectors hereby adopt the following well plead objections previously filed with this **The Settlement Allocates 40% of the Settlement Fund to Unharmed** court:

" **1. Third Party Payors.**

This is a case for manufacturing defects in oral pills. The harm was suffered solely by the end users, in this case, Mr. Allen. The Third Party Payors suffered no harm from the defectively manufactured pills, since the consumers paid no less for those pills, nor did they demand refunds from Third Party Payors or from the drug retailers after taking the defective pills. Therefore, there is no rational basis for allocating any portion of the settlement fund to Third Party Payors, let alone 40% of the total. 100% of the settlement fund should be paid to consumers, with no reversion.

2

### 2. Consumer Subclass Members Were Not Adequately Represented.

The same Class Counsel that represented the Consumer Subclass in this case also simultaneously represented the Third Party Payors, and, most critically, represented both Subclasses during negotiation of the settlement allocation. In order to be adequately represented, each Subclass must have its own independent, unconflicted counsel arguing solely for its interests, and not carving up a settlement fund by fiat in order to make the deal work so that Class Counsel may receive its fee.

[W]e know of no authority that permits a court to approve a settlement without creating subclasses on the basis of consents by members of a unitary class, some of whom happen to be members of distinct subgroups. The class representatives may well have thought that the Settlement serves the aggregate interests of the entire class. But the adversity among subgroups requires that the members of each subgroup cannot be bound to a settlement except by consents given by those who understand that their role is to represent solely the members of their respective subgroups. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 627 (1997) (quoting *In re Joint Eastern and Southern Dist. Asbestos Litig.*, 982 F.2d 721, 742-743 (2d Cir. 1992)).

### 3. Attorneys' Fees Must Be Based On Amounts Actually Claimed by Class Members.

Judge Young of the District of Massachusetts recently adopted as the rule of the First Circuit that attorneys' fees in class actions must be based upon the

amount of benefits actually claimed by members of the class. *In re TJX Cos. Retail Security Breach Litig.*, 584 F. Supp. 2d 395 (D. Mass, 2008). In that case, Judge Young announced that, in settlements that do not result in the creation of a non-reversionary cash fund, and which provide that the defendant will pay claims on an as-made basis, the award of attorneys' fees to class counsel must be based on the amount of benefits actually claimed by the class.

Simply awarding fees by reference to the valuation of the settlement presented by counsel requires a court to ignore two interrelated realities about class litigation. First, only a fraction of any given class is likely to claim the benefits provided for in a settlement… In any given case, class member nonparticipation may be attributed to a variety of factors: an ineffective notice program that fails to make class members aware of their rights, unappealing benefits that do not provide sufficient incentive for class members to invest the effort to submit a claim, or a claims process that is confusing, time-consuming, or requires class members to submit documentation or information they are unlikely to have in order to obtain relief. The facts remains, however, that in a reversionary common fund or a claims-made settlement, the defendant is likely to bear only a fraction of the liability to which it agrees.

Second, attorneys for each side bargain knowing that this is true. Thus, class counsel can – and likely often do – push defendants for higher payout caps or fund amounts in order to expand the basis for their fee petition without any real expectation that those additional funds will be claimed by the class…. Similarly, unscrupulous class counsel may agree to conditions on a settlement – such as a

short timeframe in which to make claims or a burdensome claims procedure – in order to obtain additional concessions from the defendant that purportedly increase the value created by the litigation and that support an enhanced fee award. The defendant, meanwhile, may grant these concessions precisely because the conditions attached to them would make it unlikely that a significant number of class members would cash in.

Id. at 404-406 (internal citations omitted).

  This case exhibits many of these features. In particular, the claims procedure specified in this settlement is among the most onerous possible. Class members are required to provide a notarized statement signed under the pains and penalties of perjury in order to recover the modest amount of $50. Few people will go to the trouble of seeking out a notary public and signing a statement under the pains of perjury for a mere $50.

  Even for Tier Two class members, who can receive up to $150, the proof of payment requirement on top of the notarized statement requirement makes it highly unlikely that many people will go to the trouble of filing a claim for more than $50. The Class Period ended over four years ago, in March 2005. The requirement that Tier Two class members come up with prescriptions, receipts, cancelled checks or credit card statements from over four years ago is the epitome of what Judge Young described in TJX, supra. Class Counsel certainly did not have the best interests of their clients in mind when they agreed to the daunting and insurmountable barriers to making a claim in this case.

  In any event, the deadline for filing claims in this case is August 10, 2009,

5

just 14 days after the fairness hearing. As the District of Massachusetts held in similar circumstances, "[t]here seems to be no good reason to guess, when experience will shortly answer the crucial question." *Duhaime v. John Hancock Variable Life Ins. Co.*, 989 F. Supp. 375, 379 (D. Mass. 1997). Objector Sweeney urges this Court to delay awarding any attorneys' fees to Class Counsel until at least a sufficient period of time after the August 10, 2009 claims deadline to permit the parties to report back to this Court about how many claims have been filed, and the total value represented by those claims.

This Court should then award Class Counsel the requested percentage calculated against that figure**."**

Additionally, the McWhorter Objectors offer the following objection as to the fairness and adequacy of the settlement:

**4.      The Settlement Agreement is unfair and inadequate.**

The Court should reject the proposed settlement and proposed award of attorney's fees. Material and substantive changes to the proposed settlement should be required before the Court provides its approval. The reversion clause allowing for undistributed funds to be returned to GSX should be removed. The $150 cap on Tier Two Consumer Claims should be eliminated and the cap for Tier One claims should be raised. The Court should re-notice the class. The Notice fails to provide absent class members critical information regarding the proposed settlement. Without this information, absent class members cannot make an informed decision whether to remain in the class or opt out.

The settlement agreement in paragraph 17(C)(vi) mentions, albeit in a cursory fashion, the reversion. However, the documents that absent class members rely on for information to

6

decide whether to stay in or opt out fail to reference the reversion. Neither the class notice nor the claim form address the reversion. This significant omission warrants a re-notice to the class. Moreover, any funds earmarked for reversion should be distributed either to the class pro rata or distributed *cy pres*.

The settlement agreement also provides undue burdens to absent class members. The claim process is too cumbersome and needs to be streamlined. Requiring absent class members to appear in person at a fairness hearing to stand behind their objections flies in the face of Rule 23 procedural and substantive due process requirements even if the hearing for the national class action settlement was taking place in one of the fifty states. Placing this travel burden on absent class members is unreasonable. Class counsel and Defendants should have made provisions available for objecting absent class members to appear by video conference in major cities throughout the United States.

The proposed award of attorney's fees is unreasonable and excessive. Absent class members are not provided adequate information regarding the size of the class or the average claim size relative to the proposed cap on consumer claims. Without this critical information given to absent class members, it is premature for an award of attorney's fees to be granted. Additionally this critical information is also necessary for absent class members to make an informed choice whether to remain in or opt out of the class.

These objectors adopt and incorporate all other timely filed objections not inconsistent

with these objections.

                                          Respectfully Submitted,

                                          /s/   Michelle Bonilla-Sotomayor
                                          MICHELLE BONILLA-SOTOMAYOR
                                          USDC-PR 219609
                                          315 Ave. Winston Churchill
                                          Urb. El Senorial
                                          San Juan, Puerto Rico 00926
                                          bonillasotomayor@gmail.com
                                          Tel 787-753-0438
                                          Fax 787-767-5784

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that on this 23nd day of July, 2009, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF filing system and that the following attorney will automatically be notified by the CM/ECF electronic mail system.

Brian R. Strange, Esq.
Strange & Carpenter
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025

Frederick G. Herold, Esq.
Dechert LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040

                                          /s/   Michelle Bonilla-Sotomayor
                                          MICHELLE BONILLA-SOTOMAYOR

.