# EXHIBIT F

Case 2:07-ml-01825-CAS -MAN   Document 450-6   Filed 02/04/11   Page 1 of 10   Page ID #:4928

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

In re: MCI NON-SUBSCRIBER § MDL DOCKET NO. 1275
TELEPHONE RATES § ALL CASES
LITIGATION §
§
§ (Judge David R. Herndon)

# WILLIAM AND KATHLEEN MCWHORTER AND CAUFIELD AND ASSOCIATES, INC.'S OBJECTIONS TO CLASS ACTION SETTLEMENT AGREEMENT

William and Kathleen McWhorter and Caufield and Associates, Inc., heretofore absent members of the class, tender the following objections to the proposed class action settlement in the above-captioned case. These objections are being made, through undersigned counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Notice of Pendency of Class Action and Proposed Settlement.

1) The total amount of legal fees being applied for, $25,520,000 (29% of the settlement fund), is excessive, in light of the work involved, the real and relative value of the total benefit conferred upon the class by this settlement, and the conflicts referred to herein below. In addition to attorneys fees, class counsel seek reimbursement of expenses. Both will be deducted from the Settlement Fund. The Court, in its January 12, 2001 order, required the defendants to advance up to $5.3

million for notice and other administrative expenses. The original settlement fund of $88 million will be reduced substantially by counsel's fees and, presumably, expenses.

Because this case involves a common fund, the court must carefully scrutinize requests for fees and expenses.

> In common fund cases, once the attorneys secure a settlement for the class, they petition the court for compensation from the same fund. Thus their role changes from one of a fiduciary for the clients to that of a claimant against the fund created for the clients' benefit... The court becomes the fiduciary for the fund's beneficiaries and must carefully monitor disbursement to the attorneys by scrutinizing the fee applications.
> Skelton v. General Motors Corp., 860 F.2d 250, 253 (7th Cir. 1988) (internal citations omitted).

Counsel for the Plaintiff class herein are subject to a conflict of interest, which arises from the fact that the legal fees paid to them could have been included in the cash amount of class benefits available in this settlement. "Class actions differ from ordinary lawsuits in that the lawyers for the class, rather than the clients, have all the initiative and are close to being the real parties in interest." Mars Steel Corp. v. Continental Ill. Nat. Bank & Trust Co., 834 F.2d 677, 678 (7th Cir. 1987).

2) The settlement is unfair, unreasonable and inadequate for other reasons as well. It is extremely difficult for potential class members (like Caufield &

Associates, Inc.) to even determine whether they are members of the class described in the Notice of Pendency of Class Action and Proposed Settlement (Notice) and the "FAQ" section of the official website for the class action. As stated in Section 5 of the "FAQ" section:

> If MCI was your carrier for long-distance telephone service at any time from February 5, 1996 through October 15, 2000, and you paid MCI's non-subscriber rates and surcharges for direct dialed calls you made while an MCI subscriber, then you are in the class.

However, as acknowledged in the Notice and the "FAQ" section, customers cannot simply refer to their past bills to determine if they paid non-subscriber rates and surcharges. Although the Notice does provide a toll free number for customers to file a claim, that number does not permit potential class members to confirm whether or not they are class members. Due to the inability to determine class membership, many potential class members may be unwilling to object or pursue receiving the relief provided for in the settlement, but nevertheless will have released and waived their rights.

3) The Notice is confusing. In order to submit a claim under Option A, one must state the time period in which one "may" have been charged non-subscriber rates and surcharges. Under this construction, all MCI customers during the required time period should submit a claim form. Those who rely on the Notice

or "FAQ" for the definition of the class, however, will be unlikely to submit the claim form, thereby substantially reducing the legitimate uptake rate.

"The purpose of Fed. R. Civ. P. 23(e) is to protect the interest of absentee class members; the danger of abuse is high and the protection of their interests cannot be left to class counsel alone." In re General Motors Corp. Engine Interchange Litigation, 594 F.2d 1106, 1122 (7th Cir. 1979). The court must act as the guardian of the class to protect absent class members.

4) In addition to the unfairness set forth above, the relief provided to class members is grossly inadequate. Although the information provided in the Notice and "FAQ" section of the official website does not permit us to reach definitive conclusions as to the full scope of the inadequacies, it does provide minimum base parameters for determining that the relief is insufficient. According to the Notice, 5.3 million class members were sent copies of the Notice. However, given that all MCI customers during the requisite time period may submit a claim form, the actual number of class members is likely to be far greater, and would include those like Caufield and Associates, Inc. who never received a Notice, but did experience billing irregularities.

Due to the over four and a half year span of MCI's assessment of non-subscriber rates and surcharges for direct-dialed calls, it is certainly reasonable to

4

believe that Option A would provide greater relief than Option B for those who have the required information to make claims under Option A. However, even if one assumed that all class members would chose the minimal $75 apiece relief provided by Option B, the settlement fund would be grossly insufficient to pay all claims. Even if just the class members who actually were sent the Notice submitted Option B forms, 5.3 million class members times $75 = **$397,500,000**, far more than the gross settlement fund of $88,000,000.

Additionally, according to the Notice, class counsel will apply for 29% of the settlement fund, a total of $25,520,000 in attorney fees, leaving the settlement fund with $62,480,000 net after attorney fees. Although the Notice does not set a maximum on the expenses class counsel will be permitted to receive, assuming that those expenses are approximately $5,000,000 (see above), the settlement fund will be left with $57,480,000. The estimated remainder of the fund that will actually go to the class members then would amount to a mere 14.46% of the minimal amount of MCI overcharges, in the form of surcharges and non-subscriber rates, as provided for under the minimal Option B refund, just to noticed class members.

5) Class members may be reluctant to submit a claim under Option B. In order to submit a claim under Option B, class members must swear under penalty of perjury that they have a good faith belief that they paid non-subscriber rates and

surcharges. Due to the fact that prior phone bills will not specifically state whether customers were charged non-subscriber rates and surcharges, class members may not be confident that they have the requisite "good faith belief" that they paid non-subscriber rates and surcharges.

6) Contemporaneously herewith, the Objectors, through their counsel, have filed a Motion to Intervene in this case, with attached Complaint in Intervention, which seeks relief designed to address the objections contained herein.

7) Intervenors' names are: William and Kathleen McWhorter and Caufield and Associates, Inc. The McWhorter's telephone number during the class period was (352) 376-6208. Caufield and Associates, Inc.'s telephone number during the class period was (502) 454-3394.

8) Intervenors/Objectors, intend to attend and argue at the Fairness Hearing, through counsel, and have submitted, contemporaneously herewith, a notice of such intent. Counsel anticipates requiring approximately thirty (30) minutes to one (1) hour to present objections and be heard.

9) William and Kathleen McWhorter and Caufield and Associates, Inc. reserve the right to adopt any other objections timely made by other Class Members to the proposed Class Settlement herein.

10) As to witnesses and exhibits, William and Kathleen McWhorter and

Caufield and Associates, Inc., through counsel, may present their own affidavits at the fairness hearing, together with exhibits, including possibly, but not limited to, billing statements and notice/mailing information, and documents which others or they may have obtained by discovery conducted so far or permitted by the Court hereinafter. William and Kathleen McWhorter and Caufield and Associates, Inc. specifically reserve their rights to conduct discovery regarding their objections, and to rely upon the documents and witnesses, whether live, by deposition, or by affidavit, introduced by any party hereto, or any other objector or intervenor herein, to support their objections and intervention.

WHEREFORE, the Objectors/Intervenors requests the following from the Court:

A) The objections asserted herein should be sustained;

B) After discovery and hearing, the Court should enter such Orders as are necessary and just to address the Objections contained herein;

C) The Court should withdraw any conditional approval of the proposed class action settlement;

D) The Court should permit Objectors, through their counsel, to have both deposition and document discovery on all issues

7

raised by these Objections; and,

E) If the Settlement is not modified to eliminate the unfairness asserted by these Objections, the Court should order this case to proceed on good faith prosecution of both the class certification and the merits of the case.

Respectfully submitted,

*/s/ RW/B*

Robert W. Bishop, Esq.
Ky. Bar No. 05272
6520 Glenridge Park, Suite 6
Louisville, Kentucky 40222
(502) 425-2600
Counsel for Intervening Plaintiffs,
William and Kateleen McWhorter and
Caufield and Associates, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing, Objections to Proposed Class Action Settlement Agreement were sent via Federal Express Priority and U.S. mail where indicated, postage prepaid, on this the 17th day of March, 2001, to the following:

A.J. De Bartolomeo, Esq.
Daniel C. Girard, Esq.
Girard & Green, LLP
160 Sansome Street, Suite 300
San Francisco, CA 94104

Steven A. Katz, Esq.
Carr, Korein, Tillery Kunin, Montroy, Cates, Katz & Glass, L.L.C.
10 Executive Woods Court
Belleville, IL 62226
and

412 Missouri Avenue
East St. Louis, IL 62201

and

P.O. Box 4310          (U.S. Mail)
Fairview Heights, IL 62208

Carl S. Nadler, Esq.
Jenner & Block
601 13th Street, N.W.
Washington, D.C. 20005

_____
Counsel for Objectors/Intervening Plaintiffs