# EXHIBIT I

FILED
APR 19 2001
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: MCI NON-SUBSCRIBER TELEPHONE RATES LITIGATION | MDL DOCKET NO. 1275 ALL CASES (Judge David R. Herndon) |

### MEMORANDUM AND ORDER

**Herndon, District Judge:**

On March 29, 2001, this Court held a hearing on Plaintiffs' motion for final approval of the proposed class action settlement in this case; Plaintiffs' proposed plan of allocation; the application of Plaintiffs' counsel for an award of attorneys' fees and costs and incentive payments to the class representatives; and the motions to intervene by purported class members objecting to the settlement and Plaintiffs' counsel's application.

The Court has considered motions to intervene by the following objectors: (1) Jonathan I. Arnold; (2) James Cerveny; (3) John R. Corey and Michael Livingston; (4) Melody L. Fields and Peter B. Cummins; (5) Yolanda V. Luna; (6) Kathleen and William McWhorter and Caufield & Associates, Inc.; (7) Alan Rothstein, Rick Schweinberg, and Laura Ellis; (8) Leslie Sax and Lawrence Wolfson; (9) Tri-County Abstract Company, John J. Pentz, Jr., Connie Pentz Realty, and Joel Shapiro; and (10) Ronald K. Weintraub. The Court has evaluated the motions in light of Seventh Circuit precedent concerning the intervention of class members who object to settlements or associated attorneys' fee awards. *See Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 881 (7th Cir. 2000)(in reversing order approving **procedurally suspect and "substantively troubling"** settlement, stating that objectors **should be freely allowed intervention to appeal**); *Cusack v. Bank United of Texas*, 159 F.3d

1

1040, 1042 (7th Cir. 1998)(affirming denial of objectors' motion to intervene, where they failed to show they were prejudiced or otherwise adversely affected by settlement).

The Court has considered all relevant factors and finds that the movants fail to satisfy the requirements for intervention of right under **FEDERAL RULE OF CIVIL PROCEDURE 24(a)** or permissive intervention under **RULE 24(b).** In particular, the Court finds that the movants have failed to show, under Rule 24(a), that they have an interest relating to the property or transaction that is the subject of this action, that they are so situated that disposition of the action may as a practical matter impair or impede their ability to protect that interest, and that their interest is inadequately represented by existing parties. The Court also finds that the movants have failed to show, under Rule 24(b), that they have a claim sharing a question of law or fact with this action, and that their intervention would not unduly delay or prejudice the adjudication of the rights of the original parties or the class.

For instance, the movants have failed to make an adequate showing that they are members of the class; and that they have been billed by Defendants and paid nonsubscriber surcharges or rates for direct-dialed long distance telephone calls for which they have not received credits; and that they have filed or intend to file claims under the settlement, such that their interests would be adversely affected by approval of the settlement or Plaintiffs' counsel's application for attorneys' fees and costs and incentive awards. The movants' submissions reflect a lack of familiarity with the litigation generally and the terms of the settlement in particular. Virtually all of the movants are represented by counsel, who could have gained such awareness simply by reviewing the documents in the Court's publicly accessible files. By itself, the movants' lack of familiarity with the settlement they attack raises serious doubt about whether they are truly seeking to protect a genuine interest in this matter.

Further, the movants have failed to show any prejudice from the form or manner in which notice was given to the class. The Court has found that the form and manner of notice given in this case complied with **FEDERAL RULE OF CIVIL PROCEDURE 23(c)(2)** and the due process clause of the United States Constitution. The movants' submissions show that they themselves received enough information about the terms of the settlement to understand their options for making claims against the settlement fund and for making objections. Furthermore, the movants do not argue they were not sufficiently informed about the procedures for excluding themselves from the class.

The movants have also failed to show any prejudice from the substantive terms of the settlement. The settlement gives all class members the option of receiving (a) a full or close to full refund of actual overcharges resulting from nonsubscriber overbilling by supplying a minimal amount of information, or (b) a $75 flat payment by supplying even less. The Court has found this consideration fair, reasonable, and adequate for the class members' release of claims against Defendants for nonsubscriber billing. As discussed above, the movants' submissions show that they understood these options. If dissatisfied with this consideration, the movants could have excluded themselves from the class and preserved any claims they might have against Defendants. Again, the movants' submissions do not show they misunderstood the exclusion option.

Furthermore, the movants have failed to show that they have been inadequately represented in this litigation. On the contrary, the Court finds that the representation of the class by Plaintiffs and their counsel has been more than adequate at all times. The movants' ability to file and argue objections to the settlement and Plaintiffs' counsel's application for attorneys' fees and costs and incentive awards refutes any argument that their views on these matters have not been advocated. Conversely, the movants have failed to show that they themselves will

adequately represent the class in prosecuting their objections. By moving to intervene as named parties in this class action, the movants effectively seek to join the litigation as class representatives or usurp the existing ones. Either course requires them to show they are adequate class representatives. Through their very objections, however, the movants have shown their interests to be antagonistic to the vast majority of class members who have accepted the terms of the settlement, including the many who have sent letters or e-mails enthusiastically supporting it. In addition, the movants' lack of familiarity with the litigation and the settlement raises further concern about their ability to adequately represent the class. *See Gottlieb v. Wiles*, **11 F.3d 1004, 1008 (10th Cir. 1993)(affirming denial of motion to intervene)("Permitting unnamed class members to pursue an appeal contrary to the wishes of the named class representatives would effectively substitute the unnamed members for the certified class representatives . . . . Since in this case the Welches are the only class members to have objected to the terms of the settlement, their interests are not compatible with those of the other members of the class, and the Welches would thus be ineligible to represent the class."),** *cited in In re Brand Name Prescription Drugs Antitrust Litig.*, **115 F.3d 456, 458 (7th Cir. 1997).**

Therefore, having considered all papers submitted and oral argument presented in support of and in opposition to the motions to intervene, the full record of this litigation, and the totality of the circumstances, the Court **DENIES** all motions to intervene (Docs. 55, 63, 71, 80, 84, 91, 92, 94, and 101).

**IT IS SO ORDERED.**

Signed this 19th day of April, 2001.

DAVID R. HERNDON
United States District Judge

4