# EXHIBIT L

**The Madison St. Clair Record**

http://www.madisonrecord.com

## Madison County

### Plaintiffs in $63 million Paxil case claim 'objectors' violated RICO in new class action

6/9/2007 5:00 PM By **Steve Gonzalez**  -Edwardsville Bureau



Plaintiffs who won a nationwide $63.8 million Paxil class action case have filed another claim in Madison County Circuit Court alleging two lawyers and a citizen from Florida conspired to exploit the U.S. legal system for their own personal gain.

Last month Madison County Associate Judge Ralph Mendelsohn approved the whopping settlement against GlaxoSmithKline (GSK) in a case that alleged the pharmaceutical company promoted Paxil and Paxil CR to children under 18, while withholding information about Paxil's safety and effectiveness.

Teri Hoormann and Mary Kopsie were the class representatives in that case and again in the new one filed June 7.

In the newer case, Hoormann and Kopsie accuse defendants who objected to the settlement, lawyers N. Albert Bacharach, Jr. and Paul S. Rothstein, and citizen Lillian Rogers, of "extortionate behavior" that has caused damages to consumers across the country, while enriching the trio and their alleged co-conspirators with millions of dollars.

"As a result of these illegal activities, defendants are individually liable for three-times the amount that they have gained," the complaint states.

Hoormann and Kopsie are represented by Stephen Swedlow of Chicago. Swedlow is one of the class attorneys in the Paxil case along with Stephen Tillery.

Tillery is not listed on the new class action, though he and Swedlow work closely in several class actions in Madison County.

Hoormann and Kopsie claim Bacharach and Rothstein assisted Rogers in preparing a "frivolous" objection to the Paxil class action settlement.

Under the settlement, anyone who purchased Paxil for someone under 18 will get 100 percent of their out-of-pocket expenses reimbursed if they have proof and file a claim by Aug. 31.

Anyone who does not have proof of purchase is still entitled to receive up to $100 if the claim is supported by an affidavit swearing that Paxil was purchased.

Hoormann and Kopsie allege the objection filed by the Florida trio was not filed in good faith and was intended to mask their wrongful threat to cause economic harm by impeding and delaying payment of the settlement unless they were paid money to which they have no lawful claim.

"Rogers' sworn testimony reveals that her total damages in the Hoorman matter were 'less than $40 but not more than $60' for which the settlement provides full recovery," the complaint states.

They claim that as a result of the defendants actions, they realized that their lawful benefits will be delayed thus causing them damage.

However, on the day of the fairness hearing on April 26, which was delayed about a month because of a scheduling conflict with Mendelsohn, objector attorneys actually negotiated a better settlement for the class.

Tillery also reportedly gave some of the objectors money out of the $17.5 million in attorneys fees he was to receive in an effort to execute the settlement.

Under the preliminary agreement, undocumented claimants would have only received $15, but during negotiations, GSK raised the amount and removed the $300,000 cap on undocumented claims.

GSK had asked for the cap on undocumented claims so that it could cut losses on people who never purchased Paxil, but filed a claim anyway as a way to make a quick dollar.

Tillery also reached a settlement with attorneys in a competing class action that will compensate attorneys for the work they did.

Hoormann and Kopsie also claim this is not the first time this group of lawyers have "abused and misused" the legal process to extort money to which they have no lawful claim.

They claim the defendants are part of an enterprise that consists of themselves, other "objector" attorneys and other people who serve as objectors in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO).

"The Enterprise is an ongoing organization, which engages in, and whose activities affect interstate commerce," the complaint states.

Hoormann and Kopsie claim the three lawyers maintain an interest in and control of the enterprise through a pattern of racketeering activity.

According to Hoormann and Kopsie, the defendants' control and participation in the enterprise is necessary for the successful operation of their scheme.

"In order to successfully obtain monies and other considerations from class settlements, defendants had to have a system which allows them to exact leverage over those classes," the complaint states. "The Enterprise provides defendants that ability."