# EXHIBIT A

**United States District Court for the Central District of California**

# NOTICE OF CLASS ACTION SETTLEMENT

*In Re Midland National Life Insurance Co. Annuity Sales Practices Litigation,*
MDL No. 07-1825 (CAS)

**THIS NOTICE IS FOR PERSONS WHO OWN OR HAVE OWNED A DEFERRED ANNUITY ISSUED BY MIDLAND NATIONAL LIFE INSURANCE COMPANY TO A PERSON AGE 65 OR OLDER OR A TRUST WITH AN ANNUITANT AGE 65 OR OLDER, AND WHO MAY BE ENTITLED TO BENEFITS FROM THIS CLASS ACTION SETTLEMENT.**

*A federal district court authorized this Notice. This is not junk mail, an advertisement or a solicitation from a lawyer.*

- To be a member of the Settlement Class, you must either own, or have been the last person to own, a deferred annuity listed in section 6 of this Notice (referred to as "Annuities") that was issued by Midland National Life Insurance Co. ("Midland") to a person age 65 or older at the time of purchase or a trust with an Annuitant age 65 or older at the time of purchase, during the time period between January 25, 2001 and June 30, 2007, and not be either (1) a member of the class that was certified in Peterman v. North American Company for Life and Health Insurance and Midland National Life Insurance Company, pending in the Superior Court of California for the County of Los Angeles; or (2) the owner or former owner of a fixed indexed annuity issued by Midland from May 3, 2001 to July 25, 2006, to a person whose application was signed in Hawaii and who was 65 years of age or older on the issue date of the annuity.

- Under the Settlement, you may be entitled to receive Settlement benefits in the form of either Surrender Charge Reduction Benefits, which require submission of a Claim Form and participation in the Claim Review Process, or an Annuitization Bonus. If you have an Active Deferred Annuity and do not elect and obtain Surrender Charge Reduction Benefits, you will be eligible for an Annuitization Bonus, which will be calculated based on the number of years that have elapsed since your Annuity was issued, if you elect to receive periodic payments calculated on the basis of the rates set forth in your Annuity and the payments are to be made over a Qualifying Period. Further information is provided in section A of the response to Question 11 below. Alternatively, you may choose to submit the Claim Form enclosed with this Notice and participate in the Claim Review Process, which may reduce the Surrender Charges on your Annuity by up to 75%. If you have already surrendered your Annuity and paid Surrender Charges, you may be able to obtain a partial refund of those Surrender Charges of up to 75% by submitting a Claim Form. If you have an Annuity that was annuitized prior to the entry of the Final Order and Judgment approving this Settlement, you will not qualify for the aforementioned Settlement benefits, but instead will automatically receive a 2% increase to your annual annuity payment during the payout period. Each of these Settlement benefits are discussed in detail in the response to Question 11 of this Notice.

- If you surrendered your Annuity and received the full Accumulation Value without penalty you are not eligible for settlement benefits as to that Annuity.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **DO NOTHING** | If you do nothing with respect to the matters described in this Notice, you will be subject to the Settlement. You will be bound by the Release described in response to Question 13, which means you will give up any claims you have with respect to your Annuities. Your ability to obtain Settlement benefits will depend on whether you have an Active Deferred Annuity or an Annuity that has been Annuitized or have fully surrendered your Annuity.<br><br>The benefits available to you will vary depending on the circumstances, as follows:<br>• If you have an Active Deferred Annuity and do not submit a Claim Form, you will give up any Claim you might have had to Surrender Charge Reduction Benefits; you may, however, still be entitled to receive the default relief under the Settlement. The default relief is the Annuitization Bonus, which is available if you have an Active Deferred Annuity and you Annuitize your Annuity after entry of the Court's Final Order approving the Settlement. The Annuitization Bonus provides a higher guaranteed periodic payment if you elect to receive payments over the longer of your lifetime or ten years.<br>• If you have an Annuity that has already been Annuitized or is Annuitized before entry of the Court's Final Order approving the Settlement, you are not eligible for Surrender Charge Reduction Benefits; you may, however, be entitled to receive a 2% enhancement to each of your periodic annuity payments to be made after the Implementation Date for the Settlement.<br>• If you have fully surrendered your Annuity, and you do not submit a Claim Form, you will not receive any benefits under the Settlement. |
| **SUBMIT A CLAIM FORM** | If you have an Active Deferred Annuity or you have fully surrendered your Annuity and you want to apply for the Surrender Charge Reduction Benefits, you must submit a Claim Form. Claim Forms must be mailed with a postmark no later than January 25, 2011. Surrender Charge Reduction Benefits are not available if your Annuity has been Annuitized. |
| **EXCLUDE YOURSELF** | You must submit a timely written request to exclude yourself from the Settlement by January 14, 2011. **If you choose to exclude yourself, you will not receive the benefits available under the terms of the Settlement.** |
| **OBJECT** | You may write the Court about why you do not like the Settlement. Written objections to the Settlement must be filed with the Court no later than January 14, 2011. Making an objection does not exclude you from the Settlement. If the Settlement is approved, you will be subject to the Settlement and will be bound by the Release described in response to Question 13, which means you will give up any claims you have with respect to your Annuities. |
| **GO TO THE HEARING** | If you timely object in writing to the Settlement as described in the Notice and file a timely Notice of Intention to Appear at the Fairness Hearing, you will be entitled to ask to speak in Court about the fairness of the Settlement during the Fairness Hearing set for February 28, 2011. |
| **APPEAR THROUGH AN ATTORNEY** | You may enter an appearance in this case through an attorney if you desire, but you will still need to comply with the requirements for objecting to the Settlement and appearing at the fairness hearing. |

- These rights and options — and the deadlines to exercise them — are explained in this Notice.
- This Notice is merely a summary of the terms and provisions of the proposed Settlement. For a complete description of the terms and provisions of the proposed Settlement, including certain exceptions, conditions, and limitations that may not be addressed herein, you should read the Settlement Agreement filed with the Court and available at www.MDL1825SettlementMidlandAnnuity.com or by calling 1-800-387-5388. Capitalized terms in this Notice and the Claim Form have the meanings assigned in the Settlement Agreement.
- The Court in charge of this case still has to decide whether to approve the Settlement. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this Notice Package?

You are listed in Midland's records as being either the current or the last Owner of an Annuity that is included in the Settlement.

The Court directed that the parties send you this Notice because you have a right to know about a proposed Settlement of a class action lawsuit and about your options before the Court decides whether to approve the Settlement. If the Court approves it and after objections and appeals are resolved, Midland will provide the benefits provided for in the approved Settlement.

This package explains the litigation, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California, and the case is known as *In Re Midland National Life Insurance Co. Annuity Sales Practices Litigation*, MDL No. 07-1825 (CAS). Mary P. Munoz, Robert D. Kaiser, Nancy Bendzak, as attorney in fact for Mary Bendzak, and Mary Bendzak, the persons who sued and have been designated to represent all members of the Settlement Class in this matter, are called the "Plaintiffs," and the company they sued, Midland, is the "Defendant."

### 2. What is this litigation about?

The representative Plaintiffs have brought this litigation on behalf of themselves and other persons 65 years of age or older to assert claims against Midland with respect to certain deferred Annuities issued by Midland. Plaintiffs allege that Midland targeted senior consumers and sold them costly and poorly performing deferred Annuities with steep surrender penalties, unfair interest adjustments, and excessive commissions and other costs. In addition, Plaintiffs have contended that Midland used standardized written sales and product materials that misrepresented and failed to disclose critical facts concerning its deferred Annuities, including the allegedly excessive commissions paid to Midland's sales agents and other costs associated with design, marketing, and administration of the contracts, and their effect on performance of the Annuities.

Plaintiffs claim that the conduct described above violates the federal civil RICO statute, §18 U.S.C. 1962, and certain California consumer protection laws, including §§ 17200 and 17500 of the California Business and Profession Code, and California's Financial Elder Abuse Act (Welf. & Inst. Code § 15610.30). Plaintiffs seek monetary relief arising out of Defendant's allegedly improper conduct in connection with the marketing and sale of its Annuities to senior citizens in the form of restitution, compensatory, punitive and other exemplary damages, as well as interest, legal fees and costs. The litigation also seeks injunctive relief that would require the Defendant to change certain of its business practices.

Midland denies any and all liability to Plaintiffs or the Settlement Class identified below and contends that Plaintiffs and the Settlement Class are not entitled to any form of monetary damages, restitution or injunctive relief. Midland contends that no member of the proposed Settlement Class has suffered any damage or loss. Midland contends that the Annuities contain many features that provide liquidity and are useful savings tools in that they protect the holder against substantial market uncertainties and downturns. Midland further contends that the written materials used to market and sell its Annuities are not misleading, and that it has completely fulfilled its various obligations to Owners of the Annuities as promised in the applicable Annuities.

### 3. Why is there a class action?

In a class action, one or more people, called Class Representatives (in this case Plaintiffs Mary P. Munoz, Robert D. Kaiser, Nancy Bendzak, as attorney in fact for Mary Bendzak, and Mary Bendzak), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. United States District Court Judge Christina A. Snyder is in charge of this case, and she has conditionally certified it as a class action for purposes of settlement.

### 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendant. Instead, both sides have agreed to a settlement. The Class Representatives and their attorneys think the Settlement is in the best interest of the Settlement Class.

## WHO IS IN THE SETTLEMENT

To see if you are included in this Settlement, you first have to determine if you are a Settlement Class Member.

### 5. How do I know if I am part of the Settlement?

The Settlement includes all individuals and trusts (including co-owners, but not corporations or partnerships) who have or had an ownership interest in a deferred annuity listed in section 6 issued by Midland to a person who was 65 years old or older (or if the owner was a trust, the annuitant was 65 years old or older) between January 25, 2001 and June 30, 2007 (the "Class Period"), except individuals who are excluded from the Settlement Class as described in the response to Question 7, below.

### 6. Do I own a Deferred Annuity included in the Settlement?

To take part in the Settlement, you must own or have owned one of the following annuity products issued by Defendant during the Class Period: APP 10, APP 16, Bonus 5, Bonus 10, Bonus 11, Capstone 7 yr, Capstone 10 yr, Capstone 14 yr, Direct 10, Direct 16, Direct Bonus, Direct Flex, Direct Guarantee, Direct Guarantee Plus, Four Seasons 14 yr, Guarantee Bonus 15, Guarantee Nine, Innovator 7 yr, Innovator 10 yr, Innovator 14 yr, Legacy 10, Legacy Bonus 5, Legacy Bonus 11, Legacy Select, Mainstreet 4 yr, MNL 5, MNL 6, MNL 10, MNL Flex I, MNL Flex I-ROP, MNL Flex II, MNL Flex II-ROP, MNL Flex III, MNL Flex III-ROP, MNL Leader, MNL Legacy, MNL Select 6 yr 5% PF, MNL Select 6 yr 10% PF, MNL Select 8 yr 5% PF, MNL Select 10 yr 10% PF, MNL Select 14 yr 5% PF, Paragon 7 yr, Paragon 10 yr, Paragon 14 yr, Paragon Plus 7 yr, Paragon Plus 10 yr, Paragon Plus 14 yr, Prosperity 7 yr, Prosperity 10 yr, Prosperity 14 yr, Veridian, Veridian 7, Veridian Bonus 10, Veridian Plus, Veridian Power 5, Veridian Power 7, Veridian Power 10, Veridian Preferred 5, Veridian Preferred 7, and Veridian Select. The foregoing list of annuity products are the marketing names for the products as reflected in Defendant's policy administration system. If you are an addressee of this Notice, Midland's records indicate that you are or were the Owner of one of the foregoing products. If, however, you have a question about the application of this Settlement to a particular annuity, you may contact the Settlement Administrator. See Question 24.

### 7. Are there exceptions to being included in the Settlement Class?

Yes. The following persons are not included in the Settlement Class: those persons: (a) who have or had an ownership interest in an Annuity (i) for which a death benefit became payable, and for which the full accumulation value was paid in full without surrender charge prior to October 26, 2010, (ii) that was issued, but not accepted, or was returned to Midland during the free look period provided with respect to the Annuity or otherwise rescinded, (iii) that was surrendered in full without having incurred a surrender charge, (iv) that was Annuitized and the Annuity Payments have ceased, or (v) that was purchased by a natural person under age 65, and in which no person age 65 or older had an ownership interest at the time of purchase; (b) who signed a document that released Midland from any further claims concerning the Annuity; (c) whose rights and claims respecting the Annuity have been finally adjudicated in a court of law; (d) who are or were members of the Board of Directors, officers or employees of Midland at any time during the Class Period, as well as the affiliates, legal representatives, attorneys, successors, or assigns of Midland; (e) who are or were judges, justices, or judicial officials presiding over the Action and the staff and immediate family of such judges, justices or officials, and all persons hired to administer the terms of the Settlement; or (f) who make a valid election to be excluded from the Class as discussed in the answer to Question 14 below. Also, as stated above, the Settlement Class does not include members of the settlement class in Peterman v. North American and owners of fixed index annuities issued by Midland in Hawaii from May 3, 2001, to July 25, 2006, to persons age 65 or older at the time of issue.

### 8. Are beneficiaries of deceased contract owners entitled to relief?

Beneficiaries of deceased contract owners are not included in the Class and are not entitled to relief, but the spouses of deceased owners who elect or elected to continue the Annuity are eligible for an Annuitization Bonus if the Annuity is still Active.

### 9. Does this settlement cancel my Annuity contract?

No. No matter what you decide to do in response to this Settlement – submit a Claim Form, Exclude yourself, Object or Do Nothing, your Annuity contract will not be terminated by the Settlement and the future rights and benefits provided by your Annuity, if it is still in effect, will continue, although Claims with respect to the Annuities that relate to or arise out of facts, events, or transactions that have occurred or were in existence at any time prior to the entry of the Final Order and Judgment will be released.

### 10. I'm still not sure if I am included in the Settlement Class.

If you are not sure whether you are included in the Settlement Class, call 1-800-387-5388.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 11. What benefits does the Settlement provide?

If the Settlement is approved by the Court and you are a member of the Class and do not exclude yourself from the Settlement, you may receive one of the Settlement benefits Midland would provide, all of which are described further in sections A, B, and C of this answer:

(1) If you have an Active Deferred Annuity or have fully surrendered your Annuity, you may apply for Surrender Charge Reduction Benefits through the Claims Review Process; approval of such Benefits is subject to satisfaction of certain eligibility criteria.

(2) If you have an Active Deferred Annuity, you may receive the Annuitizaton Bonus, which provides an increase in Annuity Payments guaranteed by the Annuities, subject to certain conditions.

(3) Those Class Members who have already annuitized their Annuity before the date on which the Court's Final Order and Judgment approving this Settlement is entered will automatically receive a 2% annual enhancement to the Annuity Payments made after the Implementation Date, as discussed below in subsection C.

If you want to apply for Surrender Charge Reduction Benefits, you must complete and submit the enclosed Claim Form. By default, if you do not submit a Claim Form, you will be eligible for the Annuitization Bonus if you have an Active Deferred Annuity. In the event you apply for but do not qualify for Surrender Charge Reduction Benefits, you will still be eligible for the Annuitization Bonus if you have an Active Deferred Annuity.

The Settlement does not require you to Annuitize your Annuity.

Please note that the Court has not expressed any opinion regarding the taxability of any benefits received under the terms of the Settlement. Any payments to the Settlement Class may be treated and reported as taxable transactions. You should address any questions regarding taxes to your tax advisor.

### A.  ANNUITIZATION BONUS

If you have an Active Deferred Annuity and do not submit a Claim Form that is approved, you may receive an Annuitization Bonus if, after the entry of the Court's Final Order and Judgment approving the Settlement, you choose to convert your Annuity to periodic payments (called "Annuitization") over a Qualifying Period. A Qualifying Period is a time that extends until the later of the death of the Annuitant, or the later death of joint Annuitants, and the expiration of ten years after Annuitization. The Annuitization Bonus may be of interest to you if you have not incurred and do not expect to incur surrender charges with respect to your Annuity and would like, or would prefer, an increase to the Accumulation Value of your Annuity at the time of Annuitization. Upon Annuitization, Midland will increase the Accumulation Value of your Active Deferred Annuity by a percentage based on the duration of your Annuity. That increased Accumulation Value, together with the rates set forth in your Annuity for the corresponding settlement option, will be used to determine the amount of your periodic payments. No claim form is required for this relief. In addition, upon Annuitization of any Annuity, the Accumulation Value of the Annuity will be used to determine the benefit amount in conjunction with the rates set forth in the Annuity if you elect payments over a Qualifying Period. The Annuitization Bonus, when applicable, will be added to the Accumulation Value and will be an amount equal to a percentage of the Annuity's Accumulation Value of the date of Annuitization. The applicable percentage will be determined by the duration of the Annuity, as set forth in the following table:

| Duration of Policy (Years) | Bonus Percentage |
| --- | --- |
| 0-4 | 0 |
| 5-9 | 3.3 |
| 10 | 4.4 |
| 11 | 5.5 |
| 12 | 6.6 |
| 13 | 7.7 |
| 14 | 8.8 |
| 15 | 9.9 |
| 16+ | 11.0 |

### B.  SURRENDER CHARGE REDUCTION BENEFITS

As an alternative to the Annuitization Bonus, you may submit a Claim Form and apply for Surrender Charge Reduction Benefits. Surrender Charge Reduction Benefits are intended for Class Members who are concerned about incurring Surrender Charges under their Annuity, or for Class Members who have already paid Surrender Charges on a full or partial surrender under their Annuity. You may apply for Surrender Charge Reduction Benefits if you have an Active Deferred Annuity and are considering the full or partial surrender of the Annuity or if you have already surrendered your Annuity and incurred a Surrender Charge. Class Members who are awarded Surrender Charge Reduction Benefits cannot receive the Annuitization Bonus.

To apply for Surrender Charge Reduction Benefits, you must submit a Claim Form and provide, under penalty of perjury, certain information concerning your purchase of the Annuity, your living and medical expenses, and your financial circumstances. You must then submit the completed Claim Form to the Administrator no later than January 25, 2011. If you own more than one Annuity and wish to elect the Claim Review Process, you must submit a separate Claim Form for each Annuity.

Owners of Active Deferred Annuities may be eligible for Surrender Charge Reduction Benefits in the form of a 40% or 75% reduction in applicable Surrender Charges on their existing Annuities. The Surrender Charge Reduction Benefit for qualifying Owners who have paid Surrender Charges on a full or partial surrender of their Annuities is a refund of either 40% or 75% of Surrender Charges paid. Eligibility for Surrender Charge Reduction Benefits and the amount of those benefits (40% or 75%) will be determined by a third party administrator based on the information you provide in the Claim Form. It is therefore important that you provide accurate and complete information, under penalty of perjury, in response to the questions on the Claim Form. Class Members with Active Deferred Annuities who apply for but are not awarded Surrender Charge Reduction Benefits will still be eligible to receive the Annuitization Bonus.

The 40% (Lower Tier Benefits) and 75% (Upper Tier Benefits) reduction in applicable Surrender Charges may be adjusted to lower percentages depending on whether the approved Claims exceed either the Limit on Approved Claims for Lower Tier Benefits or the Limit on Approved Claims for Upper Tier Benefits, as fully described in Section V.G. of the Settlement Agreement. If you have questions regarding the potential adjustments, please refer to the Settlement Agreement or call 1-800-387-5388.

### C. ANNUITIZED CONTRACTS

Class members whose Annuities that have already been Annuitized on or prior to the date of entry of the Final Order and Judgment will not qualify for the above-mentioned Settlement benefits for their Annuitized contracts. For these contracts, Class Members will automatically receive a 2% increase to each periodic payment made after the Implementation Date.

### 12. When would I get my Settlement Benefit?

The Court will hold a hearing on February 28, 2011, called the Fairness Hearing, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Also, if you elect to submit a Claim through the Claim Review Process, the Administrator will need some time to review your Claim and determine if you qualify for the Surrender Charge Reduction Benefit at one of the two levels. This process will take several months. Please be patient. Benefits will not take effect until the Implementation Date, which will occur on the tenth day in the second calendar month after the month in which the Court's approval of the Settlement (if the Court approves the Settlement), becomes final and non-reviewable.

### 13. What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Class, and that means: (1) that you can't sue, continue to sue, or be part of any other lawsuit, arbitration or other legal proceeding against Midland relating in any way to the Annuities at issue in this litigation; and (2) that you release all claims for damages or other legal remedies – including any claims presently unknown to you – relating in any way to the Annuities at issue in this litigation, if they concern, relate to, or arise out of facts, events, or transactions that have occurred or are in existence at any time prior to the Final Order and Judgment. If you want to know more about this release of claims, you should review Section IX. of the Settlement Agreement, a copy of which is set forth as Appendix A to this Notice. To obtain a complete copy of the Settlement Agreement, see Question and Answer 24. Also, if you do not exclude yourself from the Settlement, all of the Court's orders will apply to you and legally bind you, even if you had objected to the proposed Settlement.

With respect to all Released Claims, Settlement Class Members agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (i) the provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.**

and (ii) the provisions of any statute or principle of law of any state or federal jurisdiction that might otherwise be applicable, or similar, comparable or equivalent to Section 1542 of the California Civil Code.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be subject to the Settlement or you want to keep the right to sue or continue to sue Defendant on your own with respect to claims relating in any way to your Annuity, then you must take steps to get out of the Settlement. This is called excluding yourself – or is sometimes referred to as opting out of the Settlement Class.

### 14. How do I get out of the Settlement?

If you do not want to be part of the Settlement Class, you may exclude yourself or "opt out." If you exclude yourself, you will not be entitled to any Settlement benefits described in this Notice, and you will not be bound by the Release.

To exclude yourself from the proposed Settlement, you must submit a written request. This written request must be signed by you and must include: your name, address, social security number, the contract number(s) of the Annuity or Annuities at issue, and a statement that you are requesting exclusion from the Settlement Class in *In Re Midland National Life Insurance Co. Annuity Sales Practices Litigation*, MDL No. 07-1825 (CAS). You must **mail** your signed request for exclusion in care of the Settlement Administrator at the following address:

> *In Re Midland National Life Insurance Co. Annuity Sales Practices Litigation*
> Settlement Administrator
> c/o The Garden City Group, Inc.
> P.O. Box 9706
> Dublin, OH 43017-5606

THE ENVELOPE CONTAINING YOUR SIGNED REQUEST FOR EXCLUSION MUST BE POSTMARKED BY NO LATER THAN JANUARY 14, 2011.

You cannot exclude yourself on the phone or by e-mail. If your signed request for exclusion is not mailed with a postmark on or before January 14, 2011, it will be ineffective and you will be part of the Settlement Class, and bound by all orders and judgments entered in connection with the Settlement, including the Release and Waiver.

### 15. If I don't exclude myself, can I sue Defendant for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Defendant for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit about this Notice immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is January 14, 2011.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

Yes. The Court appointed the following law firms to represent the Settlement Class: Bonnett, Fairbourn, Friedman & Balint, P.C. Robbins Geller Rudman & Dowd LLP, Barrack, Rodos & Bacine, Finkelstein & Krinsk, Waters & Kraus LLP, James Hoyer Newcomer & Smiljanich, P.A. and Hagens Berman Sobol Shapiro LLP. Together the law firms are called Class Counsel. You will not be charged for the services of these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

No later than December 31, 2010, Class Counsel will file with the Court their petition for approval of an award of attorneys' fees and costs of up to $13,970,000. The Court may award less than these amounts. Midland will separately pay the attorneys' fees and expenses, up to $13,970,000, that the Court awards. Midland has agreed not to oppose a request for attorneys' fees and expenses up to $13,970,000. These payments will not affect the benefits available to Settlement Class Members. Class Counsel will file this fee petition two weeks prior to the deadline for filing objections to the Settlement Agreement.

### 18. What payments will be made to the Class Representatives?

Class Counsel will ask the Court to award the Class Representatives Mary P. Munoz, Robert D. Kaiser, and Mary Bendzak a total of no more than $30,000 ($10,000 for each Class Representative) as service awards. Midland will separately pay the service awards, up to $30,000, that the Court awards. Midland has agreed not to oppose a request for service awards up to $30,000 total. These payments will not affect the benefits available to Settlement Class Members. Class Counsel will file this request two weeks prior to the deadline for objections to the Settlement Agreement.

### 19. Who will pay the Settlement Administrator?

Midland will pay the costs and fees of the Settlement Administrator, which will not be deducted from the benefits available to Settlement Class Members.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 20. How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it. The Court will consider your views in connection with the Fairness Hearing described below. To object, you must send your objection in writing, saying that you object to the proposed Settlement. You may not object if you excluded yourself from the Settlement.

If you wish to object to the proposed Settlement, you must file your written objection with the Clerk of the Court of the Honorable Christina A. Snyder, Courtroom 5 (2nd Floor), 312 N. Spring Street, Los Angeles, California 90012, and deliver a copy to Class Counsel and Defendant's Counsel at the addresses listed below. The objection must be in writing and must be filed and served on Parties' counsel no later than January 14, 2011. An objection that is not timely and properly made shall be forever barred.

All objections must contain the following: (i) the objecting party's name, address, telephone number, social security number, and, if applicable, Annuity number(s); (ii) the factual basis and legal grounds for the objection; and (iii) the signature of the individual who is objecting.

| **Class Counsel** | **Defendant's Counsel** |
|---|---|
| Andrew S. Friedman<br>Bonnett, Fairbourn, Friedman & Balint, P.C.<br>2901 N. Central Avenue, Suite 1000<br>Phoenix, AZ  85012 | Robert D. Phillips, Jr.<br>Reed Smith LLP<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, CA 90071 |
| Theodore J. Pintar<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 | |

### 21. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. If you object, you will remain in the Settlement Class and will be bound by the Settlement, even if the Court

disagrees with you and approves the Settlement over your objection. (You may submit a Claim Form and apply for Surrender Charge Reduction Benefits without waiving your objection to the Settlement.) Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

### 22. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at 11:00 a.m. on February 28, 2011 (or such continued dates or times as the Court may direct without further notice to the Class) in Courtroom 5, Second Floor, located at 312 North Spring Street, Los Angeles, California 90012. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who, prior to the hearing, have asked to speak at the hearing. The Court will also decide how much to pay Class Counsel and whether to approve the service awards to the Class Representatives. After the hearing, the Court will issue its decision on the matters addressed at the Fairness Hearing. We do not know when that decision will be made.

### 23. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer questions that the Court may have. You are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must do two things: First, you must object to the Settlement in accordance with the procedures described above in the response to Question 20. Second, you must file a Notice of Intention to Appear at the Fairness Hearing with the Clerk of the Court of Honorable Christina A. Snyder, Courtroom 5 (2nd Floor), 312 N. Spring Street, Los Angeles, California 90012, and deliver a copy to Parties' counsel at the addresses listed above, under Question 20. The Notice of Intention to Appear must be in writing and must be filed and served on Parties' counsel no later than January 14, 2011. Be sure to include your name, address, telephone number, and your signature on your Notice of Intention to Appear. You cannot speak at the hearing if you do not follow these procedures or if you excluded yourself.

## GETTING MORE INFORMATION

### 24. How do I get more information about the Settlement?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement or Class Counsel's petition for approval of fees and costs, once the petition is filed, by visiting the Settlement website at www.MDL1825SettlementMidlandAnnuity.com, by writing to the *In Re Midland National Life Insurance Co. Annuity Sales Practices Litigation* Settlement Administrator, c/o The Garden City Group, Inc., P.O. Box 9706, Dublin, OH 43017-5606, or by calling 1-800-387-5388.

## IMPORTANT DATES

### 25. What are the important dates and deadlines relating to the Settlement?

| Deadline | Event |
|---|---|
| January 14, 2011 | Last day to submit a request for exclusion from the proposed Settlement |
| December 31, 2010 | Class Counsel will file a petition for approval of an award of attorneys' fees and costs and request for service awards for Class Representatives Mary P. Munoz, Robert D. Kaiser, and Mary Bendzak |
| January 14, 2011 | Last day to submit objections to the proposed Settlement |
| January 14, 2011 | Last day to file Notice of Intent to Appear |
| January 25, 2011 | Last day to submit a Claim Form for Reduced Surrender Charge Benefits |
| February 28, 2011 | Fairness Hearing |

Dated: November 22, 2010

/s/ Christina A Snyder
Honorable Christina A Snyder

8
QUESTIONS? CALL 1-800-387-5388 TOLL-FREE

Appendix A
Section IX of Settlement Agreement
Released Claims

IX. **RELEASE AND WAIVER**

    A.    <u>Release and Waiver – Definitions</u>

For purposes of this release and waiver (the "Release"):

1.    "Releasees" means, individually and collectively, Midland, its past, present and future parent companies, subsidiaries, affiliates, predecessors, successors and assigns, together with all of its and their present, former, and future officers, directors, shareholders, insurers, employees, attorneys, legal representatives, and agents (including, without limitation, those acting on behalf of Midland and within the scope of their agency) and their predecessors, successors and assigns.

2.    "Released Claims" means any and all past, present or future claims, complaints, causes of action, allegations of liability, damages, restitution, equitable, legal or other interest, or demands or rights, whether known or unknown, that concern, refer or relate to, or arise out of, in whole or in part any facts, events or transactions relating to the Annuities that have occurred or were in existence at any time prior to the entry of the Final Order and Judgment, including, without limitation:

    a.    the offering of advice in any manner related to the Annuities;
    b.    the design, marketing, solicitation, sale, appropriateness or administration of the Annuities;
    c.    any disclosures or advertising related to the Annuities, whether written or oral;
    d.    the computation and crediting of interest to policy accounts; or
    e.    the calculation and availability of any accumulation or surrender values, or annuity payments, or the exercise of any rights under the Annuities.

Without limiting the foregoing, "Released Claims" include, but are not limited to, all claims that were asserted in the Action, or that could have been asserted against Midland before any court, arbitration panel, or regulatory or administrative agency based on or related to facts alleged in any of the complaints filed in this Action, whether or not brought directly, indirectly, on a representative basis, or otherwise.

    B.    <u>Release</u>
Upon the Final Settlement Date, Plaintiffs and every Class Member, for themselves, their attorneys, spouses, beneficiaries, executors, conservators, personal representatives, wards, heirs, predecessors, successors, affiliates, agents and assigns, in consideration of the benefits set forth in this Agreement, fully and finally release Releasees from all Released Claims.

    C.    <u>Waiver Under California Civil Code Section 1542 (and Similar Provisions)</u>
1.    The Parties acknowledge that it is possible that unknown losses or claims exist or might exist or that present losses may have been underestimated in amount. Plaintiffs and every member of the Class are deemed to acknowledge and understand that they are familiar with principles of law such as and including Section 1542 of the Civil Code of the State of California, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

2. Plaintiffs and the Class are hereby deemed to agree that Section 1542 and all similar federal or state laws, rules or legal principles of any other jurisdiction are knowingly and voluntarily waived by Plaintiffs and the Class in connection with the Released Claims as defined in the foregoing paragraphs of this Release, and Plaintiffs and the Class are deemed to agree that this is an essential term of this Agreement. Plaintiffs and the Class are also deemed to acknowledge and understand that they may later discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in this Agreement. Nevertheless, it is the intention of Plaintiffs and the Class to fully, finally, and forever settle and release all matters with Releasees that exist, hereafter may exist, or might have existed constituting Released Claims as defined under this Agreement.

3. Plaintiffs acknowledge that Class Counsel have advised them and that they are familiar with the provisions of Section 1542 of the California Civil Code, as well as the provisions of any and all comparable or similar statutes or principles of law of any other state or federal jurisdiction that might otherwise be deemed applicable, and that, being aware of Section 1542 and other similar statutes or principles of law, Plaintiffs expressly waive any and all rights and benefits conferred by Section 1542 or other similar statutes or principles of law on behalf of themselves, and on behalf of the Class. Plaintiffs admit to full knowledge and understanding of the consequences and effect of this waiver.

D. <u>Additional Conditions of Release</u>

1. Nothing in this Release shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein.

2. Plaintiffs expressly agree that this Release shall be, and may be raised as, a complete defense to, and will preclude, any action or proceeding encompassed by the release of Releasees herein, and as a bar from indemnity and contribution claims arising out of the Released Claims herein.

3. No Plaintiff or Class Member may participate in any settlement or other relief sought in any action brought on behalf of the Plaintiffs or any Class Members by any state or federal government officials or agencies pertaining to any Released Claims.

4. Each Plaintiff and each Class Member, for himself or herself, his or her attorneys, spouse, beneficiaries, executors, conservators, personal representatives, wards, heirs, predecessors, successors, and assigns agrees not to file an appeal from or otherwise seek review of any order approving this Settlement Agreement.

5. It is the intention of the Plaintiffs, on behalf of themselves and the Class Members, in executing this Release to fully, finally, and forever settle and release all matters and all claims released under this Section.