# EXHIBIT A

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

FILED
CLERK, U.S. DISTRICT COURT
FEB 28 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ☒
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| IN RE MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION | MDL NO. 07-1825 CAS (MANx) CV06-1007-CAS(MANx) & CV07-3631-CAS(MANx) Honorable Christina A. Snyder |
| THIS DOCUMENT RELATES TO: ALL ACTIONS. | [PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE THEREON |

The motion of Plaintiffs Mary P. Munoz, Robert D. Kaiser, Nancy Bendzak, as attorney-in-fact for Mary Bendzak, and Mary Bendzak, individually and on behalf of the Class as defined in the Settlement Agreement previously filed in this Action (collectively "Plaintiffs"), for final approval of the class action Settlement reached with Defendant Midland Life Insurance Company ("Midland") came on for hearing before this Court on February 28, 2011. Robert D. Phillips, Jr. appeared as attorney for Midland, and Andrew Friedman appeared as attorney for Plaintiffs. After considering the Settlement Agreement, the moving papers, arguments of counsel and all other matters presented to the Court, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Motion for Final Approval of Class Action Settlement is hereby GRANTED.

2. This Final Order Approving Class Action Settlement and Final Judgment of Dismissal With Prejudice Thereon ("Final Order and Judgment") incorporates and makes part hereof: (a) the Parties' Settlement Agreement, filed October 12, 2010, including Exhibits A to H (collectively the "Settlement Agreement") and (b) the Court's findings and conclusions contained in its Findings and Order Preliminarily Approving Class Settlement, Directing Issuance of Notice to the Class, and Setting of Fairness Hearing ("Preliminary Approval Order"). All defined terms in this Final Order and Judgment shall have the same meanings as in the Settlement Agreement.

3. All preliminary findings and conclusions in the Court's Preliminary Approval Order are hereby made final.

4. The Court has personal jurisdiction over all Class Members. The Court has subject matter jurisdiction over the claims asserted in this Action to approve the Settlement Agreement and all exhibits attached thereto. Venue is proper. The Settlement Agreement and Settlement are fair, reasonable and adequate, and consistent and in compliance with the applicable provisions of the United States Constitution, its Amendments, and the Federal Rules of Civil Procedure, as to, and in

MDL NO. 07-1825 CAS (MANx) — 1 —

[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE THEREON

the best interests of, the Class. The Court also finds that the Settlement resulted from numerous, arm's-length mediation sessions and was concluded only after Plaintiffs and Midland conducted their own investigations and evaluations of the factual and legal issues raised by Plaintiffs' claims, as well as Midland's defenses. The Court has considered and denied all objections filed in this Action. Accordingly, the Settlement Agreement is hereby finally approved.

5. The Class, as defined in Section II.A.18. of the Settlement Agreement, is finally certified for settlement purposes.

6. The Court hereby directs the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and provisions.

7. Pursuant to the Court's Preliminary Approval Order, the notice requirement was satisfied in that the Administrator mailed the Class Notice Package to each Class Member, no later than 28 days after entry of the Preliminary Approval Order, by first-class mail, postage prepaid, to his or her last known address. Members of the Class had the opportunity to object to the Settlement or to exclude themselves from the Settlement, and they were informed of the date, time, and location of the Fairness Hearing and had the opportunity to appear at the Fairness Hearing. These procedures afforded protections to Class Members and provide the basis for the Court to make an informed decision on approval of the Settlement based on the responses of Class Members.

8. The Class Notice Package and all other instruments provided to Class Members:

    (a) constituted the best practicable notice under the circumstances;

    (b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing;

    (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

      (d)    met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments, including the Due Process Clause.

9. Class Counsel and the Plaintiffs adequately represented the Class for purposes of entering into and implementing the Settlement.

10. The list of those persons who have requested exclusion from the Class in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order has been filed with the Court, is attached to this Order, and is hereby approved. Those persons are hereby excluded from the Class. The Court finds that it is a complete list of all Class Members who have timely requested exclusion from the Class, and accordingly, such Class Members shall neither share in nor be bound by this Final Order and Judgment or the Settlement Agreement.

11. Class Counsel are hereby awarded attorneys' fees, expenses, and costs in the amount of $13,946,500 ("Class Counsel Payment"). This amount covers any and all claims for attorneys' fees, expenses, and costs incurred by any and all Class Counsel in connection with the Settlement of the Action and the administration of such Settlement. Class Counsel Payment shall be provided by Midland to Receiving Class Counsel in accordance with Sections X.B.5. through X.B.9. of the Settlement Agreement upon satisfaction of the conditions set forth therein.

12. If this Final Order and Judgment is reversed, vacated, modified and/or remanded for further proceedings or otherwise disposed of in any manner other than one resulting in an affirmance of this Final Order and Judgment (other than on the issue of attorneys' fees and expenses), or if Midland properly and timely terminates the Settlement Agreement in accordance with Section XIII. of the Settlement Agreement, then Receiving Class Counsel shall, within 30 days of such events, repay to Midland the full amount of the Class Counsel Payment, together with interest at the rate of 4% per annum from the date of payment through the date of repayment.

13. If the Class Counsel Payment is reduced after entry of this Final Order and Judgment, then Receiving Class Counsel shall, within 30 days of said event, repay to Midland the amount by which the Class Counsel Payment has been reduced, together with interest at the rate of 4% per annum from the date of payment through the date of repayment.

14. As a condition precedent to the agreement of Midland to make the Class Counsel Payment before the appeal periods have expired, Bonnett, Fairbourn, Friedman & Balint, P.C. and Robbins, Geller, Rudman & Dowd, LLP are required to execute as co-obligors a promissory note to evidence their joint and several obligations to repay the amounts specified in Paragraphs 12 and 13 of this Final Order and Judgment.

15. As a further condition precedent to the agreement of Midland to make the Class Counsel Payment before the appeal periods have expired, Andrew Friedman and John Stoia, Jr. are each required to execute a personal guaranty of the promissory note described in Paragraph 14 of this Final Order and Judgment. Receiving Class Counsel shall be responsible for distributing the Class Counsel Payment to Class Counsel in their discretion and allocating such amounts. Midland shall have no responsibility or liability in connection with the allocation of the Class Counsel Payment among Class Counsel.

16. As service awards for participation as the Class Representatives in the Action, the Court awards:

$10,000 to Plaintiff Robert Kaiser;

$10,000 to Plaintiff Mary Munoz; and

$10,000 to Plaintiff Mary Bendzak.

Midland shall pay the service award in addition to any benefits that Plaintiffs are entitled to receive as Class Members. Midland shall pay the service award within 10 days of the Implementation Date.

17. The Release set forth in the Settlement Agreement in Section IX. is incorporated herein and effective as of the date of this Final Order and Judgment, and forever discharges the Releasees from any claims or liabilities arising from or related to the Released Claims.

18. Without affecting the finality of this Final Order and Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Order, and for any other necessary purpose; *provided, however,* that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under Paragraphs 19, 20, and 23 of this Final Order and Judgment. The Parties submit to the jurisdiction of the Court for purposes of administration, construction, consummation, enforcement, and interpretation of the Settlement Agreement and the Settlement.

19. Midland and the Administrator are authorized, if Midland so chooses, in consultation with Class Counsel and without approval from the Court, to advance the Implementation Date to an earlier date than otherwise specified in the Settlement Agreement.

20. In the event Midland determines to advance the Implementation Date to a date prior to the Final Settlement Date, any appeal must be preceded by:

(a) a request for a stay of implementation of the Settlement; and

(b) the posting of an appropriate bond.

Absent satisfaction of each of these requirements, Midland is authorized to proceed with implementation of the Settlement, even if such implementation would moot the appeal.

21. The Settlement Agreement is binding on, and has *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and any other Class Members, as well as their heirs, executors, personal representatives, conservators and administrators, predecessors,

1  successors and assigns, that allege Released Claims, as defined in the Settlement
2  Agreement.
3      22.    Neither this Final Order and Judgment, nor the Settlement Agreement,
4  nor any other document referred to herein or therein, nor any action taken to carry out
5  this Final Order and Judgment or the Settlement Agreement is, may be construed as,
6  or may be used as an admission or concession by or against Midland of the validity of
7  any claim or any actual or potential fault, wrongdoing or liability whatsoever.
8  Entering into or carrying out the Settlement Agreement, and any negotiations or
9  proceedings relating to it, shall not in any event be construed as, or deemed evidence
10 of, an admission or concession as to Midland's denials or defenses, and shall not be
11 offered or received in evidence in any action or proceeding against any party hereto in
12 any court, administrative agency or other tribunal for any purpose whatsoever, except
13 as evidence of the Settlement or to enforce the provisions of this Final Order and
14 Judgment or the Settlement Agreement; provided, however, that this Final Order and
15 Judgment and the Settlement Agreement may be filed in any action against or by
16 Midland or Releasees to support a defense of *res judicata*, collateral estoppel, release,
17 waiver, good-faith Settlement, judgment bar or reduction, full faith and credit, or any
18 other theory of claim preclusion, issue preclusion or similar defense or counterclaim
19 to the extent allowed by law.
20     23.    The Parties are authorized, without further approval from the Court, to
21 agree to and adopt such amendments, modifications, and expansions of the Settlement
22 Agreement and all exhibits attached thereto that are consistent with this Final Order
23 and Judgment, and do not limit the rights of Class Members under the Settlement
24 Agreement.
25     24.    Any work product retained by Plaintiffs or Class Counsel that is based on
26 or incorporates information designated as Confidential Material pursuant to the terms
27 of the Protective Order previously entered in this case and provided by Midland shall
28 be deemed Confidential Material pursuant to the terms of the Protective Order, and the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

disclosure or use of such materials shall be subject to the same restrictions as Confidential Materials pursuant to the terms of the Protective Order previously entered in this case.

26. This Action (and all individual claims and Class claims presented thereby) is dismissed on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement. The judgment is binding upon all Class Members and upon Midland and extinguishes all claims of Class Members (a) that were alleged, or that could be alleged, based upon, or arise from, the matters which were alleged in the Action or (b) that were released pursuant to the Settlement Agreement.

26. Each and every Class Member who has not been excluded from the Settlement, the Class Member's representatives, and/or all persons in active concert or participation with such Class Members are permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, as class members or otherwise, any action, including without limitation a class action, (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction), in any federal court, any state court, or any other tribunal or forum of any kind, and from receiving any benefits from any lawsuit, administrative or regulatory proceeding or order in any jurisdiction, arising out of, based on, or relating to the claims, causes of actions, facts, and/or circumstances alleged in the Action and/or the Released Claims. Notwithstanding anything in the Settlement Agreement or this Final Order and Judgment, the Release shall not be deemed to have released the power and authority of any governmental entity acting in its sovereign capacity as an enforcement or regulatory authority to bring an enforcement claim, nor shall the Release prohibit any Class Member from cooperating with a governmental entity acting in its sovereign capacity as an enforcement or regulatory authority by providing information, documentation, or other cooperation to that governmental entity.

27. There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment.

**IT IS SO ORDERED.**

DATED: 2/28/11.   *Christina A. Snyder*
THE HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE