ROBBINS GELLER RUDMAN
   & DOWD LLP
JOHN J. STOIA, JR. (141757)
jstoia@rgrdlaw.com
THEODORE J. PINTAR (131372)
tedp@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
PHONG L. TRAN (204961)
ptran@rgrdlaw.com
STEVEN M. JODLOWSKI (239074)
sjodlowski@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
ANDREW S. FRIEDMAN
(*Pro Hac Vice*)
afriedman@bffb.com
KIMBERLY C. PAGE
kpage@bffb.com
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602/274-1100
602/274-1199 (fax)

HAGENS BERMAN SOBOL
   SHAPIRO LLP
STEVE W. BERMAN
(*Pro Hac Vice*)
steve@hbsslaw.com
1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone:  206/623-7292
206/623-0594 (fax)

Co-Lead Class Counsel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION | MDL No. CV-07-1825-CAS(MANx) |
| This Document Relates To: | DECLARATION OF ANDREW S. FRIEDMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR APPEAL BOND |
| ALL ACTIONS. | JUDGE:  Hon. Christina A. Snyder<br>DATE:   May 9, 2011<br>TIME:   10:00 a.m.<br>CTRM:   5 – 2nd Floor |

I, Andrew S. Friedman, do hereby declare and state as follows:

1. I am a shareholder with the law firm of Bonnett, Fairbourn, Friedman and Balint, P.C., Co-Lead Counsel for Plaintiffs and the certified Settlement Class in the above-entitled action. I am personally familiar with all aspects of this litigation. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I submit this declaration in support of Plaintiffs' Motion for Appeal Bond for Objector Kathleen McWhorter. On March 15, 2001, Ms. McWhorter filed a Notice of Appeal with the Ninth Circuit Court of Appeals (Appellate Docket No. 11-55432) from this Court's February 28, 2011 Final Order and Judgment of Dismissal following its approval of the settlement of this class action.

3. As previously established in the Joint Declaration of Andrew S. Friedman and Theodore J. Pintar in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement [D.E. 450], Ms. McWhorter appears to be related by marriage to her counsel, Paul S. Rothstein. *See* Marriage Record of Paul Stuart Rothstein and Suzanne Colvin *nee* McWhorter (a true and correct copy of which is attached as Exhibit A hereto).

4. Based on our investigation, Plaintiffs' counsel documented that Ms. McWhorter, who resides in Gainesville, Florida, has objected to at least six proposed class action settlements since 1999 – often represented by Mr. Rothstein and her other co-counsel herein, Frank H. Tomlinson and N. Albert Bacharach. *See* PACER Civil Name Search Results for Kathleen McWhorter (a true and correct copy is attached as Exhibit B hereto); Preliminary and Amended Objections to Proposed Class Action Settlement and Notice of Intent to Appear by William McWhorter, Kathleen McWhorter, and Suzanne Colvin (d/b/a Suzanne McWhorter Colvin) [Rothstein's wife] filed in *Simonet v. SmithKline Beecham Corp.*, Civil No. 06-1230 (GAG) (D. Puerto Rico) ("*SmithKline*") (true and correct copies of which are attached as Exhibit C hereto); William and Kathleen McWhorter and Caufield and Associates, Inc.'s

- 1 -

Objections to Class Action Settlement filed in *In re MCI Non-Subscriber Telephone Rates Litig.*, MDL No. 1275 (S.D. Ill.) ("*MCI*") (a true and correct copy of which is attached as Exhibit D hereto).

5. In 2009, the court in *SmithKline*, a consumer and third-party payor class action involving alleged defects in oral pills manufactured by SmithKline Beecham Corp., dismissed McWhorter's objection to the proposed settlement. *See* Opinion and Order dated September 4, 2009 at pp. 3-4 (a true and correct copy of which is attached as Exhibit E hereto).

6. In 2001, Ms. McWhorter's objection in *MCI* was dismissed on the grounds that she was not even a member of the class. *See* Memorandum and Order in *MCI* Litig., dated April 19, 2001 at p. 2 (the McWhorters "have failed to make an adequate showing that they are members of the class; … [their] lack of familiarity with the settlement they attack raises serious doubt about whether they are truly seeking to protect a genuine interest in this matter") (a true and correct copy of which is attached as Exhibit F hereto). This same finding, *i.e.*, that Ms. McWhorter was not a member of the class on whose behalf she sought to object to a proposed class action settlement, was also rendered by Judge Fogel in *In re Rambus, Inc. Sec. Litig.*, No. C 06-4346 JF (HRL) (N.D. Cal. May 14, 2008) at p. 3 ("the McWhorters do not appear to have standing to participate in this proceeding") (a true and correct copy of which is attached as Exhibit G hereto).

7. Similarly, the court in *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409 (S.D. N.Y.) (Pauley, J) ("*Currency Conversion*") flatly rejected McWhorter's objection to the proposed settlement, concluding that it "did little to aid the Court." *See* Memorandum and Order, dated October 22, 2009 at p. 40 (a true and correct copy of which is attached as Exhibit H hereto). Dissatisfied, Bacharach, Rothstein and Tomlinson (who also represented his wife, Patricia Tomlinson, as a separate objector to the settlement) appealed the denial of McWhorter's objection (a

true and correct copy of which is attached as Exhibit I hereto), but later withdrew the appeal.

8.    Mr. Tomlinson has objected to class action settlement more than 50 times, and Mr. Bacharach has objected to more than 25 class action settlements. *See* Excepts from hearing transcript in *In re Allstate Insurance Co.*, No. 3:02-MD-1457 (M.D. Tenn. July 18, 2005) (Trauger, J) at pp. 164-166 (a true and correct copy of which is attached as Exhibit J hereto).

9.    Tomlinson, Bacharach and Rothstein have filed objections to at least 14 class action settlements negotiated by Robbins Geller Rudman & Dowd LLP, Co-Lead Class Counsel for Plaintiffs in this proceeding in the hope of extracting money from plaintiffs counsel in exchange for withdrawing their objections and/or appeals to approved class action settlements. In many of these cases, the objections were overruled or voluntarily withdrawn.

10.    As reflected in three tables attached hereto as Exhibits K-1 to K-3, Rothstein, Bacharach and Tomlinson often use their own family members to serve as objectors to class action settlement. *See also* Exhibit L hereto (a true and correct copy of the memorandum of law (and exhibits thereto) filed by the class plaintiffs in *In re Trans Union Corp. Privacy Litig.*, MDL No. 1350 (N.D. Ill. Sept. 5, 2008), detailing the tactics of these and other professional objectors in using shill objectors in an attempt to line their own pockets at the expense and to the detriment of class members who are delayed from receiving valuable benefits under class action settlements by frivolous appeals following the denial of meritless objections.

11.    In connection with their objections filed in a previously litigated Illinois state court class action against GlaxoSmithKline involving its anti-depressant drug Paxil, Rothstein and Bacharach, following the denial of their "client's" objections to a proposed class settlement, were individually sued by the class plaintiffs for violations of RICO based on these professional objector's alleged extortionist behavior. *See* "Plaintiffs in $63 million Paxil case claim 'objectors' violated RICO in new class

1 action," The Madison – St. Clair Record, dated June 9, 2007, last accessed at
2 http://www.madisonrecord.com/printer/article.asp?c=106484 on January 27, 2011 (a
3 true and correct copy of which is attached as Exhibit M hereto).  The case was later
4 dismissed, *without* prejudice.  *See* "Matoesian dismisses suit against Paxil objectors,"
5 dated September 7, 2007 (a true and correct copy of which is attached as Exhibit N
6 hereto).

7     12.    McWhorter's designated "local counsel" in this matter, Joseph Darrell
8 Palmer, is also an active professional objector who follows closely in the footsteps of
9 Rothstein, Bacharach and Tomlinson.  For example, in *Wilson v. Airborne, Inc.*, Case
10 No. EDCV 07-770-VAP (OPx) (C.D. Cal.) (Phillips, J) ("*Airborne*"), Palmer filed two
11 separate objections to the proposed class action settlement in *Airborne* on behalf of
12 Denise Fairbank and Falicia Estep.  Despite Palmer's failure to file the Fairbank and
13 Estep objections electronically as required by the Central District's General Order 08-
14 02, Judge Phillips nonetheless carefully considered them and ultimately concluded
15 that they were "without merit."  *See Airborne* Order Granting Motion for Final
16 Approval of Settlement, *et al.*, at pp. 7 n.3 & n.5 and 22-23 (a true and correct copy of
17 which is attached as Exhibit O hereto).  Dissatisfied, Palmer appealed the final order
18 approving the settlement, only to later withdraw the appeal – but not after holding the
19 settlement hostage for six months.  *See* Ninth Circuit order dismissing appeal (a true
20 and correct copy of which is attached as Exhibit P hereto).

21     13.    This same pattern and practice of attempting to hold a class action
22 settlement hostage through meritless objections has been used by Palmer on multiple
23 occasions over the past several years.  *See*, *e.g.*, Exhibits Q to T attached hereto (true
24 and correct copies of Palmer's objection, the trial court's "Ruling on Objections" on
25 the same [*see id.* at pp. 8-9], Palmer's notice of appeal, and subsequent order
26 dismissing the appeal in *Friedman v. 24 Hour Fitness USA, Inc.*, Case No. CV 06-
27 06282 AHM (CTx) (Matz, J.)).  *See also* Exhibit U (true and correct copies of
28 objection to class action settlement in *In re Int'l Rectifier Corp. Sec. Litig.*, No. 07-cv-

2544-JFW (VBKx) (C.D. Cal.), Exhibit V (objection to class action settlement in *In re Mercury Interactive Corp. Sec. Litig.*, No. 5:05-cv-03395-JF, 2011 WL 826797, at *1-2 (N.D. Cal. Mar. 3, 2011).

14. Attached as Exhibit W hereto is a true and correct copy of the May 25, 2010 Order by Judge Philip Pro in *In re Wal-Mart Wage and Hour Employment Prac. Litig.*, MDL No. 1735 (D. Nev.) ("*Wal-Mart*") imposing monetary sanctions against other objectors upon their failure to post a $500,000 Rule 7 appeal bond in response to the court's earlier post-settlement approval order. Shortly thereafter, these other objectors stipulated to the withdrawal of their appeal in exchange for forgiveness of the $40,000 monetary sanctions awarded by the court. *See* Exhibit X, hereto.

15. Attached hereto as Exhibit Y is a true and correct copy of the August 21, 2009, Order and Final Judgment Approving Settlement Between Class Plaintiffs and Wal-Mart Stores, Inc., in the matter of *Ouellette v. Wal-Mart Stores, Inc.*, Case No. 67-01-CA-326 (Washington County Circuit Court, Florida) (Peel, J).

16. Public records maintained by the state bars of Alabama, California, and Florida reveal that Rothstein and Bacharach maintain their law practices in Gainesville Florida (the same city where McWhorter resides), and that Tomlinson and Palmer maintain their law practices in Birmingham, Alabama and Solana Beach, California, respectively.

17. Plaintiffs are moving here for an Order requiring McWhorter and her counsel to post a Federal Rule of Appellate Procedure 7 ("Rule 7") appeal bond in the amount of $350,000. This amount consists of $25,000 in anticipated taxable costs that will be incurred by Plaintiffs in defending McWhorter's appeal, and includes the preparation and transmission of the record, including the costs of printing and copying briefs and other submissions and the reporter's transcripts. Other items of cost included in the proposed appeal bond are $150,000 in the costs of delay associated with administering the Settlement's implementation, and $175,000 in anticipated

1 attorneys' fees that will be reasonably incurred by Plaintiffs in defending against
2 McWhorter's frivolous appeal.
3     18.   I base my estimate of the increased costs associated with Settlement
4 administration on the Declaration of Amanda L. Horn Relating to Additional
5 Administrative Costs During Appeal. Ms. Horn, who is a Senior Director, Operations
6 of The Garden City Group, Inc., estimates that the additional administrative costs will
7 run approximately $84,000 per year. Based on my experience in other cases, I believe
8 that absent expedited review by the Ninth Circuit, the appeal in this matter will be
9 resolved in approximately 18 months. In addition to the increased administrative
10 costs, my estimate includes the estimated cost of $30,000 for supplemental notice to
11 the Class Members advising them of the appeal and resulting delay in distributing the
12 Settlement benefits.
13     19.   I base my estimate of the attorneys' fees that will be incurred as a result
14 of McWhorter's appeal on the average hourly billing rate of Plaintiffs' attorneys and
15 the projected time that will be spent litigating Plaintiffs' motion to expedite the
16 appeal, preparing briefs and other submissions to the Ninth Circuit, overseeing and
17 participating in the Settlement administration process (including communications with
18 Class Members) and preparing for and attending oral argument. My estimate is
19 conservative because it does not include the time that will be spent in connection with
20 this motion, Plaintiffs' motion for expedited discovery or any discovery that is
21 authorized by the Court.
22     I declare under penalty of perjury under the laws of the United States of
23 America that the foregoing is true and correct. Executed at Phoenix, Arizona on April
24 5, 2011.

ANDREW S. FRIEDMAN

# CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list. The foregoing will be mailed via US mail and sent via email to:

| | |
|---|---|
| Paul S. Rothstein, Esq.<br>626 N. E. 1st St.<br>Gainesville, FL 32608<br>psr@rothsteinforjustice.com | Darrell Palmer<br>Law Offices of Darrell Palmer<br>603 N. Highway 101, Ste A<br>Solano Beach, CA  92075<br>darrell.palmer@palmerlegalteam.com |

Frank H. Tomlinson, Esq.
15 North 21st St., Suite 302
Birmingham, AL 35203
htomlinson@bellsouth.net

N. Albert Bacharach, Jr., Esq.
115 Northeast 6th Ave.
Gainesville, FL 32601-3416
N.A.Bacharach@att.net

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 5, 2011.

      /s/ Kimberly C. Page
      Kimberly C. Page

591303_1

- 7 -

# SERVICE LIST

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

**Stephen R Basser**
    sbasser@barrack.com

**Steve W Berman**
    steve@hbsslaw.com,heatherw@hbsslaw.com

**Elaine T Byszewski**
    elaine@hbsslaw.com,JenniferB@hbsslaw.com,sharons@hbsslaw.com

**Ingrid M Evans**
    ievans@evanslaw.com

**Thomas A Evans**
    tevans@reedsmith.com

**Elizabeth A Fegan**
    beth@hbsslaw.com,Chi_Filings@hbsslaw.com

**Andrew S Friedman**
    afriedman@bffb.com,rcreech@bffb.com,ngerminaro@bffb.com

**Terence N Hawley**
    thawley@reedsmith.com

**William Hayden Higgins**
    whiggins@reedsmith.com,dkelley@reedsmith.com

**Rachel L Jensen**
    rjensen@rgrdlaw.com,e_file_sd@rgrdlaw.com

**Steven M Jodlowski**
    sjodlowski@rgrdlaw.com,e_file_sd@rgrdlaw.com

**Daniel J Kurowski**
    dank@hbsslaw.com, chi_filings@hbsslaw.com

**Timothy Mahoney**
    timm@hbsslaw.com ,chi_filings@hbsslaw.com

| | |
|---|---|
| 1 | **Linda B Oliver** |
| 2 | loliver@reedsmith.com,swurth@reedsmith.com |
| 3 | **Kimberly C Page** |
| 4 | kpage@bffb.com |
| 5 | **Robert D Phillips , Jr** |
| 6 | rphillips@reedsmith.com |
| 7 | **Henry Pietrkowski** |
|   | hpietrkowski@reedsmith.com |
| 8 | **Theodore J Pintar** |
| 9 | tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com |
| 10 | **James A Rolfes** |
| 11 | jrolfes@reedsmith.com |
| 12 | **Tamara M Rowles** |
| 13 | trowles@reedsmith.com,aswenson@reedsmith.com |
| 14 | **Amir Shlesinger** |
| 15 | ashlesinger@reedsmith.com |
| 16 | **John J Stoia , Jr** |
|    | johns@rgrdlaw.com,e_file_sd@rgrdlaw.com |
| 17 | **Phong L Tran** |
| 18 | ptran@rgrdlaw.com |
| 19 | **Samuel M Ward** |
| 20 | sward@barrack.com,lxlamb@barrack.com |

591303_1

- 9 -