1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10         WESTERN DIVISION

| | |
|---|---|
| In re MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION | MDL No. CV-07-1825-CAS(MANx) |
| This Document Relates To: | [PROPOSED] FINDINGS SUPPLEMENTING FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE THEREON (DKT. NO. 463) |
| ALL ACTIONS. | |

16

17

18

19

20

21

22

23

24

25

26

27

28

658628_1

1    Plaintiffs' Motion to Supplement the Final Order Approving Class Action

2  Settlement and Final Judgment of Dismissal with Prejudice Thereon (Dkt. No. 463)

3  ("Final Order and Judgment") is GRANTED.

4    Exercising its discretion as the finder of facts relevant to judicial approval under

5  Federal Rule of Civil Procedure 23, the Court makes the findings below to facilitate

6  appellate review.  The findings below are implicit in, and supplement, the findings

7  already made in the Final Order and Judgment.  Indeed, the findings below largely

8  formalize the Court's determinations at the final approval hearing. *See* Declaration of

9  Kevin K. Green Supporting Plaintiffs' Motion (1) for Indicative Ruling and (2) to

10  Supplement the Final Order Approving Class Action Settlement and Final Judgment

11  of Dismissal with Prejudice Thereon (Dkt. No. 463) ("Green Decl."), Ex. A

12  (transcript).

13    The Court is "not required, in making findings, to mention every item of

14  evidence and either adopt it or reject it." *W. Pac. Fisheries, Inc. v. SS President*

15  *Grant*, 730 F.2d 1280, 1285 (9th Cir. 1984).  Nonetheless, to enable appellate review

16  in this action, specific items of evidence are referenced below as illustrative, but not

17  exclusive, evidence supporting a particular finding.  It is "presume[d] that the judge

18  considers all of the evidence," and the Court here has done so while "reject[ing] what

19  does not support the finding" made. *Id.*

20    Based on careful and thorough review of the existing record – the district court

21  file and the many hearings conducted in this action – the Final Order and Judgment

22  are hereby supplemented with the following findings:

23    1.    Uncontroverted evidence was presented, and the Court finds, that the

24  settlement value made available to the class is, at a minimum, $79.538 million.  This

25  is an excellent result for the class.  To determine the value, a distinguished actuary

26  analyzed the settlement, and the value of its components, based on his extensive

27  experience and sound actuarial principles, using conservative assumptions. Dkt. No.

28  433.  Based on its close familiarity with the record, the Court reiterates its prior

- 1 -

658628_1

1  finding that the settlement is not only fair and adequate, but easily within a range of

2  reasonableness warranting approval.  Dkt. No. 463 at 2-3 of 9; *see also* Dkt. No. 449

3  at 11-28 of 35.

4       2.     The Court reviewed all declarations and other evidence supporting class

5  counsel's request for an attorney fee and expense award.  Dkt. Nos. 423-433.  Class

6  counsel presented uncontroverted evidence demonstrating an aggregate lodestar of

7  $16.05 million, which the Court finds to be reasonable.  *See, e.g.*, Dkt. No. 424 at 20

8  of 39 (referencing supporting declarations).  Class counsel presented uncontroverted

9  evidence demonstrating aggregate recoverable expenses of $1.89 million, which the

10  Court finds to be reasonable.  *See, e.g.*, Dkt. No. 424 at 31 of 39 (referencing

11  supporting declarations).  Class counsel, however, requested $13.97 million for fees

12  and expenses, or nearly $4 million voluntarily cut from their reasonable lodestar and

13  expenses.  Dkt. No. 423 at 2 of 8.  Exercising its discretion, the Court awarded a

14  slightly lesser amount of $13.9465 million.  Dkt. No. 463 at 4 of 9.  The award

15  therefore reflects a 22% reduction – effectively a negative multiplier – from the

16  reasonable lodestar and expenses.  In approving the settlement and fee award, the

17  Court commended class counsel for seeking "less than" what the law would have

18  presumed reasonable.  Green Decl., Ex. A at 5 (final approval hearing).

19       3.     The Court finds that this case, if anything, merited a positive multiplier in

20  light of the result obtained, but has awarded attorney fees and expenses commensurate

21  with class counsel's reduced request negotiated at an arm's length mediation before

22  the Honorable Dickran Tevrizian (ret.).  Seeking what amounts to a negative

23  multiplier is admirable given that the matter was litigated on a contingency basis for

24  more than five years, with no assurance that class counsel would be paid for their

25  extensive efforts on behalf of plaintiffs and the class.

26       4.     In determining reasonable compensation to class counsel, the Court is

27  mindful that this litigation was especially complex.  As the Court observed for several

28  years, the litigation called upon a high level of skill and experience in class actions for

- 2 -

658628_1

1    plaintiffs to succeed against defendant Midland National Life Insurance Company

2    ("Midland"), which also had first-rate legal representation.  Based on the Court's

3    review of the record and familiarity with local hourly rates, the Court finds that the

4    hourly rates sought by all attorneys and other professionals who worked on the case

5    for class counsel are reasonable for complex, contingent-fee class litigation in Los

6    Angeles.  Over the span of more than five years, class counsel reviewed hundreds of

7    thousands of documents, attended dozens of hearings and conducted depositions of 11

8    corporate executives and 8 expert witnesses.  The parties litigated class certification

9    and summary judgment, among other things, and also battled over expert

10   qualifications under *Daubert v. Merrill Dow Pharms.*, 509 U.S. 579, 113 S. Ct. 2786,

11   125 L. Ed. 2d 469 (1993).  *See, e.g.,* Dkt. No. 425 at 5-11 of 31.  Given that the

12   litigation was contentious, lengthy and at times very labor-intensive for class counsel,

13   the time expended by all attorneys and other professionals was time reasonably spent.

14        5.      Assuming *arguendo* that the settlement benefit here and class counsel's

15   award may be viewed as a "constructive common fund," the Court has conducted a

16   percentage cross-check to confirm the reasonableness of class counsel's award.  The

17   combined minimum value of the settlement ($79.538 million) and the award

18   ($13.9465 million) is $93.4845 million.  The award is 14.92% of a "constructive

19   common fund" (assuming, again, such a fund here for analytical purposes).  This

20   percentage is significantly less than the Ninth Circuit's 25% benchmark for

21   reasonableness in common fund situations.  A percentage cross-check thus confirms

22   that class counsel's award in this action is reasonable.  To simplify the calculation, the

23   incentive awards to the representative plaintiffs, class notice costs and other expenses

24   are excluded, but the Court observes that including these items would only reduce the

25   percentage of class counsel's award below what is already a reasonable percentage fee

26   and expense award.

27        6.      Uncontroverted evidence was presented, and the Court finds, that class

28   counsel and Midland negotiated and finalized their Settlement Agreement (Dkt. No.

- 3 -

658628_1

399-1) *before* commencing negotiations on attorney fees and expenses. *See, e.g.*, Dkt. No. 425 at 11-12 of 31. As the Court stated previously, the record reflects that the parties negotiated the substantive terms of the proposed class settlement at arm's length without any hint of collusion. Dkt. No. 463 at 3 of 9. As Midland's counsel observed, the parties held "over a dozen mediation sessions" – sometimes litigating issues in between – before resolving all issues. Green Decl., Ex. A at 10. The proposed settlement terms were negotiated in two separate mediations before two highly respected professional mediators, the Honorable Edward Wallin (ret.) and the Honorable Dickran Tevrizian (ret.). As the Court emphasized at the final approval hearing, "skilled judicial officers worked on negotiating the settlement" of this class litigation. *Id*. at 5.

7. Importantly, the material economic terms of the proposed settlement were memorialized in a written Memorandum of Understanding filed with the Court *before* the parties began negotiations over the amount of the attorney fees and expenses that would be sought by class counsel. Dkt. No. 425 at 12 of 31. When the parties failed to reach agreement on the amount of attorney fees and expenses to be awarded to class counsel, they agreed to participate in another mediation before Judge Tevrizian to resolve their differences. Midland ultimately assented to a "clear sailing" provision, a common feature of classwide settlements, only after extensive and sometimes contentious mediation proceedings before Judge Tevrizian. Midland understandably sought to cap its potential monetary exposure for attorney fees and expenses. On this record, there is and can be no serious contention that the ceiling amount set on the potential award of attorney fees and expenses to be sought by class counsel, or Midland's ultimate agreement not to object to the amount of the award sought by class counsel, were the product of collusion or anything other than vigorous, arm's length negotiations. For the same reasons, there is no colorable argument that the settlement provision obligating Midland to pay only the amount ultimately awarded by the Court as attorney fees and expenses somehow reflects

- 4 -

658628_1

collusion.  This provision is largely irrelevant in this case because the Court awarded nearly all of the fees and expenses sought by class counsel (albeit much less than their reasonable lodestar).  Only $23,500 in residual was returned to Midland, a modest amount given the aggregate value of the settlement to the class.

8.    In conclusion, the Court underscores its comments at the final approval hearing summarizing what the Court found in its Final Order and Judgment issued the same day:

> I can bear witness to the fact that this has been a hard fought litigation.  I can bear witness to the fact that the settlement is arm's length and that Judge Tevrizian and the other judges involved have worked very hard.  That to me is the significance of the involvement of the mediator.
>
> I have looked at . . . the terms of the settlement.  I think they are fair.  I think that the incentive awards are fair.  I think the attorney fees which are certainly less than the Loadstar in the case are appropriate.  And so for those reasons, I intend to overrule the objections and to approve the settlement and the award of attorneys' fees.  I note for the record that the settlement was achieved separate and apart from any discussion of attorneys' fees in a separate mediation and that is exactly what should happen in these cases.

Green Decl., Ex. A at 13.

*    *    *

SO ORDERED this _____ day of _____, 2011.

_____
THE HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

- 5 -

658628_1

1 | Submitted by:

2 | ROBBINS GELLER RUDMAN
    & DOWD LLP
3 | JOHN J. STOIA, JR.
    THEODORE J. PINTAR
4 | KEVIN K. GREEN
    RACHEL L. JENSEN
5 | STEVEN M. JODLOWSKI
    655 West Broadway, Suite 1900
6 | San Diego, CA  92101
    Telephone:  619/231-1058
7 | 619/231-7423 (fax)

8 | BONNETT, FAIRBOURN,
    FRIEDMAN
9 |   & BALINT, P.C.
    ANDREW S. FRIEDMAN
10 | KIMBERLY C. PAGE
    2901 N. Central Avenue, Suite 1000
11 | Phoenix, AZ  85012
    Telephone:  602/274-1100
12 | 602/274-1199 (fax)

13 | BONNETT, FAIRBOURN,
    FRIEDMAN
14 |   & BALINT, P.C.
    MANFRED MUECKE
15 | 501 W. Broadway, Suite 1450B
    San Diego, CA  92101
16 | Telephone:  619/756-7748

17 | HAGENS BERMAN SOBOL
    SHAPIRO LLP
18 | STEVE W. BERMAN
    1918 8th Avenue, Suite 3300
19 | Seattle, WA  98101
    Telephone:  206/623-7292
20 | 206/623-0594 (fax)

21 | Interim Co-Lead Class Counsel for
    Plaintiffs
22 |
    SHERNOFF BIDART & DARRAS
23 | WILLIAM M. SHERNOFF
    JOEL A. COHEN
24 | EVANGELINE F. GARRIS
    600 South Indian Hill Blvd.
25 | Claremont, CA  91711
    Telephone:  909/621-4935
26 | 909/ 625-6915 (fax)

27 |

28 |

658628_1

FINKELSTEIN & KRINSK LLP
HOWARD D. FINKELSTEIN
MARK L. KNUTSON
501 West Broadway, Suite 1250
San Diego, CA  92101
Telephone:  619/238-1333
619/238-5425 (fax)

BARRACK, RODOS & BACINE
STEPHEN R. BASSER
402 West Broadway, Suite 850
San Diego, CA  92101
Telephone:  619/230-0800
619/230-1874 (fax)

JAMES, HOYER, NEWCOMER
  & SMILJANICH, P.A.
JOHN A. YANCHUNIS
4830 West Kennedy Blvd.
Urban Centre One, Suite 550
Tampa, FL  33609
Telephone:  813/286-4100
813/286-4174 (fax)

THE EVANS LAW FIRM
INGRID M. EVANS
P.O. Box 2323
San Francisco, CA  94126-2323
Telephone:  415/441-8669
888/891-4906 (fax)

Additional Counsel for Plaintiffs

- 7 -

658628_1

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 14, 2011.

s/ KEVIN K. GREEN
KEVIN K. GREEN

ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:  kgreen@rgrdlaw.com

658628_1

# Mailing Information for a Case 2:07-ml-01825-CAS -MAN

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Fletcher C Alford**
  falford@gordonrees.com

- **Stephen R Basser**
  sbasser@barrack.com

- **Steve W Berman**
  steve@hbsslaw.com,heatherw@hbsslaw.com

- **Elaine T Byszewski**
  elaine@hbsslaw.com,LoriH@hbsslaw.com,JenniferB@hbsslaw.com

- **Lance A Etcheverry**
  lance.etcheverry@skadden.com,dolly.hansen@skadden.com,al.chua@skadden.com

- **Ingrid M Evans**
  ingrid@evanslaw.com,jim@evanslaw.com,info@evanslaw.com,judy@evanslaw.com

- **Thomas A Evans**
  tevans@reedsmith.com

- **Denise A Fee**
  daf@jordenusa.com

- **Elizabeth A Fegan**
  beth@hbsslaw.com,Chi_Filings@hbsslaw.com

- **Andrew S Friedman**
  afriedman@bffb.com,rcreech@bffb.com,ngerminaro@bffb.com

- **Laura L Geist**
  lgeist@gordonrees.com,dmckee@gordonrees.com

- **Kevin K Green**
  kgreen@rgrdlaw.com,tdevries@rgrdlaw.com

- **Terence N Hawley**
  thawley@reedsmith.com,swurth@reedsmith.com

- **William Hayden Higgins**
  whiggins@reedsmith.com,dkelley@reedsmith.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Steven M Jodlowski**
  sjodlowski@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James F Jorden**

- 9-

jfj@jordenusa.com,lw@jordenusa.com

- **Daniel J Kurowski**
  dank@hbsslaw.com,chi_filings@hbsslaw.com

- **Timothy Mahoney**
  timm@hbsslaw.com,chi_filings@hbsslaw.com

- **Michael C McKay**
  mmckay@schneiderwallace.com

- **Thomas Jerome Nolan**
  tnolan@skadden.com,carl.roth@skadden.com

- **Thomas Joseph O'Reardon , II**
  toreardon@bholaw.com,efile@bholaw.com

- **Linda B Oliver**
  loliver@reedsmith.com,swurth@reedsmith.com

- **Kimberly C Page**
  kpage@bffb.com

- **Joseph Darrell Palmer**
  darrell.palmer@palmerlegalteam.com,maria.carapia@palmerlegalteam.com

- **Robert D Phillips , Jr**
  rphillips@reedsmith.com

- **Henry Pietrkowski**
  hpietrkowski@reedsmith.com

- **Theodore J Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Teresa R Ponder**
  tponder@bergerkahn.com

- **James A Rolfes**
  jrolfes@reedsmith.com

- **Tamara M Rowles**
  trowles@reedsmith.com,aswenson@reedsmith.com

- **Amir Shlesinger**
  ashlesinger@reedsmith.com

- **Craig S Simon**
  csimon@bergerkahn.com

- **John J Stoia , Jr**
  johns@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Phong L Tran**
  ptran@rgrdlaw.com

- 10 -

- **Samuel M Ward**
  sward@barrack.com,lxlamb@barrack.com

- **Jeffrey L Williams**
  jlw@jordenusa.com,ksm@jordenusa.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
N Albert Bacharach
N Albert Bacharach Law Offices
115 NE Sixth Avenue
Gainesville, FL 32601-3416

Paul S Rothstein
Paul S Rothstein Law Offices
626 NE First Street
Gainesville, FL 32608

Frank Hilton Tomlinson
Frank H Tomlinson Law Offices
15 North 21th Street Suite 302
Birmingham, AL 35203
```

- 11 -