ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
jstoia@rgrdlaw.com
THEODORE J. PINTAR (131372)
tedp@rgrdlaw.com
KEVIN K. GREEN (180919)
keving@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
STEVEN M. JODLOWSKI (239074)
sjodlowski@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

BONNETT, FAIRBOURN, FRIEDMAN        HAGENS BERMAN SOBOL
  & BALINT, P.C.                                              SHAPIRO LLP
ANDREW S. FRIEDMAN                           STEVE W. BERMAN
(*Pro Hac Vice*)                                           (*Pro Hac Vice*)
afriedman@bffb.com                                 steve@hbsslaw.com
KIMBERLY C. PAGE                               1918 8th Avenue, Suite 3300
kpage@bffb.com                                       Seattle, WA  98101
2901 N. Central Avenue, Suite 1000        Telephone: 206/623-7292
Phoenix, AZ  85012                               206/623-0594 (fax)
Telephone:  602/274-1100
602/274-1199 (fax)

Interim Co-Lead Class Counsel

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| In re MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION | ) ) ) ) ) ) ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) ) ) ) |

MDL No. CV-07-1825-CAS(MANx)

PLAINTIFFS' MEMORANDUM SUPPORTING MOTION (1) FOR INDICATIVE RULING AND (2) TO SUPPLEMENT THE FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE THEREON (DKT. NO. 463)

DATE:  November 14, 2011
TIME:    10:00 a.m.
CTRM: 5 – Second Floor
The Honorable Christina A. Snyder

658212_1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................. 1

II.   BACKGROUND TO THE MOTION ............................................... 1

III.  ARGUMENT ........................................................................................ 3

    A.    This Court Should Issue an Indicative Ruling to Facilitate a Limited Remand from the Ninth Circuit................................................ 3

    B.    To Ensure a More Complete Record for Appellate Review, This Court Should Supplement Its Final Order and Judgment with Findings Pursuant to *Bluetooth* ............................................................ 5

IV.   CONCLUSION .................................................................................... 5

CERTIFICATE OF SERVICE ................................................................ 8

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.,*
   No. 3:01-CV-0485, 2011 WL 2682529
   (M.D. Pa. July 11, 2011) ...................................................................5

*Crateo, Inc. v. Intermark, Inc.,*
   536 F.2d 862 (9th Cir. 1976) .............................................................3

*Defenders of Wildlife v. Salazar,*
   776 F. Supp. 2d 1178 (D. Mont. 2011) ...........................................3, 4

*Demirchyan v. Holder,*
   641 F.3d 1141 (9th Cir. 2011)............................................................5

*Dominguez v. Gulf Coast Marine & Assocs.,*
   607 F.3d 1066 (5th Cir. 2010) ...........................................................3

*Griggs v. Provident Consumer Disc. Co.,*
   459 U.S. 56, 103 S. Ct. 400,
   74 L. Ed. 2d 225 (1982)......................................................................3

*In re Bluetooth Headset Prods. Liab. Litig.,*
   No. 09-56683, ___ F.3d ___, 2011 WL 3632604
   (9th Cir. Aug. 19, 2011) ...........................................................1, 2, 4, 5

*In re DirecTV Early Cancellation Fee Mktg. & Sales Practices Litig.,*
   No. ML 09-2093 AG (ANx), ___ F. Supp. 2d ___,
   2011 WL 4090774 (C.D. Cal. Sept. 6, 2011).....................................4

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Appellate Procedure
   Rule 12.1...............................................................................................3
   Rule 12.1(b)........................................................................................4, 5

658212_1

**Page**

Federal Rules of Civil Procedure
Rule 62.1...................................................................................................3
Rule 62.1(a) ............................................................................................4
Rule 62.1(a)(3)........................................................................................4
Rule 62.1(b) .............................................................................................5

658212_1

**I.     INTRODUCTION**

1
2          Plaintiffs and class representatives Mary P. Munoz, Robert D. Kaiser, Mary
3   Bendzak, and Nancy Bendzak, as attorney-in-fact for Mary Bendzak ("plaintiffs"),
4   respectfully submit this Memorandum Supporting Their Motion (1) for Indicative
5   Ruling and (2) to Supplement the Final Order Approving Class Action Settlement and
6   Final Judgment of Dismissal with Prejudice Thereon (Dkt. No. 463) ("Motion").  This
7   Motion is filed to provide the Court with an opportunity to make findings in
8   accordance with *In re Bluetooth Headset Prods. Liab. Litig.*, No. 09-56683, ___ F.3d
9   ___, 2011 WL 3632604 (9th Cir. Aug. 19, 2011), before appellate review by the Ninth
10  Circuit Court of Appeals.

**II.    BACKGROUND TO THE MOTION**

11
12         This multidistrict litigation was initiated and assigned to this Court in June
13  2007.  Dkt. No. 5.  The Court is well acquainted with the factual and procedural
14  history.  *See* Dkt. No. 425 at 5-13 of 31.
15         After several years of protracted and hard-fought litigation, the parties reached a
16  classwide settlement in April 2010.  Dkt. No. 399-1 at 7 of 150 (Settlement
17  Agreement).  The Court gave the negotiated resolution preliminary approval in
18  October 2010.  Dkt. No. 403.  Notice was sent to nearly 80,000 class members
19  nationwide who purchased annuity policies from defendant Midland National Life
20  Insurance Company ("Midland").  Dkt. No. 449 at 29 of 35; *see also* Dkt. No. 451.
21  Of this large group, only seven class members objected.  Dkt. No. 443; *see also* Dkt.
22  No. 455 at 3 of 7 ("no new objections to report").  Submitting comprehensive briefing
23  and supporting evidence, the parties moved for final approval of the settlement.  Dkt.
24  Nos. 448-451.  Class counsel also sought an award of attorney fees and expenses for
25  the result obtained and handling this class litigation on a contingency basis for six
26  years.  Dkt. Nos. 423-433.
27         In February 2011, the Court held the final approval hearing.  *See* Declaration of
28  Kevin K. Green Supporting Plaintiffs' Motion (1) for Indicative Ruling and (2) to

- 1 -

658212_1

1   Supplement the Final Order Approving Class Action Settlement and Final Judgment

2   of Dismissal with Prejudice Thereon (Dkt. No. 463) ("Green Decl."), Ex. A

3   (transcript).  Finding that the negotiated resolution was fair, adequate and reasonable,

4   the Court approved the settlement and overruled the few objections.  *Id.*, Ex. B at 2-3

5   of 9.  The Court also awarded $13.9465 million to plaintiffs' counsel as the sum total

6   for attorney fees, expenses and costs.  *Id.*, Ex. B at 4 of 9.

7       The only objector to appear at the final approval hearing, through counsel, was

8   Kathleen McWhorter.  *Id.*, Ex. A.  Her initial attorney, Paul Rothstein, was forced to

9   associate another lawyer after class counsel learned that Rothstein was McWhorter's

10   son-in-law.  Dkt. No. 475; *see also* Green Decl., Ex. A at 4-5.  At the final approval

11   hearing, the Court and the parties both expressed concern that a groundless appeal

12   would delay settlement distribution to the class – many of whom are senior citizens.

13   *See* Green Decl., Ex. A at 7-14.  McWhorter's counsel nonetheless appealed.  Dkt.

14   No. 467.  At the parties' request, the Court has imposed an appeal bond.  Dkt. No.

15   489.

16       In urging the Ninth Circuit to reverse this Court, McWhorter relies heavily on

17   the recent decision in *Bluetooth*, which this Court had no opportunity to consider.  *See*

18   Green Decl., Ex. C (opening Ninth Circuit brief).  The Ninth Circuit issued *Bluetooth*

19   in August 2011, nearly six months ***after*** this Court approved the settlement and fee

20   award.  *Id.*, Ex. B.

21       Given McWhorter's emphasis on intervening Ninth Circuit precedent in her

22   appeal, plaintiffs have asked the Ninth Circuit to vacate the appellate briefing

23   schedule to facilitate a limited remand to this Court for supplemental findings.  *Id.*,

24   Ex. D.  Although giving no reasons, McWhorter has stated her opposition to pausing

25   the Ninth Circuit briefing so that the Court may consider *Bluetooth*.  *Id.*, Ex. E.

26

27

28

658212_1

## III.   ARGUMENT

### A.   This Court Should Issue an Indicative Ruling to Facilitate a Limited Remand from the Ninth Circuit

Most of the time, "a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982).   The limited remand procedure invoked here is an exception.   In the Ninth Circuit, this procedure originated with *Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862, 869 (9th Cir. 1976).   Limited remands became so "widely accepted" across the federal system that the procedure "has now been codified into the Federal Rules." *Dominguez v. Gulf Coast Marine & Assocs.*, 607 F.3d 1066, 1074 n.5 (5th Cir. 2010).   The trial and appellate rules now contain intertwined provisions guiding the limited remand process.   *See* Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1.

One court recently explained: "The procedure that must be followed under Rule 62.1 first involves asking the District Court to indicate what it would do with the question, or at least consider whether there is a serious issue raised." *Defenders of Wildlife v. Salazar*, 776 F. Supp. 2d 1178, 1182 (D. Mont. 2011).   The pertinent rule instructs:

> (a)   **Relief Pending Appeal**.   If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the [district] court may:
>
> (1)   defer considering the motion;
>
> (2)   deny the motion; or

658212_1

(3)     state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.[1]

Fed. R. Civ. P. 62.1(a).  The trial judge's "suggestion for remand" in subsection (3) is called, by custom and practice, an "'indicative ruling.'" *Id.*, Adv. Comm. Notes (2009 Adoption).

If the trial judge is "inclined to grant the request for an indicative ruling," the next step "is to tell the parties and the Circuit Court of [this] intent." *Defenders of Wildlife*, 776 F. Supp. 2d at 1182.  It is then "up to the Circuit Court to decide whether it will send the case back to the District Court and empower the lower court to rule." *Id.*  If a limited remand is granted, the Ninth Circuit "retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(b).  Here, plaintiffs have ***not*** asked that McWhorter's appeal be dismissed while the Court considers the discrete matter of supplemental findings in accordance with *Bluetooth*.  *See* Green Decl., Ex. D.  This Court can make the findings on the existing evidentiary record while the Ninth Circuit retains jurisdiction over the appeal.

To be clear, an indicative ruling "does not tie" this Court "to a particular ruling" on plaintiffs' Motion.  *In re DirecTV Early Cancellation Fee Mktg. & Sales Practices Litig.*, No. ML 09-2093 AG (ANx), ___ F. Supp. 2d ___, 2011 WL 4090774, at *3 (C.D. Cal. Sept. 6, 2011) (Guileford, J.) (asking Ninth Circuit to grant limited remand in light of intervening appellate precedent).  Rather, an indicative ruling simply conveys the Court's willingness to address plaintiffs' Motion on the merits should the Ninth Circuit temporarily restore jurisdiction via a limited remand.  *Id.*

---

[1]     Here, as elsewhere, emphasis is added and citations are omitted, unless otherwise noted.

- 4 -

1    If the Court issues an indicative ruling, plaintiffs will "promptly notify" the

2    Ninth Circuit clerk.  Fed. R. Civ. P. 62.1(b).  Concurrent with that notification,

3    plaintiffs will ask the Ninth Circuit to order a limited remand.  *See* Fed. R. App. P.

4    12.1(b).

5    **B.    To Ensure a More Complete Record for Appellate Review,
          This Court Should Supplement Its Final Order and

6          Judgment with Findings Pursuant to *Bluetooth***

7    Assuming, as plaintiffs anticipate, that the Ninth Circuit will grant a limited

8    remand, this Court will then possess jurisdiction to "decide" plaintiffs' Motion.  Fed.

9    R. Civ. P. 62.1(b).

10   The Ninth Circuit recently reiterated that district courts have the power to make

11   "findings of fact and conclusions of law" on, as proposed here, a limited remand.

12   *Demirchyan v. Holder*, 641 F.3d 1141, 1143 (9th Cir. 2011) (also noting that such

13   findings "are not separately appealable").  Because McWhorter relies heavily on

14   *Bluetooth* in her appeal, supplemental findings pursuant to *Bluetooth* "will not further

15   complicate the case; it will simplify it."  *Arlington Indus., Inc. v. Bridgeport Fittings,*

16   *Inc.*, No. 3:01-CV-0485, 2011 WL 2682529, at *3 (M.D. Pa. July 11, 2011) (issuing

17   indicative ruling).  Once vested with jurisdiction, the Court may make findings as it

18   sees fit in light of *Bluetooth*.

19   **IV.    CONCLUSION**

20   To advance the limited remand process to the next step, plaintiffs respectfully

21   ask the Court to issue the necessary indicative ruling.  *See* [Proposed] Indicative

22   Ruling (accompanying this Motion).  Assuming the Ninth Circuit then grants a limited

23   remand, plaintiffs further ask the Court to grant this Motion and supplement the record

24   with findings pursuant to *Bluetooth* – thereby ensuring a fuller record before the Ninth

25   Circuit undertakes appellate review.  *See* [Proposed] Findings Supplementing Final

26

27

28

658212_1

1 | Order Approving Class Action Settlement and Final Judgment of Dismissal with
2 | Prejudice Thereon (Dkt. No. 463) (also accompanying this Motion).
3 | DATED:  October 14, 2011                  Respectfully submitted,
4 |                                           ROBBINS GELLER RUDMAN
  |                                             & DOWD LLP
5 |                                           JOHN J. STOIA, JR.
  |                                           THEODORE J. PINTAR
6 |                                           KEVIN K. GREEN
  |                                           RACHEL L. JENSEN
7 |                                           STEVEN M. JODLOWSKI
8 |
9 |                                           _____s/ KEVIN K. GREEN_____
  |                                                   KEVIN K. GREEN
10|
  |                                           655 West Broadway, Suite 1900
11|                                           San Diego, CA  92101
  |                                           Telephone:  619/231-1058
12|                                           619/231-7423 (fax)
13|                                           BONNETT, FAIRBOURN, FRIEDMAN
  |                                             & BALINT, P.C.
14|                                           ANDREW S. FRIEDMAN
  |                                           KIMBERLY C. PAGE
15|                                           2901 N. Central Avenue, Suite 1000
  |                                           Phoenix, AZ  85012
16|                                           Telephone:  602/274-1100
  |                                           602/274-1199 (fax)
17|                                           BONNETT, FAIRBOURN, FRIEDMAN
18|                                             & BALINT, P.C.
  |                                           MANFRED MUECKE
19|                                           501 W. Broadway, Suite 1450B
  |                                           San Diego, CA  92101
20|                                           Telephone:  619/756-7748
21|                                           HAGENS BERMAN SOBOL
  |                                             SHAPIRO LLP
22|                                           STEVE W. BERMAN
  |                                           1918 8th Avenue, Suite 3300
23|                                           Seattle, WA  98101
  |                                           Telephone:  206/623-7292
24|                                           206/623-0594 (fax)
25|                                           Interim Co-Lead Class Counsel for
  |                                           Plaintiffs
26|
27|
28|

1
2      SHERNOFF BIDART & DARRAS
       WILLIAM M. SHERNOFF
3      JOEL A. COHEN
       EVANGELINE F. GARRIS
4      600 South Indian Hill Blvd.
       Claremont, CA  91711
5      Telephone:  909/621-4935
       909/ 625-6915 (fax)

6      FINKELSTEIN & KRINSK LLP
       HOWARD D. FINKELSTEIN
7      MARK L. KNUTSON
       501 West Broadway, Suite 1250
8      San Diego, CA  92101
       Telephone:  619/238-1333
9      619/238-5425 (fax)

10     BARRACK, RODOS & BACINE
       STEPHEN R. BASSER
11     402 West Broadway, Suite 850
       San Diego, CA  92101
12     Telephone:  619/230-0800
       619/230-1874 (fax)

13
       JAMES, HOYER, NEWCOMER
14       & SMILJANICH, P.A.
       JOHN A. YANCHUNIS
15     4830 West Kennedy Blvd.
       Urban Centre One, Suite 550
16     Tampa, FL  33609
       Telephone:  813/286-4100
17     813/286-4174 (fax)

18     THE EVANS LAW FIRM
       INGRID M. EVANS
19     P.O. Box 2323
       San Francisco, CA  94126-2323
20     Telephone:  415/441-8669
       888/891-4906 (fax)

21
       Additional Counsel for Plaintiffs
22
23
24
25
26
27
28

658212_1

- 7 -

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on October 14, 2011, I authorized the electronic filing of

3  the foregoing with the Clerk of the Court using the CM/ECF system which will send

4  notification of such filing to the e-mail addresses denoted on the attached Electronic

5  Mail Notice List, and I hereby certify that I caused to be mailed the foregoing

6  document or paper via the United States Postal Service to the non-CM/ECF

7  participants indicated on the attached Manual Notice List.

8          I certify under penalty of perjury under the laws of the United States of America

9  that the foregoing is true and correct.  Executed on October 14, 2011.

10
                                    s/ KEVIN K. GREEN
11                                  KEVIN K. GREEN

12                                  ROBBINS GELLER RUDMAN & DOWD LLP
                                    655 West Broadway, Suite 1900
13                                  San Diego, CA  92101-3301
                                    Telephone:  619/231-1058
14                                  619/231-7423 (fax)
                                    E-mail:  kgreen@rgrdlaw.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28

658212_1

- 8 -

# Mailing Information for a Case 2:07-ml-01825-CAS -MAN

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Fletcher C Alford**
  falford@gordonrees.com

- **Stephen R Basser**
  sbasser@barrack.com

- **Steve W Berman**
  steve@hbsslaw.com,heatherw@hbsslaw.com

- **Elaine T Byszewski**
  elaine@hbsslaw.com,LoriH@hbsslaw.com,JenniferB@hbsslaw.com

- **Lance A Etcheverry**
  lance.etcheverry@skadden.com,dolly.hansen@skadden.com,al.chua@skadden.com

- **Ingrid M Evans**
  ingrid@evanslaw.com,jim@evanslaw.com,info@evanslaw.com,judy@evanslaw.com

- **Thomas A Evans**
  tevans@reedsmith.com

- **Denise A Fee**
  daf@jordenusa.com

- **Elizabeth A Fegan**
  beth@hbsslaw.com,Chi_Filings@hbsslaw.com

- **Andrew S Friedman**
  afriedman@bffb.com,rcreech@bffb.com,ngerminaro@bffb.com

- **Laura L Geist**
  lgeist@gordonrees.com,dmckee@gordonrees.com

- **Kevin K Green**
  kgreen@rgrdlaw.com,tdevries@rgrdlaw.com

- **Terence N Hawley**
  thawley@reedsmith.com,swurth@reedsmith.com

- **William Hayden Higgins**
  whiggins@reedsmith.com,dkelley@reedsmith.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Steven M Jodlowski**
  sjodlowski@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James F Jorden**

- 9 -

jfj@jordenusa.com,lw@jordenusa.com

- **Daniel J Kurowski**
  dank@hbsslaw.com,chi_filings@hbsslaw.com

- **Timothy Mahoney**
  timm@hbsslaw.com,chi_filings@hbsslaw.com

- **Michael C McKay**
  mmckay@schneiderwallace.com

- **Thomas Jerome Nolan**
  tnolan@skadden.com,carl.roth@skadden.com

- **Thomas Joseph O'Reardon , II**
  toreardon@bholaw.com,efile@bholaw.com

- **Linda B Oliver**
  loliver@reedsmith.com,swurth@reedsmith.com

- **Kimberly C Page**
  kpage@bffb.com

- **Joseph Darrell Palmer**
  darrell.palmer@palmerlegalteam.com,maria.carapia@palmerlegalteam.com

- **Robert D Phillips , Jr**
  rphillips@reedsmith.com

- **Henry Pietrkowski**
  hpietrkowski@reedsmith.com

- **Theodore J Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Teresa R Ponder**
  tponder@bergerkahn.com

- **James A Rolfes**
  jrolfes@reedsmith.com

- **Tamara M Rowles**
  trowles@reedsmith.com,aswenson@reedsmith.com

- **Amir Shlesinger**
  ashlesinger@reedsmith.com

- **Craig S Simon**
  csimon@bergerkahn.com

- **John J Stoia , Jr**
  johns@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Phong L Tran**
  ptran@rgrdlaw.com

- 10 -

- **Samuel M Ward**
  sward@barrack.com,lxlamb@barrack.com

- **Jeffrey L Williams**
  jlw@jordenusa.com,ksm@jordenusa.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
N Albert Bacharach
N Albert Bacharach Law Offices
115 NE Sixth Avenue
Gainesville, FL 32601-3416

Paul S Rothstein
Paul S Rothstein Law Offices
626 NE First Street
Gainesville, FL 32608

Frank Hilton Tomlinson
Frank H Tomlinson Law Offices
15 North 21th Street Suite 302
Birmingham, AL 35203
```

- 11 -