Darrell Palmer (SBN 125147)
Email:  darrell.palmer@palmerlegalteam.com
Janine Menhennet (SBN 163501)
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objector Kathleen McWhorter

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| In re MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION<br><br>―――――――――――――――――<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 07-cv-1825-CAS (MANx)<br><br>**OBJECTOR MCWHORTER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION (1) FOR INDICATIVE RULING AND (2) TO SUPPLEMENT THE FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE THEREON (DKT. NO. 463)**<br><br>Date: November 14, 2011<br>Time: 11:00 a.m.<br>Court Room: 5 – Second Floor<br>Judge: Christina A. Snyder |

Pursuant to Local Rule 7-9, Kathleen McWhorter ("McWhorter"), through her counsel, files this Response in Opposition to Plaintiffs' Motion (1) For Indicative Ruling And (2) To Supplement The Final Order Approving Class Action Settlement And Final Judgment Of Dismissal With Prejudice Thereon (Dkt. No. 463) (Doc. #502) and the

supporting memorandum (Doc. #503) ("Memo") (collectively referred to as the "Motion For Indicative Ruling").

This Court entered its Final Order Approving Class Action Settlement And Final Judgment Of Dismissal With Prejudice Thereon (Doc. 463, "Final Order") on February 28, 2011, Plaintiffs then waited eight months before filing their Motion For Indicative Ruling, wherein they seek relief from a Final Judgment that they crafted for the Court. In the interim McWhorter timely appealed that Final Judgment/Order, filing her notice of appeal (Doc. 467) on March 15, 2011.  Pursuant to the briefing schedule is in place before the Ninth Circuit  McWhorter's opening brief was filed over a month ago.  Doc. 504-3.  Then on the date their answer brief was due Plaintiffs filed a motion to vacate the briefing schedule (Doc. 504-4, Ex. D to Declaration of Kevin K. Green), in order to seek a limited remand for the purpose of supplementing the February 28, 2011 Final Order which granted their attorneys' fees.  It should be noted that the February 28, 2011 Final Order was drafted or at least approved of by Plaintiffs' counsel, and presented to the Court as a "proposed" Order.  *See* Final Order, Doc. 463.  Indeed, the word "[PROPOSED]," crossed out, appears before the title.  *Id.*  Plaintiffs' counsel cannot now complain that the proposed Final Order they drafted and/or approved needs supplementation.  Plaintiffs' untimely request for a limited remand is an enormous waste of this Court's resources, and this Court should do nothing to facilitate it.

Plaintiffs' attempt to use the limited remand procedure in this instance to supplement the record is misplaced. Plaintiffs fail to cite to even one case to support their contention that the procedures for a limited remand in FED.R.APP.P. 12..1 and FED.R.CIV.P. 62.1 should be used in this case, where the decision in another appeal directly on point was incorporated by Appellant into her opening brief.

In *Craeto, Inc. v. Intermark, Inc.*, where, according to Plaintiffs, the limited remand procedure originated in the Ninth Circuit (Motion, p. 3), the district court found that it was "inappropriate to either grant or entertain the Rule 60(b) motion." *Craeto, Inc. v. Intermark, Inc.*, 536 F.2d 862, 869 (9th Cir. 1976). The Ninth Circuit considered the "appeal" from that order as a motion for limited remand, and denied it. *Id.*

*Defenders of Wildlife v. Salazar*, which Plaintiffs cite generally for the procedures under Rule 62.1 (Motion, p. 3), was in the context of an appeal from the district court's order vacating a U.S. Fish and Wildlife Services Final Rule. *Defenders of Wildlife v. Salazar*, 776 F.Supp.2d 1178, 1182 (D. Mont. 2011). Some parties reached a settlement after the order was taken up on appeal, and moved the district court for a stay of that order to effectuate the settlement. *Id.* The district court denied the motion for an indicative ruling on a joint motion to partially stay the order, finding that "the equities are not persuasive enough to compel the relief the parties seek from the final judgment." *Id.* at 1190.

In support of their argument Plaintiffs cite the case of *In re DirecTV Early Cancellation Fee Mktg. & Sales Practices Litig.*, No. ML 09-2093 AG (Anx), — F.Supp.2d —, 2011 WL 4090774 (C.D. Cal. Sept. 6, 2011).  In that case it was the appellant/defendant (appealing from the denial of its motion to compel arbitration as to certain plaintiffs) who requested that the district court *reconsider* its denial (*DirecTV*, 2011 WL 4090774 at *1).  This is simply not what is happening in this case.  Here , the Plaintiffs seeking to supplement the record  to  support and justify of an order already rendered by this Court .  The failure of a party to adduce evidence at trial can not by fixed by a re-do pursuant to an Indicative Ruling.

In the case of *Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*,  2011 WL 2682529 (M.D. Penn. July 11, 2011), an indicative ruling under Rule 62.1 was proper where an order appealed from was based on the preclusive effect of a prior ruling that was subsequently overturned.  Those are not the facts of the instant case an the case has no application to this matter.

The case of *Demirchyan v. Holder,* 641 F.3d 1141 (9th Cir. 2011) was an immigration case in the context of a citizenship determination, where a statute (8 U.S.C. § 1252(b)(5)(B)) mandated that where a petitioner claimed to be a citizen of the United States, and the Court of Appeals found there was a genuine issue of material fact as to that question, the Court ordered that the case be transferred back to the district court.  *Id.* at 1142-43.  There is no statute in the instant case mandating a limited remand.

The court in *Sierra Pacific Power Co. v. Hartford Steam Boiler Inspection and Ins. Co.*, 2011 WL 586417 (D. Nev. 2011) (not cited by Plaintiffs) issued an indicative ruling, in the context of an oversight that was implicit in the Court's previous orders. The problems addressed by the appeal in this matter have nothing to do with an overlooked procedural matter.

For the foregoing reasons, this Court should deny Plaintiffs' Motion For Indicative Ruling.

Dated:   October 24, 2011                    LAW OFFICES OF DARRELL PALMER PC


                                             By: ____/s/ Joseph Darrell Palmer_____
                                                    Joseph Darrell Palmer
                                             Attorney for Objector Kathleen McWhorter

# **CERTIFICATE OF SERVICE**

 I hereby certify that on October 24, 2011, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Central District of California by using the USDC CM/ECF system.

 I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system.

       ___/s/ Joseph Darrell Palmer____
       Joseph Darrell Palmer
       Attorney for Objector Kathleen McWhorter