UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1825 CAS (MANx) | Date | November 7, 2011 |
|---|---|---|---|
| Title | IN RE MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| RITA SANCHEZ | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| N/A | | N/A | |

**Proceedings:** **(In Chambers:) PLAINTIFFS' MOTION FOR INDICATIVE RULING AND TO SUPPLEMENT THE FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND FINAL JUDGMENT OF DISMISSAL** (filed October 14, 2011)

**I.   INTRODUCTION AND BACKGROUND**

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The hearing date of November 14, 2011 is hereby vacated.

This multidistrict litigation was initiated and assigned to this Court in June 2007. Dkt. No. 5. The parties are familiar with the factual and procedural history as set forth in Dkt. No. 425 at 5–13. After several years of litigation, the plaintiffs reached a classwide settlement with defendant Midland National Life Insurance Company ("Midland") in April 2010. Dkt. No. 399 (Settlement Agreement). The Court gave the negotiated resolution preliminary approval in October 2010. Dkt. No. 403. Notice was sent to nearly 80,000 class members nationwide who purchased annuity policies from defendant. Dkt. No. 449 at 29. Only seven class members objected. Dkt. No. 443.

The parties to the settlement submitted comprehensive briefing and supporting evidence, and moved for final approval of the settlement on February 4, 2011. Dkt. Nos. 448–451. Class counsel also sought an award of attorneys' fees and expenses for the result obtained and for handling this litigation on a contingency basis. Dkt. Nos. 423–433. On February 28, 2011, the Court held a hearing regarding final approval. <u>See</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1825 CAS (MANx) | Date | November 7, 2011 |
|---|---|---|---|
| Title | IN RE MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION | | |

Declaration of Kevin K. Green ("Green Decl."), Ex. A (transcript).  Finding that the negotiated resolution was fair, adequate, and reasonable, the Court overruled all objections and approved the settlement.  Id., Ex. B at 2–3.  The Court awarded $13.9465 million to plaintiffs' counsel as the sum total for attorneys' fees, expenses, and costs.  Id., Ex. B at 4.

The only objector to appeal the final approval of the settlement was Kathleen McWhorter.  In her appeal, McWhorter relies heavily on the recent decision in In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935 (9th Cir. 2011), in which the Ninth Circuit vacated a district court's orders approving a class action settlement and awarding attorneys' fees.  Green Decl., Ex. C (Ninth Circuit Brief).  This Court did not have the opportunity to consider the impact of Bluetooth because the Ninth Circuit did not issue its opinion until August, 2011, nearly six months after this Court approved the settlement and fee award.  Id., Ex. B.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 62.1 instructs:

(a)    Relief Pending Appeal.  If a timely motion for relief is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

(1)    defer considering the motion;

(2)    deny the motion; or

(3)    state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The trial court's "suggestion for remand" in subsection (3) is called, by custom and practice, and "'indicative ruling.'"  Id., Adv. Comm. Notes (2009 Adoption).  If the trial court is "inclined to grant the request for an indicative ruling," the next step "is to tell the parties and the Circuit Court of [this] intent."  Defenders of Wildlife v. Salazar,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1825 CAS (MANx) | Date | November 7, 2011 |
|---|---|---|---|
| Title | IN RE MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION | | |

776 F. Supp. 2d 1178, 1182 (D. Mont. 2011). It is then "up to the Circuit Court to decide whether it will send the case back to the District Court and empower the lower court to rule." Id.

### III. DISCUSSION

The Court finds that the circumstances of the case are such that an indicative ruling for the purposes of facilitating appellate review is appropriate. McWhorter's primary argument against the issuance of an indicative ruling is that the final settlement order was drafted or approved of by plaintiffs' counsel and presented to the Court as a "proposed" order such that plaintiffs' cannot now complain that the proposed final order needs supplementation. Opp'n at 2. However, McWhorter's argument is unavailing as it ignores the simple fact that Bluetooth was decided six months after this Court issued the final order approving the class action settlement. In addition, plaintiffs are not attempting to inject new evidence into the record, but merely propose findings relating to Bluetooth on the basis of the existing evidentiary record.

Furthermore, issuing an indicative ruling and making additional findings to supplement the final order approving the class settlement, should the Ninth Circuit remand, will not further complicate the case; it will simplify it. Arlington Industries, Inc. v. Bridgport Fittings, Inc., 2011 WL 2682529, *3 (M.D. Pa. July 11, 2011). This is so because it would avoid the scenario in which the Ninth Circuit vacates the Court's final order and remands for further proceedings pursuant to Bluetooth after which McWhorter might be positioned to pursue a second appeal if her objections are once again overruled.

If the Ninth Circuit were to grant the limited remand, the Court would adopt plaintiffs' proposed findings supplementing the final order in full.

### IV. CONCLUSION

In accordance with the foregoing, and in order to facilitate a limited remand from the Ninth Circuit Court of Appeals in In re: Midland Nat'l Life Ins. Co., (9th Cir. No. 11-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1825 CAS (MANx) | Date | November 7, 2011 |
|---|---|---|---|
| Title | IN RE MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION | | |

55432), this Court hereby issues an INDICATIVE RULING. As to plaintiffs' Motion (1) for Indicative Ruling and (2) to Supplement the Final Order Approving Class Action Settlement and Final Judgment with Prejudice Thereon (Dkt. No. 463), the Court certifies that it would grant the motion if the Ninth Circuit were to remand for that purpose. Fed. R. Civ. P. 62.1(a)(3). Plaintiffs shall promptly notify the Ninth Circuit clerk of this ruling. See Fed. R. Civ. P. 62.1(b); Fed. R. App. P. 12.1(a).

IT IS SO ORDERED.

|  | : |  |
|---|---|---|
|  | 00 | 00 |
| Initials of Preparer | RS |  |

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10                          WESTERN DIVISION

| | |
|---|---|
| In re MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MDL No. CV-07-1825-CAS(MANx)<br><br>AMENDED PROPOSED FINDINGS SUPPLEMENTING FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE THEREON (DKT. NO. 463) |

658628_1

Plaintiffs' Motion to Supplement the Final Order Approving Class Action Settlement and Final Judgment of Dismissal with Prejudice Thereon (Dkt. No. 463) ("Final Order and Judgment") is GRANTED.

Exercising its discretion as the finder of facts relevant to judicial approval under Federal Rule of Civil Procedure 23, the Court makes the findings below to facilitate appellate review. The findings below are implicit in, and supplement, the findings already made in the Final Order and Judgment. Indeed, the findings below largely formalize the Court's determinations at the final approval hearing. *See* Declaration of Kevin K. Green Supporting Plaintiffs' Motion (1) for Indicative Ruling and (2) to Supplement the Final Order Approving Class Action Settlement and Final Judgment of Dismissal with Prejudice Thereon (Dkt. No. 463) ("Green Decl."), Ex. A (transcript).

The Court is "not required, in making findings, to mention every item of evidence and either adopt it or reject it." *W. Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1285 (9th Cir. 1984). Nonetheless, to enable appellate review in this action, specific items of evidence are referenced below as illustrative, but not exclusive, evidence supporting a particular finding. It is "presume[d] that the judge considers all of the evidence," and the Court here has done so while "reject[ing] what does not support the finding" made. *Id.*

Based on careful and thorough review of the existing record – the district court file and the many hearings conducted in this action – the Final Order and Judgment are hereby supplemented with the following findings:

1. Uncontroverted evidence was presented, and the Court finds, that the settlement value made available to the class is, at a minimum, $79.538 million. This is an excellent result for the class. To determine the value, a distinguished actuary analyzed the settlement, and the value of its components, based on his extensive experience and sound actuarial principles, using conservative assumptions. Dkt. No. 433. Based on its close familiarity with the record, the Court reiterates its prior

- 1 -

658628_1

finding that the settlement is not only fair and adequate, but easily within a range of reasonableness warranting approval. Dkt. No. 463 at 2-3 of 9; *see also* Dkt. No. 449 at 11-28 of 35.

2. The Court reviewed all declarations and other evidence supporting class counsel's request for an attorney fee and expense award. Dkt. Nos. 423-433. Class counsel presented uncontroverted evidence demonstrating an aggregate lodestar of $16.05 million, which the Court finds to be reasonable. *See, e.g.*, Dkt. No. 424 at 20 of 39 (referencing supporting declarations). Class counsel presented uncontroverted evidence demonstrating aggregate recoverable expenses of $1.89 million, which the Court finds to be reasonable. *See, e.g.*, Dkt. No. 424 at 31 of 39 (referencing supporting declarations). Class counsel, however, requested $13.97 million for fees and expenses, or nearly $4 million voluntarily cut from their reasonable lodestar and expenses. Dkt. No. 423 at 2 of 8. Exercising its discretion, the Court awarded a slightly lesser amount of $13.9465 million. Dkt. No. 463 at 4 of 9. The award therefore reflects a 22% reduction – effectively a negative multiplier – from the reasonable lodestar and expenses. In approving the settlement and fee award, the Court commended class counsel for seeking "less than" what the law would have presumed reasonable. Green Decl., Ex. A at 5 (final approval hearing).

3. The Court finds that even though this case might have merited a positive multiplier in light of the result obtained, the attorney fees and expenses awarded are commensurate with class counsel's reduced request negotiated at an arm's length mediation before the Honorable Dickran Tevrizian (ret.). The amount awarded is further justified given that the matter was litigated on a contingency basis for more than five years, with no assurance that class counsel would be paid for their extensive efforts on behalf of plaintiffs and the class.

4. In determining reasonable compensation to class counsel, the Court is mindful that this litigation was especially complex. As the Court observed for several years, the litigation called upon a high level of skill and experience in class actions for

658628_1

plaintiffs to succeed against defendant Midland National Life Insurance Company ("Midland"), which also had first-rate legal representation. Based on the Court's review of the record and familiarity with local hourly rates, the Court finds that the hourly rates sought by all attorneys and other professionals who worked on the case for class counsel are reasonable for complex, contingent-fee class litigation in Los Angeles. Over the span of more than five years, class counsel reviewed hundreds of thousands of documents, attended dozens of hearings and conducted depositions of 11 corporate executives and 8 expert witnesses. The parties litigated class certification and summary judgment, among other things, and also battled over expert qualifications under *Daubert v. Merrill Dow Pharms.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). *See, e.g.*, Dkt. No. 425 at 5-11 of 31. Given that the litigation was contentious, lengthy and at times very labor-intensive for class counsel, the time expended by all attorneys and other professionals was time reasonably spent.

5. Assuming *arguendo* that the settlement benefit here and class counsel's award may be viewed as a "constructive common fund," the Court has conducted a percentage cross-check to confirm the reasonableness of class counsel's award. The combined minimum value of the settlement ($79.538 million) and the award ($13.9465 million) is $93.4845 million. The award is 14.92% of a "constructive common fund" (assuming, again, such a fund here for analytical purposes). This percentage is significantly less than the Ninth Circuit's 25% benchmark for reasonableness in common fund situations. A percentage cross-check thus confirms that class counsel's award in this action is reasonable. To simplify the calculation, the incentive awards to the representative plaintiffs, class notice costs and other expenses are excluded, but the Court observes that including these items would only reduce the percentage of class counsel's award below what is already a reasonable percentage fee and expense award.

6. Uncontroverted evidence was presented, and the Court finds, that class counsel and Midland negotiated and finalized their Settlement Agreement (Dkt. No.

399-1) *before* commencing negotiations on attorney fees and expenses. *See, e.g.*, Dkt. No. 425 at 11-12 of 31. As the Court stated previously, the record reflects that the parties negotiated the substantive terms of the proposed class settlement at arm's length without any hint of collusion. Dkt. No. 463 at 3 of 9. As Midland's counsel observed, the parties held "over a dozen mediation sessions" – sometimes litigating issues in between – before resolving all issues. Green Decl., Ex. A at 10. The proposed settlement terms were negotiated in two separate mediations before two highly respected professional mediators, the Honorable Edward Wallin (ret.) and the Honorable Dickran Tevrizian (ret.). As the Court emphasized at the final approval hearing, "skilled judicial officers worked on negotiating the settlement" of this class litigation. *Id*. at 5.

   7. Importantly, the material economic terms of the proposed settlement were memorialized in a written Memorandum of Understanding filed with the Court *before* the parties began negotiations over the amount of the attorney fees and expenses that would be sought by class counsel. Dkt. No. 425 at 12 of 31. When the parties failed to reach agreement on the amount of attorney fees and expenses to be awarded to class counsel, they agreed to participate in another mediation before Judge Tevrizian to resolve their differences. Midland ultimately assented to a "clear sailing" provision, a common feature of classwide settlements, only after extensive and sometimes contentious mediation proceedings before Judge Tevrizian. Midland understandably sought to cap its potential monetary exposure for attorney fees and expenses. On this record, there is and can be no serious contention that the ceiling amount set on the potential award of attorney fees and expenses to be sought by class counsel, or Midland's ultimate agreement not to object to the amount of the award sought by class counsel, were the product of collusion or anything other than vigorous, arm's length negotiations. For the same reasons, there is no colorable argument that the settlement provision obligating Midland to pay only the amount ultimately awarded by the Court as attorney fees and expenses somehow reflects

1  collusion.  This provision is largely irrelevant in this case because the Court awarded
2  nearly all of the fees and expenses sought by class counsel (albeit much less than their
3  reasonable lodestar).  Only $23,500 in residual was returned to Midland, a modest
4  amount given the aggregate value of the settlement to the class.

5      8.    In conclusion, the Court underscores its comments at the final approval
6  hearing summarizing what the Court found in its Final Order and Judgment issued the
7  same day:

> I can bear witness to the fact that this has been a hard fought litigation.  I can bear witness to the fact that the settlement is arm's length and that Judge Tevrizian and the other judges involved have worked very hard.  That to me is the significance of the involvement of the mediator.
>
> I have looked at . . . the terms of the settlement.  I think they are fair.  I think that the incentive awards are fair.  I think the attorney fees which are certainly less than the Loadstar in the case are appropriate.  And so for those reasons, I intend to overrule the objections and to approve the settlement and the award of attorneys' fees.  I note for the record that the settlement was achieved separate and apart from any discussion of attorneys' fees in a separate mediation and that is exactly what should happen in these cases.

Green Decl., Ex. A at 13.

\*    \*    \*

SO ORDERED this _____ day of _____, 2011.

_____
THE HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

- 5 -

658628_1

Submitted by:

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR.
THEODORE J. PINTAR
KEVIN K. GREEN
RACHEL L. JENSEN
STEVEN M. JODLOWSKI
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
KIMBERLY C. PAGE
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
MANFRED MUECKE
501 W. Broadway, Suite 1450B
San Diego, CA 92101
Telephone: 619/756-7748

HAGENS BERMAN SOBOL
  SHAPIRO LLP
STEVE W. BERMAN
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: 206/623-7292
206/623-0594 (fax)

Interim Co-Lead Class Counsel for Plaintiffs

SHERNOFF BIDART & DARRAS
WILLIAM M. SHERNOFF
JOEL A. COHEN
EVANGELINE F. GARRIS
600 South Indian Hill Blvd.
Claremont, CA 91711
Telephone: 909/621-4935
909/ 625-6915 (fax)

- 6 -

658628_1

| | |
|---|---|
| 1 | FINKELSTEIN & KRINSK LLP<br>HOWARD D. FINKELSTEIN |
| 2 | MARK L. KNUTSON<br>501 West Broadway, Suite 1250 |
| 3 | San Diego, CA  92101<br>Telephone:  619/238-1333 |
| 4 | 619/238-5425 (fax) |
| 5 | BARRACK, RODOS & BACINE<br>STEPHEN R. BASSER |
| 6 | 402 West Broadway, Suite 850<br>San Diego, CA  92101 |
| 7 | Telephone:  619/230-0800<br>619/230-1874 (fax) |
| 8 | |
| 9 | JAMES, HOYER, NEWCOMER<br>  & SMILJANICH, P.A.<br>JOHN A. YANCHUNIS |
| 10 | 4830 West Kennedy Blvd.<br>Urban Centre One, Suite 550 |
| 11 | Tampa, FL  33609<br>Telephone:  813/286-4100 |
| 12 | 813/286-4174 (fax) |
| 13 | THE EVANS LAW FIRM<br>INGRID M. EVANS |
| 14 | P.O. Box 2323<br>San Francisco, CA  94126-2323 |
| 15 | Telephone:  415/441-8669<br>888/891-4906 (fax) |
| 16 | |
| | Additional Counsel for Plaintiffs |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |